1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  JEFFREY A. TOPOR (SBN 195545)
   SIMMONDS & NARITA LLP
3  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
4  Telephone: (415) 283-1000
   Facsimile:  (415) 352-2625
5  msimmonds@snllp.com
   tnarita@snllp.com
6  jtopor@snllp.com

7  Attorneys for Defendant
   Unifund CCR Partners
8

9

10              UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

12                     FRESNO DIVISION

13  DELORES JOHNSON,                    ) CASE NO.:
                                        )
14              Plaintiff,              )
                                        )
15       vs.                            )
                                        ) **NOTICE OF REMOVAL BY**
16  JP MORGAN CHASE BANK DBA            ) **DEFENDANT UNIFUND CCR**
    CHASE MANHATTAN; LAKE               ) **PARTNERS**
17  VALLEY RETRIEVALS, INC.;            )
    LAKE VALLEY INVESTMENTS;            )
18  UNIFUND CCR PARTNERS; VIP           )
    ADJUSTMENT BUREAU, INC.;            )
19  BAG FUND LLC; JAY S.                )
    BERNSTEIN; AND DOES 1               )
20  THROUGH 100,                        )
                                        )
21              Defendants.             )
                                        )
22  _____ )

23

24

25

26

27

28

JOHNSON V. JP MORGAN CHASE BANK ET AL.
NOTICE OF REMOVAL BY DEFENDANT UNIFUND CCR PARTNERS

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Unifund CCR Partners hereby removes to this Court the state court action described below.

1. On December 26, 2007, a complaint was filed against Unifund CCR Partners ("Unifund") and others by plaintiff Delores Johnson ("Johnson") in an action pending in the Superior Court of the State of California in and for the County of Fresno, entitled *Delores Johnson v. JP Morgan Chase Bank dba Chase Manhattan; Lake Valley Retrieva;s, Inc.; Lake Valley Investments; Unifund CCR Partners; VIP Adjustment Bureau Inc.; Bag Fund LLC and Jay S. Bernstein*, Case No. 07CECG04298. A copy of the state court complaint ("Complaint") is attached hereto as **Exhibit A**.

2. This notice of removal is timely because Unifund first received a copy of the Complaint on January 8, 2008.


## JURISDICTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Unifund pursuant to the provisions of 28 U.S.C. § 1441(b) and (c) in that the Complaint assert claims against Unifund allegedly arising under federal law, specifically, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. *See* Complaint at ¶¶ 33-41, 63-72, Second and Sixth Causes of Action.

4. As the Complaint was filed in the Superior Court of the State of California, County of Fresno, venue in this District is proper. *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (Eastern District comprises, *inter alia*, the county of Fresno).

1         5.     Unifund is represented by the undersigned.  Upon information and

2    belief, no other defendants have been served and thus their consent to this removal

3    is not required.

4

5    DATED: January 15, 2008           SIMMONDS & NARITA LLP

6

7

8                               By: _____

                                 Michael R. Simmonds

9                                     Attorneys for Defendant

                                 Unifund CCR Partners

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

served
1-8-08

1  Stephen R. Cornwell, CA Bar #40737
   Judith M. Rodriguez, CA Bar #64784
2  CORNWELL & SAMPLE, LLP
   Attorneys at Law
3  7045 N. Fruit Avenue
   Fresno, CA 93711-0761
4  Telephone: (559) 431-3142
   Facsimile: (559) 436-1135
5

[SPACE BELOW FOR FILING STAMP ONLY]

**FILED**

DEC 2 6 2007

FRESNO COUNTY SUPERIOR COURT

K.C. DEPUTY

6  Attorneys for Plaintiff DELORES JOHNSON

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

9                            CENTRAL DIVISION          0 7 CE CG 0 4 2 9 8

10  DELORES JOHNSON,                      | CASE NO.

11              Plaintiff,                | **COMPLAINT FOR DAMAGES**

12         v.                             | 1. Violations of Cal. Civil Code §1788
                                          |    et seq.
13  JP MORGAN CHASE BANK DBA CHASE        | 2. Violations of 15 U.S.C. § 1692 et
    MANHATTAN; LAKE VALLEY                |    seq.
14  RETRIEVALS, INC., LAKE VALLEY         | 3. Defamation
    INVESTMENTS; UNIFUND CCR              | 4. Fraudulent Misrepresentation
15  PARTNERS; VIP ADJUSTMENT              | 5. Negligent Misrepresentation
    BUREAU, INC.; BAG FUND LLC; JAY S.    | 6. Violations of 18 U.S.C. § 1961 et
16  BERNSTEIN; AND DOES 1 THROUGH         |    seq.
    100;                                  | 7. Unfair Competition - Cal. B & P Code
17                                        |    §17200 et seq.
               Defendants.               | 8. Intentional Infliction of Emotional
18                                        |    Distress

19         COMES NOW the Plaintiff DELORES JOHNSON and alleges causes of action

20  against Defendants, and each of them, as follows:   This case has been assigned to
                                                        Judge Donald S. Black for all purposes
21                            **PARTIES**

22         1.    Plaintiff, an individual, at all times relevant herein, was a resident of

23  Fresno County, California.

24         2.    Plaintiff is informed and believes, and thereon alleges, that Defendant

25  JP MORGAN CHASE BANK dba CHASE MANHATTAN (hereafter "CHASE") is a New York

26  corporation with a principle place of business in Ohio, and doing business in California,

27  including in Fresno County.

28  ///

3.     Defendant LAKE VALLEY RETRIEVALS, INC. is a California corporation with a principle place of business in San Diego, California.

4.     Defendant LAKE VALLEY INVESTMENTS is a business entity of unknown form. Plaintiff is informed and believes, and thereon alleges, that LAKE VALLEY INVESTMENTS conducts business in California.

5.     Defendant UNIFUND CCR PARTNERS ("UNIFUND") is a business entity of unknown form which conducts business in California and has an office in San Diego, California.

6.     Defendant V.I.P. ADJUSTMENT BUREAU, INC. ("V.I.P") is a California corporation with a principle place of business in San Diego, California.

7.     Defendant BAG FUND LLC ("BAG FUND") is a California limited liability company with a principle place of business in Los Angeles, California.

8.     Defendant JAY S. BERNSTEIN ("BERNSTEIN") is an individual who, at all times relevant herein, was employed in San Diego, California.

9.     Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 100 and for that reason has sued such Defendants by fictitious names. Plaintiff will seek leave of court to amend this Complaint to identify said Defendants when their identities are ascertained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of said DOES named as Defendants in this action was in some fashion liable and legally responsible as alleged in this Complaint for the injuries and damages Plaintiff has sustained.

10.     In doing the things alleged in this Complaint, each of the Defendants was the employee, agent and/or alter ego of their Co-Defendants. As agents and employees they acted within the course and scope of such employment and agency. The conduct of each of the Defendants and their agents and employees was authorized, and/or directed and/or was subsequently ratified by each of their Co-Defendants.

/ / /

/ / /

## JURISDICTION AND VENUE

11.    This Court has jurisdiction pursuant to Code of Civil Procedure Section 410.10. Venue is proper in Fresno County Superior Court pursuant to Code Civil Procedure Section 395 (a) and (b) because Plaintiff resides in Fresno County and was injured in Fresno County.  Furthermore, Defendants or some of them were conducting business in Fresno County at the commencement of this action.

## STATEMENT OF FACTS

12.    In 2004, Plaintiff's personal finances were in disarray.  She was behind in her installment payment obligations and was the subject of collection activities instituted by some of her creditors.

13.    During that time, Plaintiff received a letter dated August 10, 2004, from Defendant LAKE VALLEY RETRIEVALS that recited that it was the assignee of Defendant LAKE VALLEY INVESTMENTS on a debt owed by Plaintiff.  In particular, the debt purportedly was a delinquent account with Defendant CHASE which had been purchased by LAKE VALLEY INVESTMENTS.  The purported account was in the principal amount of $2,075.76 with accrued interest of $139.50. LAKE VALLEY RETRIEVALS was contacting Plaintiff at that time in an effort to collect this debt.

14.    Plaintiff contacted LAKE VALLEY RETRIEVALS to dispute this debt. She advised this Defendant that she did not have an account with CHASE, so there could be no delinquent amount owed. Defendant insisted, however, that Plaintiff had incurred the debt and that there was a CHASE account in her name.

15.    Plaintiff had experienced instances where her credit accounts were assigned to others.  Although she had no record of opening an account with CHASE she thought, based on the insistent representations of LAKE VALLEY RETRIEVALS, that CHASE must have acquired one of her other accounts, giving rise to this purported debt.

16.    Although the August 10, 2004 letter from LAKE VALLEY RETRIEVALS gave plaintiff 30 days to dispute the debt, a collection action was filed against Plaintiff on August 27, 2004.  The named plaintiff in that matter was Defendant UNIFUND, who was

1  proceeding as assignee of LAKE VALLEY RETRIEVALS.

2      17.    While Plaintiff questioned the validity of this debt, she had no money
3  either to pay it or to retain an attorney to represent her in the collection action.  Defendants
4  knew Plaintiff was experiencing financial difficulties, and they formulated a collection strategy
5  that took advantage of Plaintiff's lack of sophistication and legal counsel.

6      18.    UNIFUND requested the entry of a default when Plaintiff failed to
7  respond to the complaint. In support of the judgment, Defendant BERNSTEIN, representing
8  himself to be Collection Manager for LAKE VALLEY RETRIEVALS, executed a declaration
9  on November 16, 2004, under penalty of perjury, which stated that the action was based on
10  credit card charges, that he had custody and control of customer records and account which
11  were kept and maintained in the ordinary course and scope of business, and that the original
12  credit application and other documents relating to the initial opening of the account had been
13  purged.   An exemplar form of the credit agreement was attached to the declaration.   A
14  subsequent judgment was rendered based on the declaration.

15      19.    Thereafter, an earnings withholding order allowed the Sheriff to collect
16  $100 per month from Plaintiff's wages to be applied to the judgment in the collection action.
17  Subsequent amounts of money were garnished from Plaintiff's wages.

18      20.    By letter dated December 27, 2006, Defendant CHASE advised Plaintiff
19  that, upon investigation, CHASE had determined that the credit account for which Plaintiff had
20  been sued was based on fraudulent transactions and that Plaintiff, in fact, was not responsible
21  for the debt.

22      21.    Plaintiff notified CHASE and it's assignees that CHASE had found the
23  underlying debt to be based on fraudulent transactions and that she did not ever have a CHASE
24  account, but the various assignees, including but not limited to UNIFUND, LAKE VALLEY
25  RETRIEVALS, V.I.P. and BAG FUND, refused to cease their collection efforts.   The
26  Defendants continued to garnish Plaintiff's wages. As a result, Plaintiff had to retain counsel
27  to file a motion to set aside the default.

28  / / /

CORNWELL & SAMPLE
7045 N. Fruit Avenue
Fresno, CA 93711

22.    On or about August 9, 2007, the Court set aside the default in the collection action and allowed Plaintiff to respond to the complaint. The court further ordered that the writ of execution be recalled and quashed. An answer and affirmative defenses alleging the fraudulent nature of the transactions giving rise to the alleged debt was timely filed on August 29, 2007.

## FIRST CAUSE OF ACTION

(Violations of California's Fair Debt Collection Practices Act,

Civil Code Section 1788 et seq., Against All Defendants)

23.    Plaintiff refers to and incorporates by such reference the allegations asserted in Paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.    Defendant CHASE is a "creditor" as that term is used in Civil Code Section 1788.2(i). Further, Defendants CHASE, LAKE VALLEY RETRIEVALS, LAKE VALLEY INVESTMENTS, UNIFUND, V.I.P, and BAG FUND are companies engaged in the business of collecting consumer debt and regularly collect consumer debts. Accordingly, these Defendants, and each of them, are "debt collectors" as defined in Civil Code Section 1788.2 (c).

25.    Plaintiff is informed and believes, and thereon alleges, that Defendant BERNSTEIN is and has been, throughout the relevant period of this Complaint, an employee and agent of Defendants LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P., BAG FUND, and each of them.

26.    Defendants have engaged in acts and practices in violation of California's Fair Debt Collection Practices Act, Civil Code Section 1788 et seq., in collection activities with respect to an alleged personal debt of Plaintiff, including, but not limited to the following:

    (a)    Defendants, and each of them, made false, deceptive, and misleading representations to Plaintiff and to others involving Plaintiff, including:

        (i)    misrepresenting that Plaintiff had opened an account with CHASE, had entered into a credit agreement with CHASE, and had incurred charges on the account;

(ii)   misrepresenting that Plaintiff owed a debt, the amount of the debt, and the delinquency of the debt; and

(iii)   falsely representing the character, amount and legal status of the purported debt.

(b)   Defendants LAKE VALLEY INVESTMENT and LAKE VALLEY RETRIEVALS made deceptive and misleading statements in their written communications with Plaintiff in representing that they had authority to commence and maintain collection activity on a purported debt owed by Plaintiff to CHASE and in failing to explain how LAKE VALLEY INVESTMENTS had legal capacity to attempt to collect the purported debt.

(c)   Defendants CHASE, LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, and V.I.P., made false, deceptive, and misleading representations in the assignment and sale of the Plaintiff's purported debt to CHASE that Plaintiff had opened a credit account and was delinquent on her repayment obligations.

(d)   Plaintiff is informed and believes, and thereon alleges, that Defendant LAKE VALLEY INVESTMENTS made false, deceptive, and misleading representations that it was authorized to collect debts and lawfully to conduct business in California.

(e)   Defendants LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P., BAG FUND, and BERNSTEIN engaged in unfair, unlawful, and unconscionable means to attempt to collect a debt purportedly owed by Plaintiff, including:

(i)   filing a state court collection action without the means of proving the debt;

(ii)   filing a state court collection action based on false and baseless allegations that any debt was owed;

(iii)   filing a false supporting affidavit misrepresenting that normal business records had existed for the debt, that these records reflected that Plaintiff had agreed to certain credit terms, and specifically that Plaintiff had agreed to pay attorney's fees incurred to enforce any provision of the credit agreement;

(iv)   making a demand for attorneys fee and other collection charges when Plaintiff was not liable on the purported account;

(v)   failing to communicate that the debt was disputed; and

(vi)   collecting amounts not authorized by any agreement or permitted by law.

27.   Defendant BERNSTEIN is an employee and agent of some or all of the other Co-Defendants so that they each are responsible for any acts of BERNSTEIN done in the course and scope of his employment and agency with them, including those acts which were unlawful in connection with the collection activities involving Plaintiff.

28.   The conduct of Defendants, and each of them, in attempting to collect the debt Plaintiff purportedly owed CHASE had the natural consequence of harassing, oppressing, and abusing Plaintiff in an effort to coerce her into paying a debt she did not owe and which she specifically and repeatedly advised Defendants, and each of them, that she did not owe.

29.   At the time Defendants, and each of them, made the false, deceptive, and misleading representations set out above they knew, or should have known, that the representations were untrue. The representations were made by Defendants nonetheless, and Defendants thereby acted recklessly, willfully, and intentionally.

30.   As a proximate result of Defendants' actions, Plaintiff was caused to suffer economic damages as well as other actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish and fright.

31.     As a result of Defendants' violations of California Fair Debt Collection Practices Act, Plaintiff is entitled to an award of actual damages, statutory damages up to an amount of $1,000, and reasonable attorney's fees and costs pursuant to Civil Code Section 1788.30.

32.     By engaging in the acts as alleged above, Defendants, and each of them, acted intentionally, maliciously, oppressively, fraudulently, despicably and in conscious disregard of Plaintiff's rights, hereby justifying an award of punitive damages pursuant to Civil Code Section 3294.  Furthermore, Defendants LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P., and BAG FUND directed, authorized, and ratified the wrongful acts of their employee and agent BERNSTEIN, thereby also justifying an award of punitive damages pursuant to Civil Code Section 3294(b).

## SECOND CAUSE OF ACTION

(Violations of the Federal Fair Debt Collection Practices Act,

15 U.S.C. Section 1692 et seq., Against LAKE VALLEY INVESTMENTS,

LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P., BAG FUND, and BERNSTEIN)

33.     Plaintiff refers to and incorporates by such reference the allegations asserted in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.     Defendants LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P, and BAG FUND are companies engaged in the business of collecting consumer debt and regularly collect consumer debts.  Accordingly, these Defendants, and each of them, are "debt collectors" as defined in 15 U.S.C. Section 1692a(6).

35.     Plaintiff is informed and believes, and thereon alleges, that Defendant BERNSTEIN is, and has been throughout the relevant period of this Complaint, an employee and agent of Defendants LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P., BAG FUND and each of them.

36.     Defendants have engaged in acts and practices in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq., in collection activities with respect to an alleged personal debt of Plaintiff, including, but not limited to the following:

(a)     Defendants, and each of them, made false, deceptive, and misleading representations to Plaintiff and to others involving Plaintiff, including:

    (i)     misrepresenting that Plaintiff had opened an account with CHASE, had entered into a credit agreement with CHASE, and had incurred charges on the account;

    (ii)    misrepresenting that Plaintiff owed a debt, the amount of the debt, and the delinquency of the debt; and

    (iii)   falsely representing the character, amount and legal status of the purported debt.

(b)     Defendants LAKE VALLEY INVESTMENT and LAKE VALLEY RETRIEVALS made deceptive and misleading statements in their written communications with Plaintiff in representing that they had authority to commence and maintain collection activity on a purported debt owed by Plaintiff to CHASE and in failing to explain how LAKE VALLEY INVESTMENTS had legal capacity to attempt to collect the purported debt.

(c)     Defendants LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, and V.I.P., made false, deceptive, and misleading representations in the assignment and sale of the Plaintiff's purported debt to CHASE that Plaintiff had opened a credit account and was delinquent on her repayment obligations.

(d)     Plaintiff is informed and believes, and thereon alleges, that Defendant LAKE VALLEY INVESTMENTS made false, deceptive, and misleading representations that it was authorized to collect debts and lawfully to conduct business in California.

(e)     Defendants LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P., BAG FUND, and BERNSTEIN engaged in unfair unlawful, and unconscionable means to attempt to

collect a debt purportedly owed by Plaintiff, including:

(i)    filing a state court collection action without the means of proving the debt;

(ii)    filing a state court collection action based on false and baseless allegations that any debt was owed;

(iii)    filing a false supporting affidavit misrepresenting that normal business records had existed for the debt, that these records reflected that Plaintiff had agreed to certain credit terms, and specifically that Plaintiff had agreed to pay attorney's fees incurred to enforce any provision of the credit agreement;

(iv)    making a demand for attorneys fees and other collection charges when Plaintiff was not liable on the purported account;

(v)    failing to communicate that the debt was disputed; and

(vi)    collecting amounts not authorized by any agreement or permitted by law.

37.    Defendant BERNSTEIN is an employee and agent of some or all of the named Co-Defendants so that they each are responsible for any acts of BERNSTEIN done in the course and scope of his employment and agency with them, including those acts which were unlawful in connection with the collection activities involving Plaintiff.

38.    The conduct of Defendants, and each of them, in attempting to collect the debt Plaintiff purportedly owed CHASE had the natural consequence of harassing, oppressing, and abusing Plaintiff in an effort to coerce her into paying a debt she did not owe and which she specifically and repeatedly advised Defendants, and each of them, that she did not owe.

39.    At the time Defendants, and each of them, made the false, deceptive, and misleading representations set out above they knew, or should have known, that the representations were untrue. The representations were made by Defendants nonetheless, and

1   Defendants thereby acted recklessly, willfully, and intentionally.

2       40.   As a proximate result of Defendants' actions, Plaintiff was caused to

3   suffer economic damages as well as other actual damages for worry, shame, humiliation, loss

4   of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish

5   and fright.

6       41.   As a result of Defendants' violations of the Federal Fair Debt Collection

7   Practices Act, Plaintiff is entitled to an award of actual damages, statutory damages up to an

8   amount of $1,000, and reasonable attorney's fees and costs pursuant to 15 U.S.C. Section

9   1692k.

10                          **THIRD CAUSE OF ACTION**

11                       (Defamation Against All Defendants)

12      42.   Plaintiff refers to and incorporates by such reference the allegations

13  asserted in Paragraphs 1 through 41, inclusive, as though fully set forth herein.

14      43.   Beginning in or about 2004, Defendants, and each of them, stated to

15  others, including communications among themselves and repeated to others, including to

16  credit reporting companies both verbally and in writing, that Plaintiff owed a debt to CHASE

17  and was delinquent in her repayment obligations.  These statements are false because Plaintiff

18  never had a credit account with CHASE, never had credit extended to her by CHASE, never

19  owed CHASE on a credit account or any other obligation, and never was delinquent in

20  repayment obligations for any account or other obligation with CHASE.

21      44.   The false statements uttered by Defendants as described above are

22  defamation and are libelous on their face.  They clearly expose Plaintiff to contempt, ridicule,

23  and obloquy, because they identify Plaintiff as a person who is dishonest, irresponsible,

24  disorganized, undisciplined, self-indulgent, not creditworthy, and a slacker.  The statements

25  were understood by those who heard or read them in a way that defamed Plaintiff, as the

26  Defendants themselves engaged in the business of buying and assigning the debt in an effort

27  to collect on it for their own economic benefit.  Plaintiff did not know the full extent of the

28  falsity of the statements until after December 27, 2006 when CHASE finally informed her that

1  an investigation revealed that the purported account was not hers and was based on fraudulent

2  transactions.

3       45.    As a proximate result of the above-described publication of these false,

4  deceptive, and misleading statements, Plaintiff has suffered the loss of her reputation, shame,

5  mortification, and hurt feelings, all to her general damage. She also has been subjected to

6  unwarranted collection activities and missed work to meet with attorneys and to make Court

7  appearances. She also was deprived of her funds by the improper garnishment of her wages for

8  a debt she did not owe.

9       46.    The above-described publication of these false, deceptive, and misleading

10 statements was made with malice and oppression in that Plaintiff advised CHASE and further

11 advised the other Defendants that she did not have a CHASE account and did not owe CHASE

12 or anyone else for the alleged charges, but Defendants continued to publish the statements

13 nonetheless when they knew or should have known the statements were fundamentally untrue.

14 Plaintiff therefore is entitled to an award of punitive damages pursuant to Civil Code Section

15 3294.

16      47.    Furthermore, Defendants LAKE VALLEY INVESTMENTS, LAKE

17 VALLEY RETRIEVALS, UNIFUND, V.I.P., and BAG FUND directed, authorized, and ratified

18 the wrongful acts of their employee and agent BERNSTEIN, thereby also justifying an award

19 of punitive damages pursuant to Civil Code Section 3294(b).

20                        **FOURTH CAUSE OF ACTION**

21       (Fraudulent Misrepresentation Against CHASE, LAKE VALLEY INVESTMENTS,

22          LAKE VALLEY RETRIEVALS, UNIFUND, V.I.P. and BERNSTEIN)

23      48.    Plaintiff refers to and incorporated by such reference the allegations

24 asserted in Paragraphs 1 through 47, inclusive, as though fully set forth herein.

25      49.    On or about August 10, 2004, Defendants LAKE VALLEY

26 INVESTMENTS and LAKE VALLEY RETRIEVALS advised Plaintiff by letter that she owed

27 a sum to CHASE that was due and past due.

28 ///

50.     From August 27, 2004 until at least December 4, 2006, Defendants UNIFUND, LAKE VALLEY RETRIEVALS, V.I.P., and BERNSTEIN made a series of representations in court filings that were served on Plaintiff that she owed a sum, originally to CHASE and subsequently to them as assignees, and that such sum was due and past due.

51.     At various times from 2004 until December 27, 2006, Defendant CHASE advised Plaintiff that she owed CHASE a sum that had become due and past due but remained unpaid.

52.     On or about December 5, 2006, and again on January 5, 2007, Defendant V.I.P. advised Plaintiff by letter that she owed a sum originally to CHASE that was due and past due and that it had a right to collect on this debt.

53.     These representations, and all of them, were in fact false. The true facts are that Plaintiff never owed CHASE or any of the other Defendants any sum at all, she did not have an account with CHASE, and no amounts were due or past due to CHASE or any of the other Defendants.

54.     Plaintiff is informed and believes, and thereon alleges that when Defendants made these representations, they knew them to be false, and they knew there was no record of any account or credit agreement. Nevertheless, they made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to make payments to them in order to make them whole from the fraudulent dealings of someone else who was not Plaintiff. In so acting, Defendants contrived to force Plaintiff to pay a sum she did not owe either voluntarily in response to their collection letters or involuntarily by execution on a fraudulently obtained collection judgment. Defendants made the representations knowing Plaintiff was unsophisticated and financially unable to obtain counsel to advise her, thereby assuring greater opportunity that their scheme against Plaintiff would succeed to their economic benefit.

55.     Plaintiff, at the time these representations were made by Defendants and each of them, was ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on the representations, Plaintiff was induced to and did forego her

1  opportunity to defend against the collection action Defendants had filed and submitted to
2  execution on the judgment they obtained. Had Plaintiff known the actual facts, she would not
3  have failed to take action to protect herself from the collection activities of Defendants.
4  Plaintiff's reliance on the representations of Defendants was justified because she was
5  unsophisticated about credit matters, she was intimidated by correspondence from attorneys
6  for Defendants, she was convinced by the assurances of Defendants they had proof of the debt,
7  they made false representations - some even under oath - to the Court about the existence of
8  the obligation and her responsibility for it, she had no documentation that she did not have an
9  account with CHASE, and there was a plausible explanation for the purported debt in the
10 practice of creditors to sell and resell accounts.

11      56.     As a proximate result of Defendants' actions, Plaintiff was caused to
12 suffer economic damages as well as other actual damages for worry, shame, humiliation, loss
13 of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish
14 and fright.

15      57.     By engaging in the acts as alleged above, Defendants, and each of them,
16 acted intentionally, maliciously, oppressively, fraudulently, despicably and in conscious
17 disregard of Plaintiff's rights, hereby justifying an award of punitive damages pursuant to Civil
18 Code Section 3294.

19      58.     Furthermore, Defendants LAKE VALLEY INVESTMENTS, LAKE
20 VALLEY RETRIEVALS, UNIFUND, V.I.P., and BAG FUND directed, authorized, and ratified
21 the wrongful acts of their employee and agent BERNSTEIN, thereby also justifying an award
22 of punitive damages pursuant to Civil Code Section 3294(b).

23                          **FIFTH CAUSE OF ACTION**
24           (NEGLIGENT MISREPRESENTATION AGAINST CHASE, LAKE VALLEY
25           INVESTMENTS, LAKE VALLEY RETRIEVALS, UNIFUND, and BERNSTEIN)
26      59.     Plaintiff refers to and incorporates by such reference the allegations
27 asserted in Paragraphs 1 through 58, inclusive, as though fully set forth herein.
28 ///

CORNWELL & SAMPLE
7045 N. Fruit Avenue
Fresno, CA 93711

60.    In the alternative, when Defendants made the representations described above, they had no reasonable grounds for believing them to be true in that there was no record that Plaintiff opened any account with CHASE or agreed to the terms of any credit agreement. Moreover, Plaintiff told them that she herself had no knowledge of the account with CHASE in her name.

61.    Defendants made the representations with the intention of inducing Plaintiff to rely on them so that she either voluntarily paid money over to them in satisfaction of the account or that she did not defend a lawsuit brought against her to collect on the account balance.

62.    As a proximate result of Defendants misrepresentations, Plaintiff has been subjected to a wage garnishment, to costs and fees related to the wage garnishment, to the loss of the value of her funds taken in collection of the judgment, and to negative reports about her to credit reporting agencies which have had a negative financial impact on her, all in an amount according to proof.  She also has missed work to meet with attorneys and to make Court appearances.

### SIXTH CAUSE OF ACTION

(Civil RICO - Violation of 18 U.S.C. §1961 et seq. Against all Defendants)

63.    Plaintiff refers to and incorporates by such reference the allegations asserted in Paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.    Beginning in or about August 2004, Defendants CHASE, LAKE VALLEY INVESTMENTS, LAKE VALLEY RETRIEVALS, and UNIFUND knowingly and willfully conspired and agreed among themselves to engage in unwarranted collection activities against Plaintiff, although there was no documentation that Plaintiff owed the debt that was the subject of the collection activities or that Plaintiff had ever entered into any credit agreement with any of the Defendants.  Defendant V.I.P. joined the conspiracy in or about December 2006, and Defendant BAG FUND joined the conspiracy in or about January 2007.

65.    To carry out the plan, Defendants communicated with Plaintiff both by means of the mail and in telephone calls that she owed a debt on a CHASE credit account.

1   They also used the mails to submit paperwork to the Court in Fresno, California, with service

2   copies also mailed to Plaintiff, contending they were entitled to judgment against Plaintiff in

3   the amount of the purported debt. Plaintiff is informed and believes, and thereon alleges, that

4   Defendants - to further the ends of the conspiracy - used the mails and telephone wires to

5   effect a series of assignments of the purported debt among themselves to obscure that the debt

6   was the result of fraudulent transactions not involving Plaintiff and to justify the execution of

7   a Declaration of Lost Original Documents to support a request for a default judgment against

8   Plaintiff.

9        66.   Defendant BERNSTEIN furthered the conspiracy by executing documents

10  relating to the assignments, by executing the Declaration of Lost Original Documents, by

11  acting as an officer and agent of the Defendants, by executing other documents filed with the

12  Court, and by speaking with Plaintiff by telephone in an effort to collect the purported debt

13  from her.

14       67.   Plaintiff is informed and believes, and thereon alleges, that Defendant

15  BERNSTEIN, with the assistance of others who presently are unknown, guided the operation

16  of the conspiracy.   At various times to advance the litigation and to effect the various

17  assignments of the purported debt, he represented himself to be the Collection Manager for

18  LAKE VALLEY RETRIEVALS, the Qualified Manager of UNIFUND, the Qualified Manager

19  of LAKE VALLEY RETRIEVALS, the Vice President of LAKE VALLEY RETRIEVALS, and

20  on the collection staff at V.I.P. He also is agent for service of process for LAKE VALLEY

21  RETRIEVALS.

22       68.   Defendants used the mails and telephone in their efforts to obtain from

23  Plaintiff money by false pretenses and representations and in violation of 18 U.S.C. Sections

24  1341 and 1343.

25       69.   Plaintiff is informed and believes and thereon alleges that the conspiracy

26  is ongoing, because the collection action Defendants initiated is still pending.

27       70.   Defendants' acts constituted prohibited activities as described in 18

28  U.S.C. Section 1962(c) and (d).

CORNWELL & SAMPLE
7045 N. Fruit Avenue
Fresno, CA 93711

71.     As a proximate result of the wrongful acts herein alleged, Plaintiff has been damaged by the wage garnishment to which she was subjected to collect on the judgment in the collection action, by the collection of costs and fees related to the collection action and the wage garnishment, and by the loss of the value of her funds which were taken in the collection of the judgment. She also has suffered economic injury as a result of negative reports about her made by defendants to credit reporting agencies and in missing work to meet with her attorneys and make Court appearances. Plaintiff's injuries are in an amount according to proof at trial.

72.     Further, Plaintiff is entitled to treble damages pursuant to 18 U.S.C. Section 1964(o) and to attorney's fees pursuant to 18 U.S.C. Section 1964(c).

### SEVENTH CAUSE OF ACTION

(Unfair Competition Pursuant to Business & Professions Code

Section 17200 et seq. Against All Defendants)

73.     Plaintiff refers to and incorporates by such reference the allegations asserted in Paragraphs 1 through 72, inclusive, as though fully set forth herein.

74.     Defendants, and each of them, have engaged in conduct, as described above, constituting acts of unfair competition as defined in Business & Professions Code Section 17200, including collection activities against Plaintiff for a debt she did not owe and which Defendants knew or should have known Plaintiff did not owe. Further, Defendants have abused the process of law by using the judicial process to attempt to collect money from Plaintiff which was not owed and for which Defendants had no legitimate claim.

75.     Defendants have committed as unfair practice by attempting to obtain money from Plaintiff which she did not owe.

76.     Defendants have committed an illegal practice by using collection activities that are prohibited by the Fair Debt Collection Practices Acts at California Civil Code Section 1788 et seq. and 15 U.S.C. Section 1692 et seq. Further, Defendants have committed an illegal practice by engaging in a civil conspiracy in violation of the Racketeer Influenced and Corrupt Organization statute, 18 U.S.C. Section 1961 et seq.

1    77.    Defendants    have    committed    a    fraudulent    act    by    making

2  misrepresentations on which Plaintiff relied to her damage.

3    78.    As a direct, proximate and foreseeable result of Defendants' wrongful

4  conduct, Plaintiff has suffered economic injury.  Plaintiff is entitled to disgorgement of all

5  revenues, earnings, profits, compensation, and benefits obtained by Defendants as a result of

6  their unfair, unlawful, and fraudulent business acts and practices.

7  ## EIGHTH CAUSE OF ACTION

8  (Intentional Infliction of Emotional Distress Against All Defendants)

9    79.    Plaintiff refers to and incorporated by such reference the allegations

10  contained in Paragraphs 1 through 78, inclusive, as though fully set forth herein.

11    80.    Defendants' ongoing efforts to collect from Plaintiff on a debt they knew

12  or should have known was not due was willfully and intentionally undertaken and was designed

13  to coerce, confuse, and create great mental stress on Plaintiff so that she would give them

14  money to which they were not entitled.  Defendants, and each of them, knew Plaintiff was

15  unsophisticated, had limited financial resources, and could not afford to retain counsel to

16  advise and represent her.

17    81.    As a proximate consequence of the Defendants' intentional infliction of

18  emotional distress on Plaintiff, Plaintiff has suffered great worry, humiliation, embarrassment,

19  loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain,

20  anguish, and fright.

21    82.    By reason of the acts alleged above, Plaintiff was required to miss time

22  from work to attend to her finances, to appear in Court, to deal with the Sheriff's Department

23  in connection with the wage garnishment, and to confer with her attorneys.  During those times,

24  Plaintiff was unable to attend to her usual occupation where she works at the Fresno County

25  Office of Education, to her economic detriment.

26    83.    The acts of Defendants as alleged above were willful, wanton, malicious,

27  and oppressive, and justify an award of punitive damages pursuant to Civil Code Section 3294.

28  / / /

CORNWELL & SAMPLE
7045 N. Fruit Avenue
Fresno, CA 93711

1    84.    Furthermore, Defendants LAKE VALLEY INVESTMENTS, LAKE

2  VALLEY RETRIEVALS, UNIFUND, V.I.P., and BAG FUND directed, authorized, and ratified

3  the wrongful acts of their employee and agent BERNSTEIN, thereby also justifying an award

4  of punitive damages pursuant to Civil Code Section 3294(b).

5                              **PRAYER**

6       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

7  them, as follows:

8       As to the First Cause of Action

9            1.    For general damages according to proof;

10           2.    For statutory  damages;

11           3.    For punitive damages; and

12           4.    For attorney's fees.

13      As to the Second Cause of Action

14           1.    For general damages according to proof;

15           2.    For statutory damages; and

16           3.    For attorney's fees.

17      As to the Third Cause of Action

18           1.    For general damages according to proof; and

19           2.    For punitive damages.

20      As to the Fourth Cause of Action

21           1.    For general damages according to proof; and

22           2.    For punitive damages.

23      As to the Fifth Cause of Action

24           1.    For general damages according to proof.

25      As to the Sixth Cause of Action

26           1.    For general damages according to proof;

27           2.    For treble damages; and

28           3.    For attorney's fees.

1

As to the Seventh Cause of Action

2       1.      For disgorgement of all revenues, earnings, profits, compensation, and

3               benefits obtained by Defendants as a result of their unfair, unlawful, and

4               fraudulent business acts and practices.

5

As to the Eighth Cause of Action

6       1.      For economic damages according to proof;

7       2.      For mental suffering according to proof;

8       3.      For punitive damages; and

9       4.      For attorney's fees.

10

As to the All Causes of Action

11      1.      For costs of suit incurred herein; and

12      2.      For such other and further relief as the Court deems just and proper.

13

14   DATED: December 26, 2007.                     CORNWELL & SAMPLE, LLP

15

16

17                                         By:_____
                                               Stephen R. Cornwell
18                                             Attorneys for Plaintiff
                                               DELORES JOHNSON

19

20

21

22

23

24

25   F:\WP\Cases\Johnson v. Chase\Pleadings\COMPLAINT FOR DAMAGES.wpd

26

27

28