IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON,<br><br>              Plaintiff,<br>    vs.<br><br>JP MORGAN CHASE BANK DBA<br>CHASE MANHATTAN, et al,<br><br>              Defendants.<br>_____/ | CASE NO. CV-F-008-0081 LJO SMS<br><br>**ORDER ON UNIFUND'S MOTION TO DISMISS**  (Doc. 14) |

**INTRODUCTION**

Defendant Unifund CCR Partners ("Unifund") moves to dismiss Plaintiff Delores Johnson's ("Ms. Johnson's") first, third through fifth, seventh and eighth causes of action pursuant to Fed. R. Civ. P.12 (b)(6)[1] by notice on January 22, 2008. Ms. Johnson opposed the motion on February 8, 2008. Unifund filed a reply on February 19, 2008. This matter was submitted on the pleadings without oral argument pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court grants in part and denies in part Unifund's motion.

**FACTUAL BACKGROUND**

In 2004, Ms. Johnson was the subject of collection activities instituted by some of her creditors. Ms. Johnson alleges that she received a letter from Lake Valley Retrievals on August 10, 2004,

---

[1] In this opinion, Fed. R. Civ. P. 12(b)(6) will be referred to as "Rule 12(b)(6)."

1

demanding payment for an outstanding credit card debt purportedly sold to Lake Valley Retrievals by Defendant Chase Bank USA, N.A. ("Chase").[2] Specifically, Lake Valley Retrievals sought to collect a principal sum of $2,075.76, with $139.50 in accrued interest. Ms. Johnson alleges that she contacted Lake Valley Retrievals to dispute the debt, because she alleges that she never had a Chase account.

On August 27, 2004, Unifund, as an assignee for Lake Valley Retrievals, initiated a state court debt collection action ("collection action") against Ms. Johnson to collect the unpaid debt. Although she had no record of the Chase account, Ms. Johnson alleges that she did not respond to the collection action, because she thought that Chase must have acquired one of her other accounts to give rise to the purported debt. Ms. Johnson alleges that she based her wrongful belief on the "insistent representations by Lake Valley Retrievals." Despite her initial dispute of the claim, Ms. Johnson alleges that Unifund continued the litigation against her and made false reports to credit reporting agencies based on false information. Ms. Johnson further alleges that on December 20, 2004, Unifund obtained judgment against her based on false affidavits. After obtaining default judgment against Ms. Johnson, Unifund transferred its rights and interests in the case back to Lake Valley Retrievals.[3] Ms. Johnson's wages were garnished $100 each month, pursuant to the earnings withholding order in the collection action.

Two years later, Ms. Johnson alleges that she received notice from Chase that, upon investigation, Chase had determined that the credit account for which she had been sued was based on fraudulent transactions. Ms. Johnson alleges further that in the letter, dated December 27, 2006, Chase advised Ms. Johnson that she was not responsible for the debt. Ms. Johnson alleges that she notified "Chase and its assignees...including...Unifund" that the underlying debt was based on fraudulent transactions, but they refused to cease collection efforts and continued to garnish Ms. Johnson's wages.

On August 9, 2007, the state court set aside the default judgment in the collection action and allowed Ms. Johnson to respond to the complaint. The court recalled and quashed the earnings withholding order. Ms. Johnson answered the complaint and asserted defenses alleging the "fraudulent

---

[2] Defendant Chase is erroneously sued as JPMorgan Chase Bank DBA Chase Manhattan.

[3] Pursuant to Federal Rule of Evidence 201, this Court takes judicial notice of the January 27, 2005 order of the Superior Court of California, County of Fresno (Case No. 04CECL06423) "Substitution of New Party Plaintiff and Order," substituting Lake Valley Retrievals as plaintiff in the collection action.

2

nature of the transactions" giving rise to the alleged debt on August 29, 2007. The collection action is ongoing.

**Procedural Background**

On December 26, 2007, Ms. Johnson filed this action in the Superior Court, County of Fresno (Case No. 07CECG04298), alleging the following eight causes of action against Defendants:

1. Violations of Cal. Civil Code section 1788 et seq, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act");
2. Violations of 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA");
3. Defamation;
4. Fraudulent Misrepresentation;
5. Negligent Misrepresentation;
6. Violations of 18 U.S.C. §1961 et seq ("RICO");
7. Unfair Competition–California Business and Professions Code section 17200 et seq.; and
8. Intentional Infliction of Emotional Distress.

Unifund removed the action to this Court on January 15, 2008. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**ANALYSIS & DISCUSSION**

**A.  Rule 12(b)(6) Motion To Dismiss Standards**

A motion to dismiss pursuant to Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Rule12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Although courts assume the facts alleged as true,

1  courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual
2  allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "While a complaint
3  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
4  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
5  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*
6  *v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

7  **B.    Litigation Privilege**

8  Unifund argues that Ms. Johnson's state law causes of action fail, because they are based on
9  alleged communications made by Unifund in connection with the ongoing collection action. California
10 Civil Code section 47(b)(2) provides in relevant part: "A privileged publication or broadcast is one
11 made...in any judicial proceeding." The litigation privilege "applies to any publication required or
12 permitted by law in the course of a judicial proceeding to achieve the objects of litigation, even though
13 publication is made outside the courtroom and no function of the court or its officers is involved."
14 *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). "The usual formulation is that the privilege applies
15 to any communication: (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other
16 participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some
17 connection or logical relation to the action. *Id.* The litigation privilege has been described as "absolute,
18 regardless of malice and extending even to perjury." *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 956
19 (2007).

20      **1.    Rosenthal Act**

21 Unifund argues that Ms. Johnson's Rosenthal Act claim is barred by the litigation privilege,
22 because Ms. Johnson's allegations of false, misleading, and deceptive misrepresentations were made in
23 connection with the collection action. Ms. Johnson argues that California's litigation privilege does not
24 apply to her Rosenthal Act claims, because application of the litigation privilege would "render the
25 protections [the Act] affords meaningless." Opposition, 4 (quoting *Oei v. N. Star Capital Acquisitions,*
26 *LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006)). Ms. Johnson asserts further that her complaint alleges
27 non-litigation conduct, activities not subject to the litigation privilege, which are not barred by the
28 litigation privilege.

The Court notes that while there is no California authority directly on point, the federal district courts are split on the question of whether the litigation privilege and the Rosenthal Act are irreconcilable. *Compare Butler v. Resurgence Fin., LLC*, 521 F.Supp.2d 1093 (C.D. Cal. 2007) (finding that the Rosenthal Act overrides the litigation privilege), *Oei v. N. Star Capital Acquisitions*, 486 F.Supp.2d 1089 (C.D. Cal.2006) (same where plaintiff claims defendant called incessantly and verbally harassed plaintiff), and *Mello v. Great Seneca Fin. Corp.*, 526 F. Supp. 2d 1020 (N.D. Cal. 2007) (adopting *Oei* ruling) *with Nickoloff v. Wolpoff & Abramson, L.L.P.*, 511 F. Supp. 2d 1043 (C.D. Cal. 2007) (finding that the Rosenthal Act does not trump the litigation privilege where plaintiff contests sufficiency of documentary evidence in debt collection action) and *Taylor v. Quall*, 458 F.Supp.2d 1065 (C.D. Cal.2006) (same). *See also*, *Reyes v. Kenosian & Miele*, LLP, 525 F. Supp. 2d 1158 (N.D. Cal. 2007) (holding that the litigation privilege and the Rosenthal Act are not irreconcilable where the plaintiff made no allegations of wrongful conduct outside of the filing of a state court complaint). Ms. Johnson urges this Court to follow the *Oei*, *Butler*, and *Mello* rulings, whereas Unifund urges this Court to follow the *Nickoloff*, *Taylor* and *Reyes* rulings.

Where the Rosenthal Act and the litigation privilege conflict, then the Rosenthal Act, as the more specific statute, prevails over the more general litigation privilege. "As both [California] Code of Civil Procedure section 1859 and [the California] state Supreme Court make clear, a specific statutory provision should prevail over the general provision only where the court must choose one over the other because the two cannot be reconciled." *Medical Bd. of California v. Superior Court*, 88 Cal. App. 4th 1001, 1014 (Cal. App. 3d. Dist. 2001) (quoted in *Oei*,486 F.Supp.2d 1089, 1100-01). *See, e.g., Schoendorf v. U.D. Registry*, 97 Cal. App. 4th 227, 243 (Cal. App. 2d Dist. 2002) ("[T]o the extent that the [California Consumer Credit Reporting Agencies Act] and [the federal Fair Credit Reporting Act] cannot be reconciled with the [litigation] privilege, the CCRAA and FCRA, being more specific, prevail over the litigation privilege, which is more general."); *see also, Dove Audio, Inc. v. Rosenfeld Meyer & Susman*, 47 Cal. App. 4th 777, 784 (Cal. App. 2d. Dist. 1996) ("Just as communications preparatory to or in anticipation of the bringing of an action or other official proceedings are within the protection of the litigation privilege,...such statements are equally entitled to the benefits of [the anti-SLAPP statute]."). For example, in *Oei,* 486 F. Supp. 2d 1089, plaintiffs alleged that defendants threatened them

and harassed them with continuous and repeated telephone calls in an attempt to collect a debt during an arbitration proceeding. *Id*. at 1100. The Rosenthal Act explicitly prohibits this type of conduct. Cal. Civil Code §§ 1788.10(e), 1788.11(d), (e). The *Oei* court reasoned that if the litigation "privilege [were] to apply broadly to the Rosenthal Act claims,...it would effectively immunize conduct that the Act prohibits...[and] would vitiate the Rosenthal Act and render the protections it affords meaningless." *Id*. at 1100-01. The court concluded that the litigation privilege and the Rosenthal Act could not be reconciled in the context of that case and, therefore, plaintiffs' Rosenthal Act claim survived, notwithstanding the litigation privilege.

On the other hand, the statutes are not irreconcilable if the plaintiff fails to state a Rosenthal Act claim, or alleges activity outside of the litigation context. For example, in *Reyes*, 525 F. Supp. 2d 1158, 1164, the court ruled that in the context of that case, the litigation privilege barred plaintiff's Rosenthal Act claim, because:

> [t]he only allegedly wrongful debt collection practices in the present case occurred in the context of the filing of a state court complaint to recover a debt. **The [Rosenthal Act] does not explicitly regulate the content of complaints or other pleadings that are transmitted in the connection with an actual legal proceeding and only prohibits the use of the courts as a means to collect a debt in a few specific ways, none of which are at issue here**...The application of the litigation privilege to the communication at issue in this case would not, therefore, vitiate the [Rosenthal Act] and render it meaningless (emphasis added).

Thus, the Court found that the Rosenthal Act and the litigation privilege were not irreconcilable, because the plaintiff's allegations did not implicate the Rosenthal Act–that is, the plaintiff had failed to state a Rosenthal Act claim–and only alleged activity that fell within the litigation privilege. In that context, the litigation privilege bars a Rosenthal Act claim.

Here, Unifund argues that Ms. Johnson's allegations are solely within the litigation context and should be barred by the litigation privilege. Ms. Johnson argues that she alleges conduct outside of the litigation context and is excluded from the privilege. The Rosenthal Act proscribes the "improper use of judicial proceedings" and specific prohibited misrepresentations, including making false or misleading representations in the course of attempting to collect a debt. Cal. Civ. Code sections 1788.13, 1788.15, 1788.17. In her complaint, Ms. Johnson alleges conduct both within and outside of the litigation context. *See, e.g.* Complaint, ¶ 26(a)-(e).

6

To the extent that Ms. Johnson's allegations do not implicate activity proscribed by the Rosenthal Act, and include activity solely within the litigation context, they are barred by the litigation privilege. *See* Complaint, ¶ 26(e)(i)-(v). To the extent that Ms. Johnson's allegations describe activity proscribed by the Rosenthal Act, and are therefore irreconcilable with the litigation privilege, the Rosenthal Act prevails and Ms. Johnson's claim does not fail.

### 2. Defamation

Ms. Johnson asserts a defamation claim against Unifund in her third cause of action. Unifund argues that the defamation claim fails to the extent that this claim is based on statements made in connection with the collection action. In her complaint, Ms. Johnson alleges that "[b]eginning in or about 2004, Defendants...stated to others, including communications among themselves and repeated to others, including to credit reporting agencies both verbally and in writing, that [Ms. Johnson] owed a debt to Chase and was delinquent in her repayment obligations." Complaint, ¶43.

To the extent that this claim is based on statements made in connection with the collection action (including statements in the collection complaint or the papers filed in support of that action), Ms. Johnson's defamation claim is barred by the litigation privilege. To the extent the statements were made in a non-litigation context, i.e., the "business of buying and assigning the debt," the litigation privilege is inapplicable and Ms. Johnson's claim is not dismissed.

### 3. Fraudulent Misrepresentation and Negligent Misrepresentation

Unifund contends that the fourth and fifth causes of action–for fraudulent misrepresentation and negligent misrepresentation–are also barred by the litigation privilege. As with the other claims, Unifund contends that Ms. Johnson's allegations against Unifund relate only to representations in court filings. Regarding her fraudulent misrepresentation claims, Ms. Johnson alleges that Unifund "made a series of representations in court filings...that [Ms. Johnson] owed a sum...and that such sum was due and past due. These representations...were in fact false." Complaint, ¶¶ 50, 53, 54. For her negligent misrepresentation claim, Ms. Johnson incorporates the fraudulent misrepresentation language.

Ms. Johnson argues that the litigation privilege does not apply to conduct outside of the litigation context, primarily relating to the assignments of her debt and the initial collection efforts. Ms. Johnson's argument relates to defendants other than Unifund and are irrelevant to the current motion.

7

To the extent Ms. Johnson bases her fraudulent and negligent misrepresentation claims on the "representations in court filings," the claims are barred by the litigation privilege. *See, Pettitt v. Levy*, 28 Cal. App.3d 484 (1972) (litigation privilege bars fraud and negligence claims). Ms. Johnson's fraudulent and negligent misrepresentations claims are further dismissed against Unifund to the extent that they do not allege conduct by Unifund.

### 4. California Unfair Competition Law

Ms. Johnson's seventh cause of action seeks equitable relief under California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200 et seq. This statutory scheme prohibits "unlawful, unfair or fraudulent business act or practice." Cal. Bus. Prof. Code section 17200. A cause of action under this section must be based on some predicate act involving a violation of some other statute. *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999).

Unifund argues that Ms. Johnson's seventh cause of action fails, since all of the purported "unlawful" activity is barred by the litigation privilege and there is no predicate act. As discussed above, however, not all of Ms. Johnson's claims and allegations against Unifund are barred by the litigation privilege. Furthermore, Unifund did not challenge Ms. Johnson's federal claims against Unifund. Thus, Ms. Johnson states a claim for "unfair" and "unlawful" activity by asserting, at a minimum, the unchallenged federal causes of action. Moreover, the federal claims preempt the litigation privilege. *See, e.g. Martinez v. California*, 444 U.S. 277, 284 (1980) (holding that a 42 U.S.C. §1983 claim preempts the state litigation privilege). Therefore, Unifund's motion to dismiss Ms. Johnson's seventh cause of action is denied in full.

### 5. Intentional Infliction of Emotional Distress

In her eighth cause of action, Ms. Johnson incorporates the prior allegations of her complaint to assert an intentional infliction of emotional distress claim against Unifund. For the reasons discussed above, and to the extent that Ms. Johnson's allegations rely on statements by Unifund in the collection action complaint and in other court papers, the litigation privilege bars her eighth cause of action. *See Foothill Fed. Credit Union v. Sup. Court of Los Angeles County*, 155 Cal. App. 4th 632 (Cal. App. 2d Dist. 2007) (litigation privilege applies to and bars intentional infliction of emotional distress claim).

**C.     Fair Credit Reporting Act Preemption**

In the previous section, this Court considered Ms. Johnson's state law causes of action to the extent that they relied on allegations of communications connected to the collection action. The Court now considers these causes of action to the extent that they rely on allegations that Unifund reported inaccurate information to a credit reporting agency. Ms. Johnson alleges that Unifund furnished false or inaccurate information to consumer reporting agencies concerning her obligation to pay the Chase credit card debt. The false credit reporting allegations are incorporated in the third through eighth causes of action. Unifund argues that Ms. Johnson's state law claims against Unifund based on these allegations fail because they are preempted by the Fair Credit Reporting Act ("FCRA").

The FCRA prohibits "a person" from furnishing information "relating to a consumer" to a credit reporting agency "if the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C.§ 1681s-2(a). The FCRA imposes a duty on a "furnisher of information" to investigate, correct, and update information after receiving notice of a dispute or inaccuracy. 15 U.S.C.§ 1681s-2(b). In general, the provisions of the FCRA do not alter state law, with one applicable exception: "No requirement or prohibition may be imposed under the laws of any state with respect to any matter regulated under [15 U.S.C. §1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies except that this paragraph shall not apply...with respect to section 1785.25(a) of the California Civil Code."[4] 15 U.S.C.§ 1681t(b)(1)(F).

Unifund argues that the preemptive exemption of 15 U.S.C.§ 1681t(b)(1)(F) applies to California statutes and common law torts, including Ms. Johnson's causes of action for: (1) defamation, (2) fraudulent misrepresentation, (3) negligent misrepresentation; (4) Unfair Competition Law; and (5) intentional infliction of emotional distress.

**1.     Defamation**

Although recognizing the preemption statute above, Ms. Johnson directs this Court's attention to another provision of the FCRA, 15 U.S.C. §1681h(e), which provides in pertinent part:

---

[4] California Civil Code section 1785.25(a) provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Ms. Johnson does not assert a cause of action based on this statute.

9

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against...any person who furnishes information to a consumer reporting agency, *based on information disclosed pursuant to section1681g, 1681h or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action*, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer* (emphasis added)

Ms. Johnson contends that according to this statute, her defamation claim against Unifund survives for two reasons. First, Ms. Johnson argues that by its express provision, the preemption is not applicable "as to false information finished with malice or willful intent." *Reed v. Experian Information Solutions, Inc.*, 321 F. Supp. 1109-17 (D. Minn. 2004). In her complaint, Ms. Johnson alleged that Unifund furnished information to a credit reporting agency "with malice and oppression." Second, Ms. Johnson argues further that 15 U.S.C. §1681h(e) and 15 U.S.C.§ 1681t(b)(1)(F) conflict and should be reconciled in her favor.

In construing a statute, the Court's "starting point must be the language of the statutes." *Albernaz v. United States*, 450 U.S. 333, 336 (1981). By its plain language, the 15 U.S.C. §1681h(e) exemption is triggered only if the information is disclosed "pursuant to section1681g, 1681h or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." *Accord, Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007); *Leet v. Cellco Parternship*, 480 F. Supp. 2d 422, 430 (D. Mass. 2007). Sections 1681g and 1681h are not implicated here, as they "apply only to consumer reporting agencies." 15 U.S.C. §§1681g, 1681h. Ms. Johnson alleges that Unifund is a "furnisher of credit," not a credit reporting agency. Section 1681m is inapplicable, as that section applies to "users" of consumer reports who take adverse action on the basis of information contained in the consumer report. 15 U.S.C. §1681m. Ms. Johnson asserts no allegations that Chase used a credit report for any purpose. Rather, Ms. Johnson alleges that Chase provided information to the credit reporting agency. Similarly, there are no allegations that Unifund took adverse action against Ms. Johnson based on information contained in her consumer report or disclosed by a user of a consumer report. Therefore, the 15 U.S.C. §1681h(e) exemption is inapplicable under the circumstances. Thus, whether Ms. Johnson alleged defamation with malice is irrelevant.

Because 15 U.S.C. §1681h(e) is inapplicable under the facts, 15 U.S.C.§ 1681t(b)(1)(F) preempts Ms. Johnson's defamation claim based on allegations that Unifund reported information to a credit reporting agency.

### 2. Other State Law Causes of Action

Unifund argues that 15 U.S.C.§ 1681t(b)(1)(F) precludes all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit. Except for regarding her defamation claim, Ms. Johnson did not oppose this argument meaningfully. Therefore, Ms. Johnson's state claims based on alleged injury arising purely from the reporting of credit information by a furnisher of credit are preempted. *See Roybal v. Equifax, et al.*, 405 F.Supp.2d 1177, 1181 (E.D. Cal. 2005) (ruling that the FCRA provision preempted all state law claims, including UCL, negligent misrepresentation, California Fair Debt Collection Practices, and negligence).

## D.  Leave to Amend

Ms. Johnson requests leave to amend her complaint. Pursuant to Fed. R. Civ. P. 15, this Court "should freely give leave when just so requires." Ms. Johnson suggests that any defects in her complaint are correctable. Unifund did not oppose Ms. Johnson's request. Therefore, Ms. Johnson is granted leave to amend her complaint.

## CONCLUSION

For the foregoing reasons, this Court:

1.  GRANTS in part Unifund's motion to dismiss Ms. Johnson's first (Rosenthal Act), third (defamation), and eighth (intentional infliction of emotional distress) causes of action based on the litigation privilege, to the extent that they rely on allegations herein described as barred by the litigation privilege;

2.  DENIES in part Unifund's motion to dismiss Ms. Johnson's first (Rosenthal Act), third (defamation), and eighth (intentional infliction of emotional distress) causes based on the litigation privilege, to the extent that they rely on allegations beyond the scope of, or are irreconcilable with, the litigation privilege;

3.  GRANTS Unifund's motion to dismiss Ms. Johnson's fourth (fraudulent misrepresentation) and fifth (negligent misrepresentation) causes of action as to

defendant Unifund;

3. DENIES Unifund's motion to dismiss Ms. Johnson's seventh (UCL) cause of action;

4. GRANTS Unifund's motion to dismiss Ms. Johnson's first (Rosenthal Act), third (defamation), fourth (fraudulent misrepresentation), fifth (negligent misrepresentation) and eighth (intentional infliction of emotional distress) causes of action based on preemption, to the extent that they are based on Unifund's alleged furnishing of information to a credit reporting agency;

5. GRANTS Ms. Johnson's request for leave to amend her complaint; and

6. ORDERS Ms. Johnson to file an amended complaint on or before March 26, 2008.

IT IS SO ORDERED.

**Dated:   March 12, 2008**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE