IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON,<br><br>          Plaintiff,<br>     vs.<br><br>JP MORGAN CHASE BANK DBA<br>CHASE MANHATTAN, et al,<br><br>          Defendants.<br>_____/ | CASE NO. CV-F-008-0081 LJO SMS<br><br>**ORDER ON CHASE'S MOTION TO DISMISS** (Doc. 17) |

## INTRODUCTION

Defendant Chase Bank USA, N.A. ("Chase")[1] moves to dismiss Plaintiff Delores Johnson's ("Ms. Johnson's") first and third through eighth causes of action pursuant to Fed. R. Civ. P.12 (b)(6)[2] by notice on January 24, 2008. Ms. Johnson opposed the motion on February 8, 2008. Unifund filed a reply on February 19, 2008. This matter was submitted on the pleadings without oral argument pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court grants in part and denies in part Chase's motion.

## FACTUAL BACKGROUND

In 2004, Ms. Johnson was the subject of collection activities instituted by some of her creditors.

---

[1] Defendant Chase is erroneously sued as JPMorgan Chase Bank DBA Chase Manhattan.

[2] In this opinion, Fed. R. Civ. P. 12(b)(6) will be referred to as "Rule 12(b)(6)."

1

Ms. Johnson alleges that she received a letter from Lake Valley Retrievals on August 10, 2004, demanding payment for an outstanding credit card debt purportedly sold to Lake Valley Retrievals by Chase. Specifically, Lake Valley Retrievals sought to collect a principal sum of $2,075.76, with $139.50 in accrued interest. Ms. Johnson alleges that she contacted Lake Valley Retrievals to dispute the debt, because she alleges that she never had a Chase account.

On August 27, 2004, defendant Unifund CCR Partners ("Unifund"), as an assignee for Lake Valley Retrievals, initiated a state court debt collection action ("collection action") against Ms. Johnson to collect the unpaid debt. Although she had no record of the Chase account, Ms. Johnson alleges that she did not respond to the collection action, because she thought that Chase must have acquired one of her other accounts to give rise to the purported debt. Ms. Johnson alleges that she based her wrongful belief on the "insistent representations by Lake Valley Retrievals." Despite her initial dispute of the claim, Ms. Johnson alleges that Unifund continued the litigation against her and made false reports to credit reporting agencies based on false information. Ms. Johnson further alleges that on December 20, 2004, Unifund obtained judgment against her based on false affidavits. After obtaining default judgment against Ms. Johnson, Unifund transferred its rights and interests in the case back to Lake Valley Retrievals.[3] Ms. Johnson's wages were garnished $100 each month, pursuant to the earnings withholding order in the collection action.

Two years later, Ms. Johnson alleges that she received notice from Chase that, upon investigation, Chase had determined that the credit account for which she had been sued was based on fraudulent transactions. Ms. Johnson alleges further that in the letter, dated December 27, 2006, Chase advised Ms. Johnson that she was not responsible for the debt. Ms. Johnson alleges that she notified "Chase and its assignees...including...Unifund" that the underlying debt was based on fraudulent transactions, but they refused to cease collection efforts and continued to garnish Ms. Johnson's wages.

On August 9, 2007, the state court set aside the default judgment in the collection action and allowed Ms. Johnson to respond to the complaint. The court recalled and quashed the earnings

---

[3]Pursuant to Federal Rule of Evidence 201, this Court takes judicial notice of the January 27, 2005 order of the Superior Court of California, County of Fresno (Case No. 04CECL06423) "Substitution of New Party Plaintiff and Order," substituting LakeValley Retrievals as plaintiff in the collection action.

withholding order. Ms. Johnson answered the complaint and asserted defenses alleging the "fraudulent nature of the transactions" giving rise to the alleged debt on August 29, 2007. The collection action is ongoing.

**Procedural Background**

On December 26, 2007, Ms. Johnson filed this action in the Superior Court, County of Fresno (Case No. 07CECG04298), alleging the following eight causes of action against Defendants:

1. Violations of Cal. Civil Code section 1788 et seq, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act");
2. Violations of 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA");
3. Defamation;
4. Fraudulent Misrepresentation;
5. Negligent Misrepresentation;
6. Violations of 18 U.S.C. §1961 et seq ("RICO");
7. Unfair Competition–California Business and Professions Code section 17200 et seq.; and
8. Intentional Infliction of Emotional Distress.

Unifund removed the action to this Court on January 15, 2008. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**ANALYSIS & DISCUSSION**

**A.   Rule 12(b)(6) Motion To Dismiss Standards**

A motion to dismiss pursuant to Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Rule12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*

*Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

**B.     Rosenthal Act**

Chase argues that Ms. Johnson's first cause of action, based on the Rosenthal Act, is time-barred. Chase contends that Ms. Johnson did not allege that Chase pursued prohibited collection activities within the limitations period.  The applicable statute of limitations is California Civil Code section 1788.30(f), which provides: "Any action under this section may be brought in an appropriate court of competent jurisdiction in an individual capacity only within one year from the date of the occurrence of the violation."  According to the complaint, the collection letters were sent in August 2004, the collection action was filed in August 2004, and default judgment was entered against Ms. Johnson in November 2004.  Ms. Johnson initiated this action on December 26, 2007.

Chase argues that since Ms. Johnson does not allege that Chase made representations prohibited by the Rosenthal Act within the limitations period, Ms. Johnson's Rosenthal Act claim should be dismissed.  Chase contends that the only allegation against Chase within the limitations period–the December 27, 2006 letter to advise Ms. Johnson that she was not responsible for the debt–is not conduct prohibited by the Rosenthal Act.  Therefore, Chase concludes that the letter, even if within the limitations period, would not give rise to a Rosenthal Act claim.  Moreover, Chase asserts that the letter terminated any previous violation.

Ms. Johnson concedes that the applicable statute of limitations is one year, but argues that her Rosenthal Act is timely based on the continuing violation doctrine.  The continuing violation doctrine may apply to the limitations period for debt collection claims brought pursuant to the Rosenthal Act if "the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." *Joseph v. J.J. MacIntyre Cos., LLC*, 281 F.Supp. 2d 1156, 1161 (N.D. Cal.

2003). "If there is a pattern, then the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the [Rosenthal Act.]" *Id.* (internal quotations omitted). Ms. Johnson asserts three theories of timeliness.

First, Ms. Johnson argues that Chase's conduct continued within with the limitations period. Ms. Johnson asserts that Chase engaged in a continuing pattern of making false statements to others about the debt she allegedly owed. Ms. Johnson contends that Chase's pattern continued into the limitations period, because Chase "may have retracted the false statements about the debt she allegedly owed sometime after December 27, 2006." Ms. Johnson asserts that Chase has never withdrawn these statements to co-defendants. Although an inference can be drawn from Ms. Johnson's arguments to find a continuing violation within the limitations period, the Court can not rely on Ms. Johnson's statements, as they allege facts outside of the complaint.

Next, Ms. Johnson argues that the statute of limitations began to run when Chase wrote the December 27, 2006 letter. Ms. Johnson asserts that prior to that time, she was unaware that she had an unfair debt collection claim due to the false statements made by Chase that she had a delinquent account. Ms. Johnson contends that she was unable to obtain vital information bearing on the existence of her claim until she received that letter. Ms. Johnson maintains that the statute of limitations did not begin until that date, because all of the proof that she had no Chase account was available only to Chase and was kept disclosed until December 27, 2006.

To toll the statute of limitations under this theory, Ms. Johnson must plead that Chase concealed the existence of the cause of action so that Ms. Johnson, acting as a reasonable person, did not know of its existence. *See Hennegan v. Pacifico Creative Service, Inc.*, 787 F.2d 1299, 1302 (9th Cir.), *cert. denied*, 479 U.S. 886, 107 S. Ct. 279, 93 L. Ed. 2d 254 (1986). Ms. Johnson carries the burden of pleading facts showing that Chase affirmatively misled her, and that Ms. Johnson had neither actual nor constructive knowledge of the facts giving rise to her claim despite her diligence in trying to uncover those facts. *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249-50 (9th Cir. 1978). Ms. Johnson must plead with particularity the circumstances of the concealment and the facts supporting its due diligence. *Id.* at 250. Ms. Johnson did not plead facts with particularity to support this argument.

Third, Ms. Johnson argues that, at a minimum, Chase's Rosenthal Act violations continued for

5

at least one day within the limitations period. Ms. Johnson contends that Chase's misrepresentations continued until at least December 26, 2006, the day before Chase sent the letter to Ms. Johnson advising her that she was not responsible for the charges on the account. In its reply, Chase asserts: "While plaintiff attempts to rely on an alleged continuing violation by Chase, plaintiff fails to explain why the December 27, 2006 letter in which Chase disclaimed any interest in or validity to the account does not terminate any previous violation." In making this argument, Chase concedes the possibility that a Rosenthal Act violation occurred through December 26, 2006. Construed in a light most favorable to the non-moving party, this Court finds that a continuing violation by Chase did occur within the limitations period.

For these reasons, Ms. Johnson's Rosenthal Act claim against Chase is not barred by the statute of limitations.

**C.    Defamation**

Ms. Johnson's asserts a defamation claim against Chase in her third cause of action. Ms. Johnson alleges that beginning in 2004, Chase reported falsely to credit reporting agencies that Ms. Johnson owed a debt to Chase and was delinquent in her repayment obligations. Chase argues that Ms. Johnson fails to state a claim for defamation, because the Federal Fair Credit Reporting Act ("FCRA") preempts common law causes of action, such as defamation, in relation to the reporting of allegedly inaccurate credit information. Ms. Johnson argues that her defamation claim is exempt for the preemption statute.

In support of their positions, the parties rely on different statutes within the FCRA. Chase argues that 15 U.S.C.§ 1681t(b)(1)(F) preempts Ms. Johnson's common law defamation claim. 15 U.S.C.§ 1681t(b)(1)(F) provides: "No requirement or prohibition may be imposed under the laws of any state with respect to any matter regulated under [15 U.S.C. §1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies except that this paragraph shall not apply...with respect to section 1785.25(a) of the California Civil Code." Ms. Johnson directs this Court's attention to another provision of the FCRA, 15 U.S.C. §1681h(e), which provides in pertinent part:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against...any person who furnishes information to a consumer reporting agency, *based on information disclosed pursuant to section 1681g, 1681h or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has*

*taken adverse action*, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer* (emphasis added).

Ms. Johnson argues that according to this statute, her defamation claim against Chase survives, since she alleged in her complaint that Chase furnished information to a credit reporting agency "with malice and oppression." Ms. Johnson contends that by the express provisions of 15 U.S.C. §1681h(e), the preemption is not applicable "as to false information finished with malice or willful intent." *Reed v. Experian Information Solutions, Inc.*, 321 F. Supp. 1109-17 (D. Minn. 2004). Ms. Johnson maintains that 15 U.S.C. §1681h(e) and 15 U.S.C.§ 1681t(b)(1)(F) conflict and should be reconciled in her favor.

In construing a statute, the Court's "starting point must be the language of the statutes." *Albernaz v. United States*, 450 U.S. 333, 336 (1981). By its plain language, the 15 U.S.C. §1681h(e) preemption exemption is triggered only if the information is disclosed "pursuant to section1681g, 1681h or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." *Id. Accord, Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007); *Leet v. Cellco Parternship*, 480 F. Supp. 2d 422, 430 (D. Mass. 2007). Sections 1681g and 1681h are not implicated here, as they apply only to "consumer reporting agencies." 15 U.S.C. §§1681g, 1681h. Ms. Johnson alleges that Chase is a "furnisher of credit," not a credit reporting agency. Similarly, section 1681m is inapplicable, as that section applies to "users" of consumer reports. 15 U.S.C. §1681m. Finally, there are no allegations that Chase acted as a user of information, or took adverse action against Ms. Johnson based on information contained in her consumer report. Therefore, 15 U.S.C. §1681h(e) is inapplicable. Thus, whether Ms. Johnson alleged defamation with malice is irrelevant.

Because 15 U.S.C. §1681h(e) is inapplicable under the facts, 15 U.S.C.§ 1681t(b)(1)(F) preempts Ms. Johnson's defamation claim based on allegations that Chase reported information to a credit reporting agency.

**D.     Fraudulent and Negligent Misrepresentation**

    **1.     Heightened Pleading Standard**

In her fourth and fifth causes of action, Ms. Johnson alleges fraudulent and negligent misrepresentation against Chase. Chase argues that these claims should be dismissed, because Ms.

Johnson does not plead with particularity the circumstances constituting fraud or the alleged misrepresentations. Ms. Johnson contends that she pleaded with particularity the elements of each cause of action.

Ms. Johnson must plead allegations of fraud with particularity. Fed. R. Civ. P. 9(b) ("Rule 9(b)") requires that "the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Ms. Johnson alleges that "at various times from 2003 until December 27, 2006, defendant Chase advised plaintiff that she owed Chase a sum that had become due and past due but remained unpaid." Complaint, ¶ 51. Ms. Johnson alleges further that Chase advised her that her debt was in the amount of $2,075.76 and that repayment on the debt was delinquent. Complaint, ¶¶13, 26(a), 26(c), 49, 51. These allegations are specific enough to give Chase notice of the particular misconduct alleged by Ms. Johnson. *Bly-Magee*, 236 F.3d 1014, 1019. Therefore, Chase's motion to dismiss Ms. Johnson's claims based on these allegations is denied.

Next, Ms. Johnson argues Chase is liable for the alleged misrepresentations of its agents and assignees. Chase points out that Ms. Johnson alleges that Chase sold, rather than assigned, her debt. Further, the allegations of the complaint are not specific about this theory, nor explain how the assignee had the authority to speak on behalf on Chase. *See Tarmann v. State Farm Mutual Auto Ins.*, 2 Cal. App. 4th 153, 157 (1991). Accordingly, Ms. Johnson's claims based on these allegations are dismissed.

**2.    Reliance**

Without citing any case law to support the elements of a misrepresentation claim, Chase argues that Ms. Johnson's fourth and fifth causes of action fail because she did not rely on the alleged misrepresentations. Chase contends that any recovery obtained from Ms. Johnson was involuntary, through garnishment of wages. Because there was no reliance, Charge argues, the fourth and fifth causes

of action should be dismissed.

Ms. Johnson contends that although she did not believe she had an account with Chase, she relied on the insistent representations made by Chase and its agents to the contrary. Relying on those statements, Ms. Johnson argues that she did not contest the suit brought against her and subjected herself to wage garnishment. Complaint, ¶¶14, 15, 20, 55. Taken in a light most favorable to the non-moving party, Ms. Johnson has stated the element of reliance for her fourth and fifth causes of action.

**E.    RICO claim**

In the sixth cause of action, Ms. Johnson alleges civil RICO violations against Chase. Chase argues that the RICO claim fails, because Ms. Johnson did not plead the RICO allegations with specificity. Ms. Johnson argues that her allegations support a RICO cause of action.

As a threshold matter, Rule 9(b) applies to RICO fraud allegations, including mail fraud. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir.2004). Rule 9(b) requires that the pleader state the 'time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation." *Edwards*, 356 F.3d. 1058, 1066; *Wagh v. Metris Direct, Inc.*, 363 F.3d 821(9th Cir. 2003).

Ms. Johnson alleges that Chase and various other defendants "knowingly and willfully conspired and agreed among themselves to engage in unwarranted collection activities against Plaintiff, although there was no documentation that Plaintiff owed the debt that was the subject of the collection activities or that Plaintiff had ever entered into any credit agreement with any of the Defendants." Complaint, ¶64. To further the conspiracy, Ms. Johnson alleges that Chase and other defendants "used the mails and telephone wires to effect a series of assignments of the purported debt among themselves to obscure that the debt was the result of fraudulent transactions not involving Plaintiff." Complaint, ¶65. Ms. Johnson alleges further that "Defendants used the mails and telephone in their efforts to obtain from Plaintiff money by false pretenses and representations." Complaint, ¶68. Finally, Ms. Johnson alleges that "Defendants'" alleged conspiracy is "ongoing, because the collection action Defendants initiated is still pending." Complaint, ¶69.

Chase argues that Ms. Johnson's RICO claim must be dismissed, because she did not allege with

specificity an "enterprise," "illicit income," or a "pattern of racketeering activity." Ms. Johnson argues that she has specifically alleged each element of her RICO claim. However, Ms. Johnson stretches her argument to include alleged facts not clearly set forth in her complaint.

As discussed above, a plaintiff alleging fraud "must state the time, place, and specific content of the false representations *as well as the identities of the parties to the misrepresentation*." *Schreiber Distrib. Co. v. Serv-Well Furniture, Inc.*, 806 F.2d 1393, 1402 (9th Cir. 1986) (emphasis added). In discussing Rule 9(b) requirements in the corporate fraud context, the Ninth Circuit has explained:

> [A]llegations of fraud based on information and belief usually do not satisfy the particularity requirement under rule 9(b). However, the rule may be relaxed as to the matters within the opposing party's knowledge. For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all of the underlying facts. In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts on which the belief is founded. Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an individual. To overcome such difficulties in cases of corporate fraud, the allegations should include the misrepresentations themselves with particularity and, *where possible, the roles of the individual defendants in the misrepresentations* (Internal citations omitted).

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (emphasis added)(later noting that "our discussion of...10(b)...claim applies to the...RICO claim as well."). While the conduct alleged states the time, place and content of some of the alleged false representations and the conspiracy, the identities of the parties, and their individual role in the conspiracy, are not alleged with clarity or specificity. While this rule may "relaxed as to matters within the opposing party's knowledge," Ms. Johnson must make her conspiracy allegations more specific to give Chase notice of the specific conduct against which it must defend. *Id.* Accordingly, Ms. Johnson's RICO claim is dismissed.

**F.    Unfair Competition Law**

Ms. Johnson's seventh cause of action against Chase is based on California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, et seq. This statutory scheme prohibits "unlawful, unfair or fraudulent business act or practice."Cal. Bus. & Prof. Code section 17200. A cause of action under this section must be based on some predicate act involving a violation of some other statute. *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999). Against Chase, Ms. Johnson alleges, *inter alia*, violations of the Rosenthal Act, RICO and fraudulent misrepresentation.

Chase argues that since Plaintiff failed to state a claim under these statutes, they cannot be used as the basis for a Section 17200 claim.

Ms. Johnson's UCL claim survives for several reasons. First, as discussed above, Ms. Johnson stated a Rosenthal Act claim. Furthermore, Chase's challenge to the Rosenthal Act claim did not preclude Ms. Johnson's UCL claim. Chase challenged Ms. Johnson's Rosenthal Act claim based on the statute of limitations. However, when a UCL action is premised on a violation of an underlying statute, the four year statute of limitations of the UCL prevails over the shorter limitations period of the predicate offense. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000); Cal. Bus. & Prof. Code §17208. Moreover, Ms. Johnson's allegations against Chase describe conduct likely to deceive someone, and therefore satisfy the predicate offense element of this cause of action. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992). Therefore, Chase's motion to dismiss the UCL claim is denied.

**G.     Intentional Infliction of Emotional Distress**

Ms. Johnson's eighth cause of action is for intentional infliction of emotional distress. Ms. Johnson alleges that "Defendants ongoing efforts to collect from plaintiff on a debt they knew or should have known was not due was willfully and intentionally undertaken and was designed to coerce, confuse, and create great mental distress on plaintiff so that she would give them money to which they were not entitled." Complaint, ¶80.

Chase argues that Ms. Johnson failed to plead one of the elements of the tort of intentional infliction of emotional distress; namely, outrageous conduct. In order to state a claim for intentional infliction of emotional distress, Ms. Johnson must allege conduct beyond all bounds of decency. Ordinary, rude or insulting behavior is not enough. *Cervantes v. J.C. Penny Co.*, 24 Cal. 3d 579, 593 (1979). Ms. Johnson contends that the acts, failures, and omissions by Chase constitutes outrageous behavior.

The issue of whether Chase's acts or omissions constituted outrageous conduct is a question of fact, to be resolved by a fact-finder. *Symonds v. Mercury Savings & Loan Assn.*, 225 Cal. App. 3d 1458, 1469 (1990). In this motion, this Court construes the allegations in a light most favorable to Ms. Johnson. Therefore, the Court assumes that the behavior by Chase was outrageous conduct to satisfy the element

of the intentional infliction of emotional distress cause of action. Accordingly, Chase's motion to dismiss Ms. Johnson's eighth cause of action for failure to state a claim is denied.

**H.     Leave to Amend**

Ms. Johnson requests leave to amend her complaint. Pursuant to Fed. R. Civ. P. 15, this Court "should freely give leave when just so requires." Ms. Johnson suggests that any defects in her complaint are correctable. Chase did not oppose Ms. Johnson's request. Therefore, Ms. Johnson is granted leave to amend her complaint.

**CONCLUSION**

For the foregoing reasons, this Court:

1. DENIES Chase's motion to dismiss Ms. Johnson's first (Rosenthal Act), seventh (UCL), and eighth (intentional infliction of emotional distress) causes of action;
2. GRANTS Chase's motion to dismiss Ms. Johnson's third (defamation) and sixth (RICO) causes of action;
3. GRANTS in part and DENIES in part Chase's motion to dismiss Ms. Johnson's fourth (fraudulent misrepresentation) and fifth (negligent misrepresentation) causes of action, consistent with this opinion;
4. GRANTS Ms. Johnson's request for leave to amend the complaint; and
5. ORDERS Ms. Johnson to file an amended complaint on or before March 26, 2008. Counsel for Plaintiff is to be succinct in the pleading in that a shotgun approach to pleading is viewed as a waste of judicial time.

IT IS SO ORDERED.

**Dated:     March 12, 2008**               /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE