**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELORES JOHNSON, | CASE NO. CV F 08-0081 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT CHASE BANK'S MOTION TO DISMISS RICO CLAIM** |
| vs. | (Doc. 33.) |
| JP MORGAN CHASE BANK, et al, | |
| Defendants. | |

**INTRODUCTION**

Defendant Chase Bank USA, N.A. ("Chase Bank") seeks to dismiss plaintiff Delores Johnson's ("Ms. Johnson's") civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim on grounds that Ms. Johnson's first amended complaint ("FAC") fails to allege necessary elements for the claim. Ms. Johnson contends that the FAC sufficiently alleges RICO elements. This Court considered Chase Bank's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the May 5, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES with prejudice the RICO violation claim against Chase Bank.

**BACKGROUND**[1]

**Debt Collection**

In 2004, creditors initiated collection of Ms. Johnson's debts. Ms. Johnson received defendant Lake Valley Retrievals, Inc.'s ("Lake Valley Retrievals'") August 10, 2004 letter that Lake Valley Retrievals was an assigned a debt owed by Ms. Johnson on a former Chase Bank account which had been purchased by defendant Lake Valley Investments. Ms. Johnson purportedly owed $2,075.76 on the account with $139.50 in accrued interest. Ms. Johnson contacted Lake Valley Retrievals to dispute the debt in that she never had a Chase Bank account.

On August 27, 2004, defendant Unifund CCR Partners ("Unifund"), as an assignee of Lake Valley Retrievals, initiated a state court debt collection action ("collection action") against Ms. Johnson to collect on the former Chase Bank account. Although she had no record of the Chase Bank account, Ms. Johnson did not respond to the collection action because she surmised that Chase Bank acquired one of her other accounts to give rise to the purported debt. Ms. Johnson attributes her wrongful belief to the "insistent representations of Lake Valley Retrievals." Despite her initial dispute of the claim, Unifund continued the litigation against her and made false reports to credit reporting agencies based on false information. On December 20, 2004, Unifund obtained judgment against Ms. Johnson based on false affidavits. Unifund transferred its rights and interests in the collection action back to Lake Valley Retrievals. Lake Valley Retrievals assigned the collection action to defendant V.I.P. Adjustment Bureau, Inc. ("V.I.P."), which transferred the collection action to defendant Bag Fund LLC ("Bag Fund"). Each month, $100 of Ms. Johnson's wages were garnished, pursuant to an earnings withholding order in the collection action.

**Fraudulent Account Discovery**

Chase Bank's December 27, 2006 letter informed Ms. Johnson that, upon investigation, Chase Bank had determined that its former account, for which she had been sued, was based on fraudulent transactions and that Ms. Johnson was not responsible for the debt. According to Ms. Johnson, an internal flaw in Chase Bank's record keeping system permitted a credit card account to be opened in Ms.

---

[1] The factual recitation is derived generally from the FAC and includes Ms. Johnson's contentions.

1  Johnson's name without her knowledge or permission. Ms. Johnson notified Chase Bank and its
2  assignees that the Chase Bank debt was based on fraudulent transactions, but they refused to cease
3  collection efforts and continued to garnish Ms. Johnson's wages.
4        On August 9, 2007, the state court set aside the default judgment in the collection action and
5  allowed Ms. Johnson to respond to the complaint. The court recalled and quashed the earnings
6  withholding order. On August 29, 2007, Ms. Johnson answered the complaint and asserted defenses of
7  the "fraudulent nature of the transactions" giving rise to the Chase Bank debt.

### Ms. Johnson' RICO Claim Against Chase Bank

9        The FAC's (sixth) RICO violation cause of action is the target of Chase Bank's motion to
10  dismiss.[2] The cause of action alleges that Chase Bank and the other defendants conspired "to engage
11  in unwarranted collection activities against Plaintiff, although there was no documentation that Plaintiff
12  owed the debt that was the subject of the collection activities." The cause of action further alleges: "To
13  carry out the plan, Defendants communicated with Plaintiff both by means of the mail and in telephone
14  calls that she owed a debt on a CHASE credit account." The cause of action continues that defendants,
15  to further the conspiracy's end, "used the mails and telephone wires to effect this series of sales and
16  assignments of the purported debt among themselves to obscure that the debt was the result of fraudulent
17  transactions not involving Plaintiff." More specific as to Chase Bank, the cause of action alleges that
18  Chase Bank "used the mails and phone line to negotiate an assignment of the account identified with
19  Plaintiff's name to Roger Grifka on behalf of LAKE VALLEY INVESTMENTS and LAKE
20  RETRIEVALS." The cause of action notes that defendants' acts are prohibited under 18 U.S.C. §
21  1962(c) and (d).

### DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

24        Chase Bank seeks to dismiss Ms. Johnson's (sixth) RICO violation cause of action for failure
25  to allege necessary elements. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency

---

[2] This Court dismissed with leave to amend the RICO violation claim of Ms. Johnson's original complaint in the absence of sufficient allegations of the parties and their individual roles in the alleged conspiracy. This Court explained: "Ms. Johnson must make her conspiracy allegations more specific to give Chase Bank notice of specific conduct against which it must defend."

3

1  of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint,
2  before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited
3  one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to
4  offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974);
5  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6)
6  dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of
7  sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d
8  696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).
9  F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim
10 which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).
11         In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light
12 most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine
13 whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*
14 *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  "However, conclusory allegations of law and
15 unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d
16 696, 699 (9th Cir. 1998).  A court need not permit an attempt to amend a complaint if "it determines that
17 the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v.*
18 *N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a Rule
19 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide
20 the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic
21 recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,
22 1964-65 (2007) (internal citations omitted).
23         With these standards in mind, this Court turns to Chase Bank's criticism of the FAC's RICO
24 violation claims.

25                                          **RICO Violations**

26         The sixth cause of action alleges RICO violations under subsections (c) and (d) of 18 U.S.C. §
27 1962 ("section 1962") and which provide:
28         (c) It shall be unlawful for any person employed by or associated with any enterprise

1  engaged in, or the activities of which affect, interstate or foreign commerce, to conduct
2  or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

3  (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

4

5  A violation of § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of
6  racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim."
7  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275 (1985).

8  Chase Bank faults the sixth cause of action's failure to reference an "enterprise," "associated-in-
9  fact enterprise" or "any continuing structure of authority, organization, or decision-making framework."
10 Chase Bank notes the allegation that defendant Jay Bernstein ("Mr. Bernstein"), a collection manager
11 for Lake Valley Retrievals, "guided the operation of the conspiracy" and the absence of allegations as
12 to his decisions and communications with Chase Bank. Chase Bank points out that the cause of action
13 limits Chase Bank's activity to use of wires or mails to negotiate assignment of its account in 2004 and
14 telephone calls between Chase Bank and Ms. Johnson in 2006 and 2007, during one of which Chase
15 Bank advised Ms. Johnson that she was not liable for the debt. Chase Bank concludes that the cause
16 of action lacks "specification of how CHASE participated in the alleged conspiracy" given the limited
17 allegation that it merely sold the debt to Lake Valley Investments and the absence of allegations of a
18 "structure or agreement to connect Chase with a conspiracy to collect the account and dispose of the
19 proceeds."

20 Ms. Johnson argues that the sixth cause of action satisfies the enterprise element because it
21 identifies Mr. Bernstein "as the person that guided the operation of the association in fact from his
22 numerous management positions among the corporate defendants." Ms. Johnson argues the existence
23 of an "association-in-fact" of the named defendants "who together engage in the business of extending
24 credit and then assigning incurred debt among themselves for collection" under the cover of "legitimate
25 business endeavors" to attempt "to collect on fraudulent transactions from innocent customers." Ms.
26 Johnson notes that she asserts a RICO conspiracy to collect a "fraudulent debt" which never existed and
27 that defendants "engaged in racketeering activity by the way they used and profited from this falsified
28 liability." As to Chase Bank, Ms. Johnson claims it "facilitated the conspiracy when it allowed a

5

fraudulent account to be handled as a typical delinquent account and sold to the other Defendants for collection."

18 U.S.C. § 1961(4) defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." "The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524 (1981).  An enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583, 101 S.Ct. 2524.  "The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *Turkette*, 452 U.S. at 583, 101 S.Ct. 2524.

An "associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise." *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). An "associated-in-fact enterprise 'is a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Odom*, 486 F.3d at 552 (quoting *Turkette*, 452 U.S. at 583, 101 S.Ct. 2524). "To establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" *Odom*, 486 F.3d at 552 (citing *Turkette*, 452 U.S. at 583, 101 S.Ct. 2524). Moreover, " it is essential to plead precisely in a RICO case the enterprise alleged and the RICO section allegedly violated." *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989).

The sixth cause of action fails to allege an enterprise for a section 1962(c) claim against Chase Bank.  The cause of action merely alleges a conspiracy to collect unlawfully a debt and numerous communications among defendants and to Ms. Johnson and credit reporting agencies.  Allegations as to Chase Bank's communications with other defendants are limited to its notification that Chase Bank sold the account to Lake Valley Retrievals.  As to Chase Bank, the sixth cause of action lacks facts to support an enterprise which exists independently from alleged racketeering activity.  Chase Bank correctly notes that the FAC fails to "allege an organization that functions as a continuing unit and <u>has an existence separate and apart from the pattern of activity in which it engages</u>."  (Underlying in

original.) As such, Mr. Johnson's section 1962(c) against Chase Bank fails.

Chase Bank further challenges the sufficiency of allegations of racketeering activity. 18 U.S.C. § 1961(5) defines "pattern of racketeering activity" to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." Chase Bank argues that if its 2004 sale of its account was a racketeering activity, the FAC alleges no other act of wire fraud or mail fraud as to Chase Bank given that the FAC alleges Chase Bank's further communication was limited to its December 27, 2006 letter to inform Ms. Johnson that she was not responsible of the credit card at issue. The FAC's failure to allege two independent acts of racketeering defeats Ms. Johnson's RICO claim against Chase Bank.

Moreover, since Ms. Johnson has failed to satisfy pleading requirements for a section 1962(c) claim, she in turn fails to satisfy pleading requirements for a section 1962(d) claim. *See Wagh*, 363 F.3d at 831. Ms. Johnson fails to demonstrate a further attempt at amendment is warranted given the absence of facts for a section 1962 claim against Chase Bank.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES with prejudice the (sixth) RICO violation cause of action against Chase Bank.

IT IS SO ORDERED.

**Dated:   April 29, 2008**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE