IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON, | CASE NO. CV F 08-0081 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT BAG FUND'S MOTION TO DISMISS RICO CLAIM** |
| vs. | (Doc. 50) |
| JP MORGAN CHASE BANK, et al, | |
| Defendants. / | |

## INTRODUCTION

Defendant BAG Fund, LLC, ("BAG"), seeks to dismiss plaintiff Delores Johnson's ("Ms. Johnson's") civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim on grounds that Ms. Johnson's first amended complaint ("FAC") fails to allege necessary elements for the claim. Ms. Johnson did not oppose BAG's motion. This Court considered BAG's unopposed Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") motion to dismiss on the record and VACATES the July 8, 20008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES BAG's motion to dismiss the RICO violation claim against BAG.

## BACKGROUND[1]

### Debt Collection

In 2004, creditors initiated collection of Ms. Johnson's debts. Ms. Johnson received defendant Lake Valley Retrievals, Inc.'s ("Lake Valley Retrievals'") August 10, 2004 letter that Lake Valley Retrievals was an assigned a debt owed by Ms. Johnson on a former account with Defendant Chase Bank USA, N.A. ("Chase Bank"), which had been purchased by defendant Lake Valley Investments. Ms. Johnson purportedly owed $2,075.76 on the account with $139.50 in accrued interest. Ms. Johnson

---

[1] The factual recitation is derived generally from the FAC and includes Ms. Johnson's contentions.

1

1 contacted Lake Valley Retrievals to dispute the debt because she never had a Chase Bank account.

2 On August 27, 2004, defendant Unifund CCR Partners ("Unifund"), as an assignee of Lake
3 Valley Retrievals, initiated a state court debt collection action ("collection action") against Ms. Johnson
4 to collect on the former Chase Bank account. Although she had no record of the Chase Bank account,
5 Ms. Johnson did not respond to the collection action because she surmised that Chase Bank acquired
6 one of her other accounts to give rise to the purported debt. Ms. Johnson attributes her wrongful belief
7 to the "insistent representations of Lake Valley Retrievals." Despite her initial dispute of the claim,
8 Unifund continued the litigation against her and made false reports to credit reporting agencies based
9 on false information. On December 20, 2004, Unifund obtained judgment against Ms. Johnson based
10 on false affidavits. Unifund transferred its rights and interests in the collection action back to Lake
11 Valley Retrievals. Lake Valley Retrievals assigned the collection action to defendant V.I.P. Adjustment
12 Bureau, Inc. ("V.I.P."), which transferred the collection action to defendant BAG. Each month, $100
13 of Ms. Johnson's wages were garnished, pursuant to an earnings withholding order in the collection
14 action.

**Fraudulent Account Discovery**

16 Chase Bank's December 27, 2006 letter informed Ms. Johnson that, upon investigation, Chase
17 Bank had determined that its former account, for which she had been sued, was based on fraudulent
18 transactions and that Ms. Johnson was not responsible for the debt. According to Ms. Johnson, an
19 internal flaw in Chase Bank's record keeping system permitted a credit card account to be opened in Ms.
20 Johnson's name without her knowledge or permission. Ms. Johnson notified Chase Bank and its
21 assignees that the Chase Bank debt was based on fraudulent transactions, but they refused to cease
22 collection efforts and continued to garnish Ms. Johnson's wages.

23 On August 9, 2007, the state court set aside the default judgment in the collection action and
24 allowed Ms. Johnson to respond to the complaint. The court recalled and quashed the earnings
25 withholding order. On August 29, 2007, Ms. Johnson answered the complaint and asserted defenses of
26 the "fraudulent nature of the transactions" giving rise to the Chase Bank debt.

**Ms. Johnson' RICO Claim Against BAG**

1  The FAC's (sixth) RICO violation cause of action is the target of BAG's motion to dismiss.[2] The cause of action alleges that BAG and the other defendants conspired "to engage in unwarranted collection activities against Plaintiff, although there was no documentation that Plaintiff owed the debt that was the subject of the collection activities." The cause of action further alleges: "To carry out the plan, Defendants communicated with Plaintiff both by means of the mail and in telephone calls that she owed a debt on a CHASE credit account." The cause of action continues that defendants, to further the conspiracy's end, "used the mails and telephone wires to effect this series of sales and assignments of the purported debt among themselves to obscure that the debt was the result of fraudulent transactions not involving Plaintiff." Ms. Johnson alleges that Defendant Jay S. Bernstein ("Mr. Bernstein") "guided the operation of the conspiracy" between various employees of Lake Valley Investments, Lake Retrievals, Unifund, and V.I.P. Ms. Johnson alleges that BAG's involvement in the conspiracy was to negotiate the assignment of her account in January 2006 "to obscure that the debt was a result of fraudulent transactions." Ms. Johnson further alleges that BAG "used the mails to submit paperwork to the Court in Fresno, California...contending they were entitled to recover the judgment against Plaintiff." BAG then collected Ms. Johnson's garnished wages. The cause of action notes that defendants' acts are prohibited under 18 U.S.C. § 1962(c) and (d).

## DISCUSSION

### Rule 12(b)(6) Motion To Dismiss Standards

BAG seeks to dismiss Ms. Johnson's (sixth) RICO violation cause of action for failure to allege necessary elements. A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

---

[2] This Court dismissed with leave to amend the RICO violation claim of Ms. Johnson's original complaint in the absence of sufficient allegations of the parties and their individual roles in the alleged conspiracy. This Court explained: "Ms. Johnson must make her conspiracy allegations more specific to give Chase Bank notice of specific conduct against which it must defend." Later, this Court dismissed, with prejudice, Ms. Johnson's amended RICO claim in favor of Chase Bank for failure to allege an "enterprise" and "racketeering activity" as to Chase Bank.

evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

With these standards in mind, this Court turns to BAG's criticism of the FAC's RICO violation claims.

**RICO Violations**

The sixth cause of action alleges RICO violations under subsections (c) and (d) of 18 U.S.C. § 1962 ("section 1962") and which provide:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

A violation of section 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275 (1985).

1    BAG argues that Ms. Johnson fails to allege properly that BAG participated in an enterprise. 18
2 U.S.C. § 1961(4) defines "enterprise" to include "any individual, partnership, corporation, association,
3 or other legal entity, and any union or group of individuals associated in fact although not a legal entity."
4 "The enterprise is an entity, for present purposes a group of persons associated together for a common
5 purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981).  An
6 enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that
7 the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583.  "The 'enterprise' is not
8 the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in
9 which it engages." *Turkette*, 452 U.S. at 583.

10    BAG faults Ms. Johnson's sixth cause of action for not alleging "an independent system of
11 distributing money or proceeds from the plaintiff to the defendants" or "an established system of making
12 decisions in furtherance of the defendants alleged criminal activities."  In support of its argument, BAG
13 relies on *Wagh v. Metris Direct, Inc.*, 363 F.3d 821 (9th Cir. 2003) and *Chang v. Chen*, 80 F.3d 1293
14 (9th Cir. 1996).  However, the Ninth Circuit Court of Appeals overruled *Wagh* and *Chang* in *Odom* v.
15 Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007).  Thereafter, an "associated-in-fact enterprise under
16 RICO *does not require* any particular organizational structure, separate or otherwise." *Odom*, 486 F.3d
17 at 551 (emphasis added).  Therefore, BAG's argument is without foundation.

18    Next, BAG argues that Ms. Johnson fails to allege facts to support a RICO claim.  BAG suggests
19 that Ms. Johnson's allegations as to BAG are limited to BAG's purchase of Ms. Johnson's account in
20 January 2006.  BAG  ignores several of Ms. Johnson's allegations, discussed more fully below.
21 ///

22    In *Odom*, the Ninth Circuit clarified that an "associated-in-fact enterprise 'is a group of persons
23 associated together for a common purpose of engaging in a course of conduct.'" 486 F.3d at 552 (quoting
24 *Turkette*, 452 U.S. at 583).  To establish the existence of such an enterprise, Ms. Johnson must allege:
25 (1) a common purpose, (2) an ongoing organization, formal or informal, and (3) a continuing unit.
26 *Odom*, 486 F.3d at 552.    Here, Ms. Johnson alleges that BAG acted with the other defendants for the
27 common purpose "to obscure that the debt was a result of fraudulent transactions not involving Plaintiff
28 and...to support a request for a default judgment against Plaintiff."  Ms. Johnson alleges that BAG acted

with the other defendants to effect "a series of sales and assignments" which acted to obscure the debt. These events, if true, allege with specificity BAG's involvement in an ongoing organization. *See United States v. Cagnina*, 697 F.2d 915, 921-22 (9th Cir. 1983) (an ongoing organization is "a vehicle for the commission" of the predicate crime). Moreover, Ms. Johnson alleges that BAG submitted fraudulent paperwork to recover the judgment against her, collected $100 each month from her wages, pursuant to the earnings withholding order in the collection action, and refused to cease its collection efforts after she notified BAG that the underlying debt was based on fraudulent transactions. Thus, Ms. Johnson alleges properly a continuing unit. *See United States v. Patrick*, 248 F.3d 11, 19 (1st Cir. 2001) (continuity focuses on whether the behavior was ongoing rather than isolated activity). Viewed in a light most favorable to Ms. Johnson, this Court finds that Ms. Johnson alleges properly a RICO claim against BAG.[3]

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES BAG's motion to dismiss Ms. Johnson's (sixth) RICO violation cause of action against BAG; and
2. VACATES the July 9, 2008 hearing.

IT IS SO ORDERED.

**Dated:    June 27, 2008**                    /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE

---

[3] BAG summarily argued that Ms. Johnson's section 1962(d) fails for the same reasons as section 1962(c). Since Ms. Johnson's section 1962(c) claim survives, both claims are valid.