IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON,<br><br>           Plaintiff,<br>   vs.<br>JP MORGAN CHASE BANK DBA<br>CHASE MANHATTAN, et al,<br><br>           Defendants.<br>_____ / | CASE NO. CV-F-008-0081 LJO SMS<br><br>**ORDER ON UNIFUND'S MOTION FOR SUMMARY JUDGMENT** (Doc. 14) |

**INTRODUCTION**

Defendant Unifund CCR Partners ("Unifund") moves for summary judgment against Plaintiff Delores Johnson ("Ms. Johnson"). Unifund argues that judgment should be entered in its favor because it was uninvolved in the underlying action that forms the basis of Ms. Johnson's complaint. Ms. Johnson opposed the motion on July 7, 2008, and argues that a genuine issue of material fact remains as to whether Unifund initiated the underlying action against her. Ms. Johnson argues further that this motion is premature. Unifund replied on July 17, 2008. For the reasons discussed below, this Court CONTINUES Unifund's summary judgment motion to allow Ms. Johnson to conduct discovery.

**BACKGROUND**

**Factual Background**

In 2004, Ms. Johnson was the subject of collection activities instituted by some of her creditors. Ms. Johnson received a letter from defendant Lake Valley Retrievals on August 10, 2004, demanding

1

payment for an outstanding credit card debt purportedly sold to Lake Valley Retrievals by defendant Chase Bank USA, N.A. ("Chase").[1] Specifically, Lake Valley Retrievals sought to collect a principal sum of $2,075.76, with $139.50 in accrued interest. Ms. Johnson contacted Lake Valley Retrievals to dispute the debt, because she never had a Chase account.

On August 27, 2004, a state court debt collection action ("collection action") was initiated against Ms. Johnson. Ms. Johnson contends that Unifund, purportedly as an assignee for Lake Valley Retrievals, initiated the collection action against Ms. Johnson to collect the unpaid debt. Despite her initial dispute of the claim, Ms. Johnson alleges that Unifund continued the litigation against her and made false reports to credit reporting agencies based on false information. Ms. Johnson further alleges that on December 20, 2004, Unifund obtained judgment against her based on false affidavits. After obtaining default judgment against Ms. Johnson, she alleges that Unifund transferred its rights and interests in the case back to Lake Valley Retrievals. Ms. Johnson's wages were garnished $100 each month, pursuant to the earnings withholding order in the collection action.

Unifund concedes that the collection action was brought in Unifund's name. Moreover, Unifund does not dispute that documents were signed and submitted in the collection action by people who purported to be connected with Unifund. Unifund contends, however, that it has no knowledge of, did not consent to, ratify or authorize, the collection action.

Two years later, Chase notified Ms. Johnson by letter that, upon investigation, Chase had determined that its former account, for which she had been sued, was based on fraudulent transactions and that Ms. Johnson was not responsible for the debt. Ms. Johnson notified the defendants in this action that the purported debt was based on fraudulent transactions, but they refused to cease collection efforts and continued to garnish Ms. Johnson's wages. On August 9, 2007, the state court set aside the default judgment in the collection action and allowed Ms. Johnson to respond to the complaint. The court recalled and quashed the earnings withholding order.

**Procedural Background**

On December 26, 2007, Ms. Johnson filed this action in the Superior Court, County of Fresno

---

[1] Unifund does not dispute Ms. Johnson's general allegations. Accordingly, these facts are derived from Ms. Johnson's amended complaint.

(Case No. 07CECG04298), alleging eight causes of action against Unifund. Unifund removed the action to this Court on January 15, 2008. On March 12, 2008, this Court granted in part and denied in part Unifund's motion to dismiss. *Johnson v. JP Morgan Chase Bank, et al.*, 536 F.Supp.2d 1207 (E.D. Cal. 2008). Ms. Johnson moves forward on her amended complaint (Doc. 31).

## ANALYSIS & DISCUSSION

### Summary Judgment Standards

Unifund moves for summary judgment against Ms. Johnson. On summary judgment, a court must decide whether there is a "genuine issue as to any material fact and [whether] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial. *Id*. at 322. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quoting Fed. R. Civ. P. 56(e)).

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. The opposing party successfully opposes a summary judgment motion if "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968); *T.W. Elec. Serv.*, 809 F.2d at 631. The opposing party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate

3

1 specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

2 The opposing party may also "oppose" a motion for summary judgment by setting forth specific reasons why it "cannot present facts essential to justify its position." Fed. R. Civ. P. 56(f). A court "may refuse or continue a party's application for summary judgment if the opposing party needs to discover essential facts." *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986); *Cal. Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990). "A request for additional time, more discovery, or...a request to consider [] affidavits under Rule 56(f) does 'oppose' the entering of summary judgment." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) (citations omitted).

### Unifund's Involvement in Collection Action

Unifund concedes that the collection action was brought in Unifund's name. Unifund contends, however, that Unifund's name was used without its authorization. Unifund maintains that the collection action was filed without its knowledge or consent. Unifund claims that it took no part in the conduct upon which Ms. Johnson's action is based. Therefore, Unifund argues that summary judgment should be granted in its favor.

In support of its position, Unifund presents the declaration of Jeffrey Shaffer ("Mr. Shaffer").[2] Mr. Shaffer is Unifund's Vice President of Legal Operations. Mr. Shaffer declares that upon receipt of Ms. Johnson's complaint in this action, Unifund's Legal Department "ran a variety of detailed computer searches with the assistance of personnel from Unifund's Information Technology Department" to locate information about Ms. Johnson or Ms. Johnson's account. Mr. Shaffer submits that although Unifund "queried its databases" in a variety of ways, the searches yielded no results on Ms. Johnson or her account. According to Mr. Shaffer, Unifund also searched for Ms. Johnson using social security number information found at accurint.com, and address information found at Lexis.com. Finally, Mr. Shaffer explains that Unifund searched for Ms. Johnson using the account number information found in collection action documents Unifund requested after Ms. Johnson initiated the instant action. Mr. Shaffer contends that "Unifund has no record of Ms. Johnson or any account purportedly belonging to her."

---

[2] Ms. Johnson objects to the admissibility of Mr. Shaffer's declaration on a number of grounds, including lack of personal knowledge, lack of foundation, impermissible hearsay, argumentative, conclusory, and inconsistent with judicially noticeable facts about Unifund.

4

To dispute Unifund's position, Ms. Johnson submits documents filed in the collection action. In support of her claim that Unifund initiated the collection action against her, Ms. Johnson relies on the collection action "Complaint," Superior Court of California, County of Fresno, Case No. 04CECL 06423. (Plaintiff's Request for Judicial Notice ("RJN"), Exhibit A). The Complaint, signed by Raymond A. Marrero (Bar # 195220) ("Mr. Marrero"), names Unifund as the plaintiff and asserts two causes of action against Ms. Johnson, claiming a loss of $2,075.76 based on Ms. Johnson's failure to pay Chase under account no. 5431-4301-1360-6138. In the complaint, Mr. Marrero, purportedly on behalf of Unifund, also seeks interest at a rate of 10% on the purported debt. Ms. Johnson also submits a "Proof of Service Summons," purportedly filed by Unifund in the collection action, to prove that Unifund served Ms. Johnson with the summons, complaint, and notice of case management conference. (RJN Exhibit D). According to the Proof of Service Summons, Unifund served Ms. Johnson with these documents on August 31, 2004. Ms. Johnson further submits the entry of default judgment in favor of Unifund and against Ms. Johnson. ("Judgment," filed December 20, 2004, RJN Exhibit B). The clerk entered judgment by default against Ms. Johnson and in favor of plaintiff Unifund in the amount of $3,175.07. Finally, Ms. Johnson submits the "Substitution of New Party Plaintiff and Order," to support her assertion that Unifund transferred its rights to the default judgment against her to Lake Valley Retrievals. (RJN Exhibit E). The stipulation for substitution of the new party reads as follows:

> I, Jay Bernstein, am the qualified manager of the plaintiff in this action and am authorized to execute this document on behalf of UNIFUND CCR PARTNERS. UNIFUND CCR PARTNERS transfers all of its right, title and interest in and to this case LAKE VALLEY RETRIEVALS, INC...It is further agreed that the new party plaintiff, LAKE VALLEY RETRIEVALS, INC., a California corporation should be substituted in as the new party plaintiff.

The signature line bears the following name and designation: "Jay S. Bernstein, Unifund CCR Partners." Mr. Bernstein signed the stipulation on January 6, 2005. Sara Hagen, "Qualified Manager, Lake Valley Retrievals, Inc." also signed the stipulation on that day. The judge approved the substitution of new party plaintiff on January 27, 2005.

Additionally, Ms. Johnson argues that, pursuant to Fed. R. Civ. P. 56(f), this motion is premature. "The general principle of Rule 56(f) is that 'summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his [or her] opposition."

5

*Price v. Western Resources, Inc.*, 232 F.3d 779, 793 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. at 250 n. 5). Ms. Johnson points out that this case is still in the pleading stage, and this Court has not yet set a discovery plan. Ms. Johnson argues that she is unable to present further evidence because she has not had a meaningful opportunity to depose Mr. Shaffer, Mr. Marrero, or Mr. Bernstein. Ms. Johnson contends that her information is incomplete, as Unifund has not responded yet to her preliminary written discovery demands.[3] Ms. Johnson submits that this motion is premature, as her initial discovery efforts will likely give rise to follow-up depositions, interrogatories, and document requests.

Unifund's summary judgment motion is continued properly to allow Ms. Johnson to conduct discovery on the disputed issue. Summary judgment should not be granted when one party has yet to exercise its opportunities for pretrial discovery pursuant to Fed. R. Civ. P. 56(f). *National Life Ins. Co. v. Solomon*, 529 F.2d 59 (2d Cir. 1975). This Court has discretion to continue this motion for summary judgment if the opposing party needs to discover essential facts. *Cal. Union. Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir. 1990), *cert. denied*, 498 U.S. 1088 (1991); *see also* Fed. R. Civ. P. 56(f). Limited discovery will allow Ms. Johnson to produce evidence regarding the material factual disputes (whether Unifund initiated the collection action, whether Mr. Bernstein was an agent of Unifund, whether Mr. Marrero was Unifund's authorized attorney), including deposition testimony from Mr. Marrero and Mr. Bernstein. Moreover, discovery will allow Ms. Johnson to address the objections made to Mr. Shaffer's declaration. Ms. Johnson demonstrates that she is not in a position to present further facts essential to justify her position and that she requires additional time. Accordingly, this Court continues Unifund's motion pursuant to Fed. R. Civ. P. 56(f).

## **CONCLUSION**

For the foregoing reasons, this Court:

1. CONTINUES Unifund's motion for summary judgment to a date to be ordered by the Court at the Scheduling Conference on July 31, 2008;

2. ORDERS Ms. Johnson and Unifund to meet and confer regarding a limited and

---

[3] Unifund submitted its written discovery in reply to the instant motion.

1  expedited discovery plan to resolve the questions raised in this motion (N.B. This Court anticipates that Counsel will establish a top-priority and TIMELY discovery plan so that the Rule 56 issues can be ruled upon by this Court. Limited time will be approved by the Court to accomplish this discovery); and

3. ORDERS Ms. Johnson and Unifund to file, **no later than July 28, 2008**, a joint discovery and motion plan setting forth proposed: (1) TIMELY and LIMITED discovery deadlines, (2) deadlines for any NEEDED supplemental documents to be filed (N.B. This will not be an opportunity to refile and reargue that already submitted, but rather ONLY supplement), and (3) hearing date for this motion. The Court will set these dates as part of the July 31, 2008 initial scheduling conference.

IT IS SO ORDERED.

**Dated:   July 23, 2008**                           /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE