# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JP MORGAN CHASE BANK DBA<br>CHASE MANHATTAN, et al,<br><br>　　　　Defendants.<br>_____/ | CASE NO. CV-F-008-0081 LJO SMS<br><br>**ORDER ON BERNSTEIN'S MOTION TO DISMISS** (Doc. 77) |

## INTRODUCTION

By notice on September 1, 2008, defendant Jay S. Bernstein ("Mr. Bernstein") moves to dismiss plaintiff Delores Johnson's ("Ms. Johnson's") complaint, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). Mr. Bernstein argues that Ms. Johnson's claims against him should be dismissed with prejudice, as the claims were discharged in Mr. Bernstein's bankruptcy. Ms. Johnson opposed the motion on September 22, 2008, and argues that Mr. Bernstein's bankruptcy disposition has no effect on her nondischargeable claims. Unifund replied on October 2, 2008. This Court finds this motion suitable for a decision without hearing and, pursuant to Local Rule 78-230(h), vacates the October 9, 2008 hearing. For the reasons discussed below, this Court DENIES Mr. Bernstein's motion to dismiss. The Court further finds that Ms. Johnson has cured an initial jurisdictional deficiency and properly proceeds against Mr. Bernstein in this action.

1

# BACKGROUND

## Factual Background[1]

In 2004, Ms. Johnson was the subject of collection activities instituted by some of her creditors. Ms. Johnson received a letter from defendant Lake Valley Retrievals on August 10, 2004, demanding payment for an outstanding credit card debt purportedly sold to Lake Valley Retrievals by defendant Chase Bank USA, N.A. ("Chase"). Specifically, Lake Valley Retrievals sought to collect a principal sum of $2,075.76, with $139.50 in accrued interest. Ms. Johnson contacted Lake Valley Retrievals to dispute the debt, because she never had a Chase account.

On August 27, 2004, defendant Unifund initiated a state court debt collection action ("collection action") against Ms. Johnson. Despite her initial dispute of the claim, Ms. Johnson alleges that Unifund continued the litigation against her and made false reports to credit reporting agencies based on false information. Ms. Johnson further alleges that on December 20, 2004, Unifund obtained judgment against her based on false affidavits. After obtaining default judgment against Ms. Johnson, she alleges that Unifund transferred its rights and interests in the case back to Lake Valley Retrievals. Ms. Johnson's wages were garnished $100 each month, pursuant to the earnings withholding order in the collection action.

Two years later, Chase notified Ms. Johnson by letter that, upon investigation, Chase had determined that its former account, for which she had been sued, was based on fraudulent transactions and that Ms. Johnson was not responsible for the debt. Ms. Johnson notified the defendants in this action that the purported debt was based on fraudulent transactions, but they refused to cease collection efforts and continued to garnish Ms. Johnson's wages. On August 9, 2007, the state court set aside the default judgment in the collection action and allowed Ms. Johnson to respond to the complaint. The court recalled and quashed the earnings withholding order. On August 29, 2007, Ms. Johnson answered the complaint and asserted defenses of the "fraudulent nature of the transactions" giving rise to the alleged Chase debt.

///

---

[1] These facts are derived from Ms. Johnson's amended complaint and are assumed to be true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996)

**Procedural Background**

On December 26, 2007, Ms. Johnson filed this action in the Superior Court, County of Fresno (Case No. 07CECG04298). Unifund removed the action to this Court on January 15, 2008. Ms. Johnson proceeds on her first amended complaint ("FAC") filed on March 26, 2008. In the FAC, Ms. Johnson alleges the following causes of action against Mr. Bernstein: (1) Cal. Civ. Code sec. 1788 et seq., California's Fair Debt Collection Practices Act; (2) 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act; (3) defamation; (4) 18 U.S.C. §1961 et seq. ("RICO"); (5) Cal. Bus. & Prof. Code section 17200 et seq., Unfair Competition Law; and (6) intentional infliction of emotional distress.

**Bernstein Bankruptcy Proceedings**

On October 10, 2007, Mr. Bernstein, seeking relief under Chapter 7 of the Bankruptcy Code, filed *In re Jay S. Bernstein*, United States Bankruptcy Court, Southern District of California, case number 07-5713-JM7 ("Bernstein Bankruptcy").[2] Mr. Bernstein amended his schedule on November 2, 2007. A requested discharge on January 15, 2008 was followed by an amended discharge request on March 21, 2008. On March 24, 2008, the trustee filed a report of no distribution. Accordingly, on March 25, 2008, the bankruptcy court approved the trustee's report of no distribution and discharged Mr. Bernstein's debts in a no-asset, no-bar-date Chapter 7 bankruptcy.

Ms. Johnson had no notice of the Bernstein Bankruptcy. Mr. Bernstein did not amend his schedule to include Ms. Johnson after she initiated this action. The parties do not dispute that Ms. Johnson had no notice of the Bernstein Bankruptcy until after the bankruptcy court closed the case.

**ANALYSIS & DISCUSSION**

**Standards of Review**

A motion to dismiss pursuant to Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. In resolving a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396

---

[2] Pursuant to Federal Rule of Evidence 201, this Court takes judicial notice of the docket and all documents on file in *In re Jay S. Bernstein,* United States Bankruptcy Court, Southern District of California, case number 07-5713-JM7.

U.S. 869 (1969); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

While Rule 8(a) generally requires only a short and plain statement of the case, Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). (citation and internal quotations omitted).

**Dischargeability**

As an initial matter, the Court notes that it has jurisdiction to determine whether Ms. Johnson's claims are nondischargeable "at any time" after a bankruptcy is filed. Fed. R. Bankr. P. 4007(b); *Irons v. Santiago*, 175 B.R. 48, 50 (9th Cir. BAP 1994). As a "penalty to the debtor for failing to schedule a fraud debt or otherwise inform the creditor of the bankruptcy," the sixty-day limitations period to file an adverse action of nondischargeability is waived and Mr. Bernstein forfeits his right to have dischargeablity determined exclusively by the bankruptcy court. *In re Franklin*, 179 B.R. 913, 924 (9th Cir. BAP 1995); *see also*, 28 U.S.C. §1334 (district courts have original but not exclusive jurisdiction over Title 11 of the United States Code). Accordingly, this Court may resolve the issue of dischargeability.

With exceptions enumerated in 11 U.S.C. §523, a bankruptcy discharge relieves the debtor of all debts that arose before the date of the petition. 11 U.S.C. §727(b); *Ohio v. Kovacs*, 717 F.2d 984 (9th Cir. 1983), *aff'd*, 469 U.S. 274 (1985). Mr. Bernstein argues that Ms. Johnson's claims against him were discharged, as they are based on pre-petition acts. Ms. Johnson contends that the bankruptcy discharge did not affect her claims, because they are nondischargeable and fit within the 11 U.S.C. §523

4

exceptions. For their positions, both parties rely on *In re Beezley*, 994 F.2d 1433 (9th Cir. 1992) (O'Scannlain, J) (concur).[3]

In a no-assets, no-bar-date Chapter 7 bankruptcy, "scheduling, per se, is irrelevant to dischargeability." *Beezley*, 994 F.2d at 1437. Mr. Bernstein relies on this holding to argue that Ms. Johnson's lawsuit, and the liability she seeks to impose, were discharged notwithstanding Mr. Bernstein's failure to schedule Ms. Johnson as a creditor. Ms. Johnson points to the *Beezley* court's reasoning, which applies with particularity to the instant circumstances: Where the creditor's claims against the debtor are based on fraud,

> the debtor's failure to schedule in time to provide notice to the creditor of the need to seek an adjudication of dischargeability is *conclusive* (at least in the absence of actual knowledge of the bankruptcy on the part of the creditor). The debt is not discharged. Scheduling makes no difference to outcome. Reopening a case does not extend the time to file complaints to determine dischargeability. Either the creditor had actual, timely notice of the [case] or he didn't. Amending the schedules will not change that.

*Beezely*, 994 F.2d at 1437 (italics in original). Thus, "a non-dischargeable debt would not have been discharged regardless of scheduling." *In re Nielsen*, 383 F.3d 922, 926 (9th Cir. 2004). Accordingly, this Court must determine whether Ms. Johnson's claims are nondischargeable.

Mr. Bernstein plays a prominent role in the alleged scheme described with particularity in Ms. Johnson's FAC. According to the FAC, Mr. Bernstein "guided the operation of the conspiracy" that caused credit reporting agencies to be notified falsely that Ms. Johnson was delinquent in her payment of the alleged Chase account, fraudulently sought to collect a non-existent debt, and obtained judgment against her in the collection action based on false representations. Ms. Johnson alleges that Mr. Bernstein furthered the conspiracy by: (1) executing documents related to the assignments of her account; (2) executing a Declaration of Lost Original Documents; (3) acting as an officer and agent of the other defendants; (4) executing and filing false documents with the court in the collection action; and (5) speaking with Ms. Johnson by telephone in an effort to collect the purported debt. Ms. Johnson contends that at various times, to advance the collection action and to effect the various assignments of the purported debt, Mr. Bernstein represented himself to be: (1) Collection Manager for Lake Valley

---

[3] The Ninth Circuit Court of Appeals later adopted the reasoning in "Justice O'Scannlain's scholarly concurrence in *Beezely*." *In re Nielsen*, 383 F.3d 922, 926 (9th Cir. 2004).

Retrievals; (2) Qualified Manager of Unifund; (3) Qualified Manager of Lake Valley Retrievals; (4) Vice President of Lake Valley Retrievals; (5) service agent for Lake Valley Retrievals; and (6) collection staff at defendant V.I.P.

Based on Ms. Johnson's allegations, two exceptions of dischargeability apply to Ms. Johnson's claims against Mr. Bernstein.[4] First, 11.U.S.C. §523(a)(2)(A) provides for the nondischargeability of debts incurred through "false pretenses, a false misrepresentation, or actual fraud." This provision mirrors the concept of common law fraud. *In re Franklin*, 179 B.R. 913, 918 n.3 (E.D. Cal. Bank. 1995). Thus, to establish an exception pursuant to 11 U.S.C. §523(a)(2), Ms. Johnson must allege: "1) misrepresentation of a material fact; 2) knowledge of the falsity of the representation; 3) intent to induce reliance; 4) justifiable reliance; and 5) damages." *In re Tsurukama*, 287 B.R. 515, 520 (9th Cir. BAP 2002). Next, a debtor may not discharge a debt caused by the "willful and malicious injury" by the debtor against another person. 11.U.S.C. §523(a)(6); *see also*, 11 U.S.C. §101(15) ("entity" includes a person). A "willful" injury is a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *In re Su*, 290 F.3d 1140, 1143 (9th Cir. 2002). "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Id*. at 1146-47.

Ms. Johnson pleads all of the essential elements of a nondischargeable debt under 11 U.S.C. §§523(a)(2) and 523(a)(6) in the FAC. Ms. Johnson alleges that Mr. Bernstein made material misrepresentations to her, the court in the collection action, and credit reporting agencies, upon which she relied, that caused her injury. Ms. Johnson details allegations of a fraudulent scheme that Mr. Bernstein allegedly orchestrated to injure her. These allegations of fraud relate to each and all of the causes of action against Mr. Bernstein. Mr. Bernstein does not seriously challenge the sufficiency of Ms. Johnson's allegations. Because this Court must accept as true Ms. Johnson's allegations, and must make

---

[4] Both of these exceptions fall under 11.U.S.C. §523(a)(3)(B), which allows a creditor to pursue an action based on pre-petition events if the debtor had no notice and no knowledge of the bankruptcy action. Generally, Ms. Johnson would be required to plead and prove the additional elements that the debt was unscheduled, unlisted, and she was unaware of the bankruptcy in time to comply with the 60-day deadline. *In re Franklin*, 179 B.R. 913, 924 (E.D. Cal. Bank. 1995). However, as discussed more fully above, the 60-day deadline is inapplicable under these circumstances. Moreover, the parties do not dispute the additional elements. Thus, the Court need not analyze these elements here.

inferences in her favor, *Cahill*, 80 F.3d at 337-338, the Court cannot, as a matter of law, rule that her claims were discharged in the Bernstein Bankruptcy. Rather, to the extent Ms. Johnson's claims are nondischargeable, Ms. Johnson may continue to litigate them. *In re Nielson*, 383 F.3d at 927. Accordingly, Mr. Bernstein's motion to dismiss is denied.

## Effect of Automatic Stay

The Court now turns to a question largely ignored by both parties in this action: Whether this Court has jurisdiction over Ms. Johnson's claims against Mr. Bernstein. Ms. Johnson initiated this action against Mr. Bernstein during the pendency of his bankruptcy proceedings. However, a petition in bankruptcy operates as an automatic stay of all judicial proceedings against the debtor once the bankruptcy petition is filed. The relevant provision, 11 U.S.C. §362(a)(1), provides:

> a petition filed under...this title operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case...or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case.

The automatic stay precludes commencement or continuation of an action in a nonbankruptcy forum to recover a claim against a debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. §362(a)(1). "[A]n action in violation of the stay is void ab initio rather than merely voidable." *Franklin*, 179 B.R. at 924-25.[5] Accordingly, Ms. Johnson's attempt to initiate this action against Mr. Bernstein during the pendency of the bankruptcy proceedings violated the automatic stay and is void ab initio.[6]

Although Ms. Johnson's *initial* attempt to pursue this action against Mr. Bernstein is void, Ms. Johnson properly commenced this action against Mr. Bernstein *after* the automatic stay expired. As a general rule, when a bankruptcy discharge is granted, the automatic stay of proceedings against the debtor is replaced by a statutory injunction set forth in 11 U.S.C. §524. However, the permanent injunction prohibits actions only with respect to dischargeable debts, and does not apply to nondischargeable debts. *United States v. White*, 466 F.3d 1241 (11th Cir. 2006). Thus, once Mr.

---

[5] The action is void as to Mr. Bernstein only and has no effect on the other defendants who were not in bankruptcy proceedings. *In re Franklin*, 179 B.R. at 925.

[6] This Court has jurisdiction to construe the automatic stay. *In re Franklin*, 179 B.R. at 925. "The power of a nonbankruptcy court to construe the applicability of the automatic stay is a manifestation of the principle that a court has the jurisdiction to decide its own jurisdiction." *Id*. (citing *United States v. United Mine Workers*, 330 U.S. 258, 290-93 (1947)).

Bernstein's bankruptcy was discharged, Ms. Johnson, as a holder of a nondischargeable debt, was entitled to pursue this action against him. *Id.*; *see also Gakinya v. Columbia College*, 364 B.R. 366 (Bank. W.D. Mo. 2007) (collection agency did not violate discharge injunction by attempting to collect nondischargeable debt that Chapter 7 debtor owed). Mr. Bernstein's debts were discharged on March 25, 2008. Ms. Johnson filed and served her FAC on March 26, 2008. Because her complaint against Mr. Bernstein is void ab initio, Ms. Johnson properly initiated this action against Mr. Bernstein when she filed the FAC after his bankruptcy was discharged. *See, Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1165 (9th Cir. 2002) (proceeding commences against party added in amended complaint at the time amended complaint is filed); *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 856 (9th Cir. 1986) (amended complaint adding new defendant relates back to original filing date only if certain conditions are satisfied).[7] Accordingly, this Court has jurisdiction over Ms. Johnson's nondischargeable claims filed after the discharge of the automatic stay and exempted from the injunction.

**CONCLUSION**

For the foregoing reasons, this Court:

1. DENIES Mr. Bernstein's motion to dismiss;
2. FINDS that jurisdiction exists over Ms. Johnson's claims against Mr. Bernstein; and
3. VACATES the October 9, 2008 motion hearing.

IT IS SO ORDERED.

**Dated:   October 3, 2008**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

---

[7] In addition, considering the fraudulent nature of the allegations and Mr. Bernstein's failure to notify Ms. Johnson of his bankruptcy proceeding, the Court finds that good causes exists to grant Ms. Johnson relief from the automatic stay nunc pro tunc. See *In re Scott*, 260 B.R. 375 (D. S.C. Bank. 2001); *In re 343 East 43rd Street Holding Corp.*, 46 B.R. 562 (S.D. NY Bank. 1955). Rather than require the original bankruptcy court to consider a retroactive petition for relief from the automatic stay, however, the Court finds that the determination of these issues by this Court preserves scarce judicial resources and is the wise choice for the administration of justice. *In re Lagrotteria,* 42 B.R. 864 (N.D. Ill. 1984).