IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON,<br><br>           Plaintiff,<br>   vs.<br>JP MORGAN CHASE BANK DBA<br>CHASE MANHATTAN, et al,<br><br>           Defendants.<br>_____/ | CASE NO. CV-F-008-0081 LJO SMS<br><br>**ORDER ON UNIFUND'S MOTION FOR SUMMARY JUDGMENT** (Doc. 14) |

### INTRODUCTION

By notice on June 19, 2008, Defendant Unifund CCR Partners ("Unifund") moved for summary judgment, pursuant to Fed. R. Civ. P. 56, against Plaintiff Delores Johnson ("Ms. Johnson"). Unifund argued that judgment should be entered in its favor because it was uninvolved in the underlying action that forms the basis of Ms. Johnson's claims. In opposition, Ms. Johnson argued that Unifund's motion was premature, pursuant to Fed. R. Civ. P. 56(f). This Court held this motion in abeyance to allow the parties to conduct limited discovery on the limited issue raised in Unifund's motion. Having conducted discovery, Ms. Johnson renewed her opposition to Unifund's motion on November 14, 2008. Unifund replied on November 21, 2008. This Court found this motion suitable for a decision without hearing and, pursuant to Local Rule 78-230(h), vacated the December 1, 2008 hearing. For the reasons discussed below, this Court GRANTS Unifund's summary judgment motion.

## BACKGROUND

### Facts Underlying the Instant Action

In 2004, Ms. Johnson was the subject of collection activities instituted by some of her creditors. Ms. Johnson received a letter from Lake Valley Retrievals on August 10, 2004, demanding payment for an outstanding credit card debt purportedly sold to Lake Valley Retrievals by Defendant Chase Bank USA, N.A. ("Chase").[1] Specifically, Lake Valley Retrievals sought to collect a principal sum of $2,075.76, with $139.50 in accrued interest. Ms. Johnson contacted Lake Valley Retrievals to dispute the debt, because she never had a Chase account.

On August 27, 2004, a state court debt collection action ("collection action") was initiated against Ms. Johnson. The facts surrounding Unifund's involvement in the collection action form the basis of Unifund's motion and will be discussed more fully below. Here, the Court presents evidence of the judicially noticeable documents filed in the collection action.

The "Complaint" in the collection action, Superior Court of California, County of Fresno, Case No. 04CECL 06423, is signed by Raymond A. Marrero (Bar # 195220) ("Mr. Marrero") and names Unifund as the plaintiff. The complaint asserts two causes of action against Ms. Johnson and claims a loss in the amount of $2,075.76 based on Ms. Johnson's failure to pay under Chase account no. 5431-4301-1360-6138. In the complaint, Mr. Marrero, purportedly on behalf of Unifund, also seeks interest, at a rate of 10%, on the purported debt. According to the Proof of Service Summons, "Unifund" served Ms. Johnson with the complaint on August 31, 2004. On December 20, 2004, the clerk entered judgment by default against Ms. Johnson and in favor of plaintiff Unifund in the amount of $3,175.07. Thereafter, the Court entered a "Substitution of New Party Plaintiff and Order." The stipulation for substitution of the new party reads as follows:

> I, Jay Bernstein, am the qualified manager of the plaintiff in this action and am authorized to execute this document on behalf of UNIFUND CCR PARTNERS. UNIFUND CCR PARTNERS transfers all of its right, title and interest in and to this case LAKE VALLEY RETRIEVALS, INC...It is further agreed that the new party plaintiff, LAKE VALLEY RETRIEVALS, INC., a California corporation should be substituted in as the new party plaintiff.

---

[1] Unifund does not dispute Ms. Johnson's general allegations. Accordingly, these facts are derived from Ms. Johnson's amended complaint.

The signature line bears the following designation: "Jay S. Bernstein, Unifund CCR Partners." Mr. Bernstein signed the stipulation on January 6, 2005. Sara Hagen, "Qualified Manager, Lake Valley Retrievals, Inc." also signed the stipulation on that day. The stipulation to substitute a new party plaintiff was approved by the state court on January 27, 2005.

Two years later, Chase notified Ms. Johnson by letter that, upon investigation, Chase had determined that its former account, for which she had been sued, was based on fraudulent transactions and that Ms. Johnson was not responsible for the debt. Ms. Johnson notified the defendants in this action that the purported debt was based on fraudulent transactions, but they refused to cease collection efforts and continued to garnish Ms. Johnson's wages. On August 9, 2007, the state court set aside the default judgment in the collection action and allowed Ms. Johnson to respond to the complaint. The court recalled and quashed the earnings withholding order. On August 29, 2007, Ms. Johnson answered the complaint and asserted defenses of the "fraudulent nature of the transactions" giving rise to the Chase debt.

**Unifund's Involvement in Collection Action**

Unifund concedes that the collection action was brought in its name. Moreover, Unifund does not dispute that documents were signed and submitted in the collection action by people who purported to be connected with Unifund. Unifund contends, however, that it has no knowledge of, did not consent to, ratify or authorize, the collection action. Unifund claims that it took no part in the conduct upon which Ms. Johnson's action is based. Unifund concludes that summary judgment should be granted in its favor because it was uninvolved in the underlying collection action.

Initially, Unifund relied on the declaration of Jeffrey Shaffer ("Mr. Shaffer"), Unifund's Vice President of Legal Operations, to support this motion. Mr. Shaffer declared that upon receipt of Ms. Johnson's complaint in this action, Unifund's Legal Department "ran a variety of detailed computer searches with the assistance of personnel from Unifund's Information Technology Department" to locate information about Ms. Johnson or Ms. Johnson's account. Mr. Shaffer submits that although Unifund "queried its databases" in a variety of ways, the searches yield no results on Ms. Johnson or her account. According to Mr. Shaffer, Unifund also searched for Ms. Johnson using social security number information found on accurint.com and address information found at Lexis.com. Finally, Mr. Shaffer

explains that Unifund searched for Ms. Johnson using the account number information found in documents filed in the collection action. Ms. Sheffer contends that "Unifund has no record of Ms. Johnson or any account purportedly belonging to her."

Pursuant to this Court's order, the parties conducted limited discovery to collect evidence of Unifund's disputed involvement in the collection action. The parties took the deposition testimonies of Mr. Bernstein, Mr. Marrero, and Tatum S. Hilmoe ("Mr. Hilmoe"). The parties served Fed. R. Civ. P. 26 initial disclosures and responded to requests for the production of documents. Based on that discovery, the parties offer the following additional evidence:

Unifund and Lake Valley Retrievals are companies that acquire and collect consumer debt. In some instances, Unifund resold to Lake Valley Retrievals consumer debt it had acquired. In other instances, Unifund entered into separate Leased Account Agreements with Lake Valley Retrievals to lease certain consumer debt accounts to Lake Valley Retrievals.

Pursuant to the terms of the Leased Accounts Agreements between Unifund and Lake Valley Retrievals, Lake Valley Retrievals would handle the collection activities on behalf of Unifund for the leased accounts identified in the agreement. If litigation were deemed necessary, Lake Valley Retrievals was to initiate a collection action in Unifund's name and pursue the legal action in Unifund's name.

Mr. Marrero was employed by Lake Valley Retrievals as an attorney to engage in collection litigation. Mr. Marrero prepared the collection action underlying this action against Ms. Johnson and filed it on August 27, 2004. Mr. Marrero filed the action in Unifund's name based on information he found on a computer file and database. The computer database Mr. Marrero consulted was owned and maintained by Lake Valley Retrievals. Lake Valley Retrievals employees input the information into the database. Unifund never accessed the computer database Mr. Marrero consulted when he made the determination to initiate the action in Unifund's name.

Lake Valley Retrievals discovered that some of its employees authorized to enter information into its database entered erroneous information. Lake Valley Retrievals, through Mr. Bernstein, discovered that it filed the collection against Ms. Johnson in Unifund's name erroneously. To correct the error, Mr. Marrero and Mr. Hilmoe filed a substitution of a new party plaintiff. Accordingly, Lake Valley Retrievals was substituted as a new party on January 27, 2005.

The following material facts are undisputed: Unifund did not own Ms. Johnson's account. Unifund did not lease Ms. Johnson's account to Lake Valley Retrievals. Ms. Johnson's account was not an account identified as a leased account in any of the Leased Accounts Agreements between Unifund and Lake Valley Retrievals. At no time did Unifund have an interest in Ms. Johnson's account, nor did Unifund authorize or participate in the collection action against Ms. Johnson.

## Procedural Background

On December 26, 2007, Ms. Johnson filed this action in the Superior Court, County of Fresno (Case No. 07CECG04298), alleging the following six causes of action against Unifund: (1) Cal. Civil Code section 1788 et seq, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (2) 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"); (3) defamation; (4) 18 U.S.C. §1961 et seq ("RICO"); (5) Cal. Bus. & Prof. Code section 17200 et seq.; and (6) intentional infliction of emotional distress. Unifund removed the action to this Court on January 15, 2008. On January 22, 2008, Unifund moved to dismiss Ms. Johnson's complaint. This Court granted in part and denied in part Unifund's motion. *Johnson v. JP Morgan Chase Bank*, 536 F.Supp.2d 1207 (E.D. Cal. 2008). Unifund now moves for summary judgment in its favor.

## DISCUSSION

### Summary Judgment Standards

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial. *Id*. at 322. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

1   "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quoting Fed. R. Civ. P. 56(e)).

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968); *T.W. Elec. Serv.*, 809 F.2d at 631. The nonmoving party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to "set out specific facts showing that there is a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988). When a summary judgment motion is unopposed, a court must "determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990). A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004). A court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

### No Collateral Attack or Review of State Court Judgment

In her supplemental opposition to Unifund's summary judgment motion, Ms. Johnson argues that Unifund's summary judgment motion is an impermissible collateral attack on the judgment entered in

the collection action. Ms. Johnson argues that a judgment in a state court action is valid on its face and is not subject to collateral attack. Ms. Johnson contends that the facts consistent with the validity of the judgment in the collection action are presumed to be true. Additionally, Ms. Johnson argues that Unifund's motion constitutes an impermissible request for this Court to review the correctness of a state court judgment.

The Court need not address the merits of Ms. Johnson's arguments, because the undisputed facts show that the state entered default against Ms. Johnson on December 20, 2004, but also set aside that default judgment against her on August 9, 2007. Ms. Johnson responded to the complaint in the collection action on August 29, 2007. The collection action continues to be litigated. Because the judgment was vacated, Ms. Johnson has no basis to contend that Unifund's motion for summary judgment constitutes an impermissible collateral attack upon, or an impermissible review of, a state court judgment.

## **Agency**

Ms. Johnson does not dispute that Unifund did not initiate the collection action, and did not authorize the collection action. Ms. Johnson contends that Unifund's summary judgment motion should be denied because Unifund is responsible for the actions of Lake Valley Retrievals. Ms. Johnson asserts that the Leased Accounts Agreement between Unifund and Lake Valley Retrievals created an agency relationship between the two parties and that Unifund is liable for the negligence and mistakes of Lake Valley Retrievals, which acted as Unifund's agent. Ms. Johnson maintains that summary judgment is improper because the scope of the agency is a question of fact for the jury to resolve.

Ms. Johnson relies on *Mary M v. City of Los Angeles*, 54 Cal. 3d 202, 213 (1991) for her assertion that the determination of whether an agent has acted within the scope of his agency is a question of fact for the jury. In *Mary M.*, the court ruled:

> Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; *it becomes a question of law, however when the facts are undisputed and no conflicting inferences are possible.* In some cases, the relationship between an employee's work and wrongful conduct is so attenuated that a jury could not reasonably conclude that the act was within the scope of employment.

54 Cal.3d at 213 (internal citations and quotations omitted). Unifund argues that, pursuant to the rule relied upon by Ms. Johnson, the scope of the agency is a question of law for this Court to decide.

7

Unifund is correct.

The Court finds that as a matter of law, Lake Valley Retrievals acted outside the scope of the limited agency relationship created by the Leased Accounts Agreement when it initiated, pursued, and assigned the collection action against Ms. Johnson in Unifund's name. The parties do not dispute the terms of the Leased Accounts Agreement. The scope of Lake Valley Retrieval's authority to bring lawsuits in the name of Unifund was expressly limited to the leased accounts identified in each Leased Accounts Agreement. The parties do not dispute that Ms. Johnson's account was not subject to a Leased Accounts Agreement between Unifund and Lake Valley Retrievals. The parties do not dispute that Mr. Marrero, on behalf of Lake Valley Retrievals, initiated the collection action against Ms. Johnson in Unifund's name erroneously, and that the error was caused by Lake Valley Retrievals. Considering these undisputed facts, a jury could not conclude reasonably that Lake Valley Retrievals acted within the limited scope of the agency relationship created by the Leased Accounts Agreement when it initiated the collection action against Ms. Johnson in Unifund's name, pursued the action against Ms. Johnson in Unifund's named, obtained judgment against Ms. Johnson in Unifund's name, assigned the judgment to Lake Valley Retrievals. Accordingly, Unifund is not responsible for Lake Retrieval's acts, which were outside of the scope of the agency.

## **Ms. Johnson's Claims Against Unifund**

Ms. Johnson does not address Unifund's other arguments that summary judgment should be granted in its favor for each of Ms. Johnson's claims against Unifund. As set forth above, when a summary judgment motion is unopposed, this Court must determine "whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Associates*, 922 F.2d 168, 175 (3rd Cir. 1990). Accordingly, the Court considers the merits of Unifund's arguments.

Ms. Johnson asserts the following causes of action against Unifund in her amended complaint: (1) California's Fair Debt Collection Practices Act, Cal. Civil Code section 1788, et seq. (count one); (2) Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (count two); (3) defamation (count three); (4) 18 U.S.C. §1961 et seq ("RICO"); (5) Unfair Competition, Cal. Bus. & Prof. Code section 17200, et seq., (count seven); and (6) intentional infliction of emotional distress.

Unifund argues that Ms. Johnson has no evidence to support any of her claims against Unifund.

In the complaint, Ms. Johnson alleges that Unifund initiated the action against her, pursued the action against her, made representations outside of the collection action in connection with an assignment of the debt, and assigned the action as part of a conspiracy. Amended Complaint, ¶¶25(a), 25(c), 25(e)(v), 27, 28, 42, and 83. Ms. Johnson's claims against Unifund are based on these allegations. As discussed more fully above, Unifund proffered evidence to dispute Ms. Johnson's allegations. Specifically, Unifund's evidence supports its position that it did not own or assign Ms. Johnson's debt, and made no misrepresentations about Ms. Johnson's debt at any time. In opposition, Ms. Johnson has proffered no evidence to dispute Unifund's position. Rather, Ms. Johnson argues that summary judgment is inappropriate, because Unifund is liable for the actions of Lake Valley Retrievals. As discussed in the previous section, Unifund is not responsible for Lake Valley Retrieval's actions, which were outside of the limited agency relationship. Based on Ms. Johnson's absence of evidence to support her allegations against Unifund, no genuine issue remains for trial regarding Ms. Johnson's claims against Unifund and summary judgment in Unifund's favor is appropriate. *Nilsson, Robbins, et al.*, 854 F.2d at 1545 (In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted.).

## **CONCLUSION**

For the foregoing reasons, this Court GRANTS Unifund's motion for summary judgment and DIRECTS the clerk of court to enter judgment in favor of Unifund and against Ms. Johnson.

IT IS SO ORDERED.

**Dated:   November 26, 2008**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE