IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON,<br><br>        Plaintiff,<br>  vs.<br><br>JP MORGAN CHASE BANK DBA<br>CHASE MANHATTAN, et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-008-0081 LJO SMS<br><br>**ORDER TO CONTINUE CHASE'S<br>SUMMARY JUDGMENT MOTION** |

## **INTRODUCTION**

By notice on December 3, 2008, defendant Chase Bank USA, N.A. ("Chase")[1] moves for summary judgment in its favor and against Plaintiff Delores Johnson ("Ms. Johnson"), pursuant to Fed. R. Civ. P. 56. In her amended complaint, Ms. Johnson alleges that Chase engaged in unfair debt collection practices, and asserts causes of action for unfair business practices, defamation, negligent and intentional misrepresentation, and intentional infliction of emotional distress. Chase argues that Ms. Johnson's claims fails as a matter of fact and law, based on Chase's lack of communication with Ms. Johnson and Ms. Johnson's untimely action. Ms. Johnson opposed the motion on January 2, 2009. Ms. Johnson argues, *inter alia*, that this summary judgment motion is premature. For the reasons discussed below, this Court continues this motion, pursuant to Fed. R. Civ. P. 56(f).

---

[1] Defendant Chase is erroneously sued as JPMorgan Chase Bank DBA Chase Manhattan.

1

**BACKGROUND**

**Introduction**

Ms. Johnson pursues this action against Chase, Unifund CCR Partners ("Unifund"), Lake Valley Retrievals, Lake Valley Investments, Jay S. Bernstein ("Mr. Bernstein"), VIP Adjustment Bureau ("VIP"), and Bag Fund, LLC ("Bag Fund"). This action arises out of collection activities against Ms. Johnson on an account which she disputes, and the resulting collection action. Ms. Johnson alleges that the defendants conspired to harm her by misrepresenting that she had a credit card account with Chase and owed a debt on that account, initiating a collection action against her and reporting to credit agencies that she defaulted on her debt, and garnishing her wages to collect on the debt she did not owe.

**Procedural History**

On December 26, 2007, Ms. Johnson filed this action in the Superior Court, County of Fresno (Case No. 07CECG04298), alleging eight causes of action against defendants, including, (1) Cal. Civil Code section 1788 et seq, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (2) 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"); (3) defamation; (4) 18 U.S.C. §1961 et seq ("RICO"); (5) Cal. Bus. & Prof. Code section 17200 et seq.; and (6) negligent misrepresentation; (7) intentional misrepresentation; and (8) intentional infliction of emotional distress. Unifund removed the action to this Court on January 15, 2008. On January 22, 2008, Unifund moved to dismiss Ms. Johnson's complaint.

Both Unifund and Chase filed motions to dismiss, with Unifund's motion filed January 22, 2008, and Chase's motion filed on January 24, 2008. As a result of the Court's rulings on these motions, Plaintiff filed an Amended Complaint for Damages on March 26, 2008. Chase thereafter brought another motion to dismiss Ms. Johnson's RICO claim. This Court granted Chase's motion on April 29, 2008. Defendant Bag Fund then filed a challenge to the RICO claim against it on May 26, 2008. The Court denied Bag Fund's motion on June 30, 2008.

Ms. Johnson experienced difficulty with serving Lake Valley Retrievals. Ms. Johnson, with permission of the Court, proceeded to effect service of process on Lake Valley Retrievals, through the California Secretary of State. No timely appearance was made, and default was entered against Lake Valley Retrievals on July 17, 2008.

Mr. Bernstein thereafter filed his own motion to dismiss on the grounds that the action against him was foreclosed because he had obtained a discharge in bankruptcy. Mr. Bernstein's motion was filed on September 1, 2008. This Court denied Mr. Bernstein's motion on October 3, 2008.

Unifund filed a summary judgment against Ms. Johnson on June 16, 2008. This Court continued that motion, pursuant to Fed. R. Civ. P. 56(f), to allow Ms. Johnson to conduct limited discovery on the issues related to Unifund. The Court granted summary judgment in favor of Unifund and against Ms. Johnson on December 1, 2008.

Chase filed the instant motion on December 3, 2008.

## ANALYSIS & DISCUSSION

### Standard of Review

Pursuant to Fed. R. Civ. P. 56 (f), this Court has the discretion to either deny or continue a motion for summary judgment "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position." Thus, this Court has discretion to continue this motion for summary judgment if opposing party needs to discover essential facts. *Cal. Union. Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir. 1990), *cert. denied*, 498 U.S. 1088 (1991). "A request for additional time, more discovery, or...a request to consider [] affidavits under Rule 56(f) does 'oppose' the entering of summary judgment." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990). Summary judgment should not be granted when one party has yet to exercise is opportunities for pretrial discovery pursuant to Fed. R. Civ. P. 56(f). *National Life Ins. Co. v. Solomon*, 529 F.2d 59 (2d Cir. 1975). "The general principle of Rule 56(f) is that 'summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. Western Resources, Inc.*, 232 F.3d 779, 793 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n. 5 (1986)).

### Ms. Johnson's Request and Proposed Discovery Plan

Ms. Johnson contends that although she has been diligent in preparing this case for trial, several case-related issues prevented her from completing discovery related to Chase, including: (1) the defense of numerous motions; (2) Unifund-focused discovery (as ordered by this Court); and (3) the preliminary round of written discovery. Ms. Johnson contends that the Unifund-related discovery, and the defenses

related thereto, were unique. Thus, while significant discovery was obtained from and about Unifund, and depositions were conducted in San Diego, the focus of the discovery was of limited value in connection with her separate claims against Chase and the other defendants. Ms. Johnson claims that not until early October of this year were the pleadings settled, the defendants identified, and the specific claims for which each of the individual Defendants was required to defend established. These developments impacted the possible scope of discovery which Ms. Johnson could undertake up to that point.

Ms. Johnson further details the discovery she has propounded on Chase to date. According to Ms. Johnson:

> At the time of its Initial Disclosures, Chase identified only three Chase employee witnesses: an unnamed custodian of records, Elizabeth H. Wantz, and Jeanette A. Tichawa. Chase also produced 32 pages of documents. Ms. Johnson therefore followed up with written interrogatories and document requests which were propounded on Chase on June 3, 2008. CHASE's responses were served July 3, 2008. CHASE did not produce any additional documents in response to the request for production. As to some requests, CHASE indicated the only documents it had were included in the production accompanying its Initial Disclosures. With respect to other Requests, CHASE indicated that it had no responsive documents. With respect to ten of the Requests, however, CHASE objected at least in part on the grounds that the discovery called for production of documents containing proprietary trade secret and confidential information. Plaintiff's counsel followed up with a meet-and-confer letter inquiring if CHASE would produce the requested documents if the parties entered into reasonable confidentiality agreement. CHASE's counsel provided a form of a protective order in response to Plaintiff's inquiry.
>
> Counsel for Plaintiff and CHASE negotiated over numerous provisions in the form stipulation, and recently were able to reach agreement on all disputes. CHASE's counsel has circulated this draft Stipulated Protective Order to counsel for the other Defendants, but responses from them still are forthcoming. As a result, CHASE still has not produced any additional documents, as the Court has not had an opportunity to sign off on the Protective Order. Plaintiff needs the documents in order to adequately prepare for depositions of numerous witnesses whose testimony impacts both Plaintiff's claims against CHASE and CHASE's defenses to those claims.

Ms. Johnson credits Chase's motion and discovery Plaintiff with helping her to develop a discovery plan. Ms. Johnson includes the following detailed discovery plan:

(a)     Propounding follow-up interrogatories to be served on CHASE on or before January 5, 2009. (Harless Declaration, ¶8.)

(b)     Deposition of CHASE witnesses. CHASE's counsel has indicated the majority of these witnesses are located in Delaware. As a cross-country trip will be required, for the sake of efficiency, at least all the Delaware depositions should be taken at the same time. Plaintiff's trial counsel already

4

has a demanding trial and mediation schedule in January and February 2009. His only available blocks of days to take cross-country depositions would be January 26-28, February 9-11, or in the weeks after February 23. (Declaration of Stephen R. Cornwell In Opposition to Motion for Summary Judgment of CHASE BANK USA, N.A. ("Cornwell Declaration"). ¶¶2, 3.)

Deponents will include:

Karen H. Trimmer. Ms. Trimmer executed a declaration that CHASE submitted in support of its motion. Ms. Trimmer had not previously been identified by CHASE as a witness either in its Initial Disclosures or in its Responses to Interrogatories Propounded by Plaintiff, Set One. Ms. Trimmer works in Newark, Delaware. (Cornwell Declaration, ¶4.)

Anthony Demczak. Mr. Demczak also executed a declaration in dupport of CHASE's motion. He identified himself as the custodian of records for the credit card account that is the subject of this litigation. It appears from the wording in the declaration, however, that Mr. Demczak was not personally involved in handling this account, a matter critical to establishing whether Mr. Demczak can lay an adequate foundation for the evidence offered by way of his declaration. Mr. Demczak works in Wilmington, Delaware. (Cornwell Declaration, ¶4.)

Rule 30(b)(6) Witnesses. Plaintiff has noticed the depositions of crucial corporate witnesses. For example, 11 of the 32 pages produced by CHASE are computer printouts, and Plaintiff seeks to depose a knowledgeable person who can explain what each of the computer codes means. Plaintiff also seeks to depose CHASE about its relevant policies and procedures, including those related to selling or assigning delinquent accounts, investigating possible fraud, document and information retention, and compliance with applicable debt collection statutes. CHASE's counsel has indicated Plaintiff's 30(b)(6) depositions should be noticed in Wilmington, Delaware. (Cornwell Declaration, ¶4.)

Other out-of-town witnesses to be deposed:

Jeanette Tichawa. Miss Tichawa conducted the fraud investigation relating to the credit card account that is the subject of this litigation. She concluded the account involved fraudulent transaction, and she advised Plaintiff that Plaintiff was not responsible for these transactions. Ms. Tichawa was located in Elgin, Illinois when she did her investigation. (Cornwell Declaration, ¶5.)

Elizabeth Wantz. Mrs. Wantz contacted Collins Financial Services, the company to which

the relevant credit card account was assigned, to alert them to the results of Ms. Tichawa's fraud investigation and to make further arrangements with Collins about the account. Ms. Wantz was located in Frederick, MD when she conducted the communications with Collins.

### Conclusion

Ms. Johnson demonstrates that she is unable to present facts to support her case because she has not yet deposed the witnesses identified in the detailed discovery plan contained herein. Ms. Johnson further demonstrates that she has been diligent in discovery and law and motion matters in this action. Based on these considerations, and pursuant to Fed. R. Civ. P. 56(f), this Court shall afford Ms. Johnson the opportunity to complete her discovery plan as to Chase to oppose this motion.

### ORDER

For the foregoing reasons, this Court:

1. CONTINUES Chase's motion for summary judgment by 60 days to allow Ms. Johnson to complete her discovery plan;
2. SETS the following briefing schedule for this motion:
   (A) Ms. Johnson shall file and serve her supplemental opposition to this motion no later than **March 9, 2009**; and
   (B) Chase shall file and serve its reply no later than **March 23, 2009;** and
3. CONTINUES the January 21, 2009 hearing on this motion to **March 30, 2009 at 8:30 a.m.** in Courtroom 4 (LJO).

IT IS SO ORDERED.

**Dated:   January 9, 2009**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE