IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JP MORGAN CHASE BANK DBA CHASE MANHATTAN, et al,<br><br>　　　　Defendants.<br>_____/ | CASE NO. CV-F-008-0081 LJO SMS<br><br>**ORDER ON CHASE'S EX PARTE MOTION TO RECONSIDER ORDER TO CONTINUE SUMMARY JUDGMENT MOTION** |

By ex parte application, defendant Chase Bank USA, N.A. ("Chase") moved to reconsider this Court's January 9, 2009 order to continue Chase's summary judgment motion by 60 days ("Order to Continue"). Chase argues that this Court erred in continuing its summary judgment motion against plaintiff Delores Johnson ("Ms. Johnson"), pursuant to Fed. R. Civ. P. 56(f), because Ms. Johnson's declaration to support the continuance request failed to demonstrate: (1) what specific facts would be discovered; (2) how such facts would defeat the current summary judgment motion; and (3) that Ms. Johnson pursued discovery diligently. In response, Ms. Johnson continues to argue that a continuance is necessary because she has been given sufficient opportunity to discover information vital to her position. Ms. Johnson also details the focus of her proposed additional discovery. For the following reasons, this Court grants Chase's reconsideration application, vacates the Order to Continue, and resets the summary judgment briefing schedule.

**BACKGROUND**

Ms. Johnson initiated this action on December 26, 2007. This action is based on an underlying collection action against Ms. Johnson for a debt Ms. Johnson allegedly owed on a Chase account ("Account"). Ms. Johnson alleges that Chase engaged in unfair debt collection practices, and asserts causes of action for unfair business practices, defamation, negligent and intentional misrepresentation, and intentional infliction of emotional distress. On December 3, 2008, Chase filed a motion for summary judgment against Ms. Johnson. Chase argues that Ms. Johnson's claims fails as a matter of fact and law, based on Chase's lack of communication with Ms. Johnson and Ms. Johnson's untimely action. In opposition, Ms. Johnson argued, inter alia, that Chase's motion was premature and should be continued pursuant to Fed. R. Civ. P. 56(f).

On January 9, 2009, this Court continued Chase's summary judgment motion to allow Ms. Johnson to complete her discovery plan against Chase. In the Order to Continue, the Court outlined the bases for Ms. Johnson's request, which included: (1) several case-related issues which delayed Ms. Johnson's discovery related to Chase; (2) the discovery Ms. Johnson propounded on Chase to date; and (3) what further discovery Ms. Johnson requested. After considered Ms. Johnson's request, this Court concluded:

> Ms. Johnson demonstrates that she is unable to present facts to support her case because she has not yet deposed the witnesses identified in the detailed discovery plan herein. Ms. Johnson further demonstrates that she has been diligent in discovery and law and motion matters in this action. Based on these considerations, and pursuant to Fed. R. Civ. P. 56(f), this Court shall afford Ms. Johnson the opportunity to complete her discovery plan as to Chase to oppose this motion.

Order to Continue, p. 6.

Chase filed an ex parte application for leave to oppose this Court's Order to Continue. This Court granted Chase leave to file its opposition and construed its opposition as a motion for reconsideration. Order on Parties' Requests to File Briefs, January 13, 2009, p.2. Additionally, the Court granted Ms. Johnson's request to file a response, but ordered Ms. Johnson to "address the issues raised by Chase, including, but not limited to: (a) what specific facts Ms. Johnson anticipates will be discovered through further discovery; and (b) how such facts would defeat the current summary judgment motion." *Id*.

Having considered the parties' memoranda in support of their positions, this Court issues the

following order.

## STANDARD OF REVIEW

This Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *see also, Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion." To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g., Kern-Tulare Water Dist. V. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Chase argues that this Court should reconsider its Order to Continue on the following grounds:

1. This Court did not follow the standard on Fed. R. Civ. P. 56(f) continuances as set forth in *Tatum v. City & County of San Francisco*, 441 F.3d 1090 (9th Cir. 2006) ("*Tatum*"), which requires a party to set forth what specific facts are to be discovered and how those specific facts will defeat summary judgment;

2. Ms. Johnson fails to set forth specific facts to be discovered and how such facts would defeat summary judgment; and

3. Ms. Johnson was not diligent in her discovery requests.

The Court considers Chase's arguments below.

## DISCUSSION

### Fed. R. Civ. P. 56(f) Continuance Standards

In its Order to Continue, this Court set forth the following standards of review to consider Ms. Johnson's Fed. R. Civ. P. 56(f) request:

> Pursuant to Fed. R. Civ. P. 56 (f), this Court has the discretion to either deny or continue a motion for summary judgment "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position." Thus, this Court has discretion to continue this motion for summary judgment if opposing party needs to discover essential facts. *Cal. Union. Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir. 1990), *cert. denied*, 498 U.S. 1088 (1991). "A request for additional time, more discovery, or...a request to consider [] affidavits under Rule 56(f) does 'oppose' the entering of summary judgment." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990). Summary judgment should not be granted when one party has yet to exercise is opportunities for pretrial discovery pursuant to Fed. R. Civ. P. 56(f). *National Life Ins. Co. v. Solomon*, 529 F.2d 59 (2d Cir. 1975). "The general principle of Rule 56(f) is that 'summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price v. Western Resources, Inc.*, 232 F.3d 779, 793 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n. 5 (1986)).

Chase argues that this Court erred by failing to follow *Tatum*, 441 F.3d 1090, 1100, in which the Ninth Circuit ruled:

> A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. *See* Fed. R. Civ. P. 56(f); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998); *see also* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2740 (3d ed. 1998) ("when the movant has met the initial burden required for the granting of a summary judgment, the opposing party either must establish a genuine issue for trial under Rule 56(e) or explain why he cannot yet do so under Rule 56(f)").

This Court agrees with Chase that the appropriate standard for a Rule 56(f) continuance, as set forth in *Tatum*, requires a party requesting a continuance to set forth what specific facts she intends to discover and how those facts would defeat summary judgment. This Court erred in granting Ms. Johnson's Fed. R. Civ. P. 56(f) request without requiring Ms. Johnson to meet this standard. Accordingly, reconsideration of the Order to Continue is appropriate.

### Ms. Johnson's Rule 56(f) Request

In its Order on Parties' Requests to File Briefs, this Court ordered Ms. Johnson to address the following: "(a) what specific facts Ms. Johnson anticipates will be discovered through further discovery; and (b) how such facts would defeat the current summary judgment motion (including Chase's argument

that Ms. Johnson's claims are barred by the statute of limitations)." The Court now reconsiders Ms. Johnson's Fed. R. Civ. P. 56(f) request according to the *Tatum* standard outlined above.

### Specific Facts

Ms. Johnson proposes her additional discovery to focus on facts related to the following: (1) the existence or non-existence of the Account, (2) the fraudulent charges on the Account; (3) Chase's transfer of this Account, (4) policies, procedures about confirming a debt before it is transferred to collection; (5) Chase's alleged purging of the Account documents; (6) the determination that the Account was based on fraud; (7) why that determination was not made earlier; and (8) what Case did to relieve Ms. Johnson from the effects of its handling of the Account.

### How Facts Would Defeat Summary Judgment Motion

Although ordered specifically to do so, Ms. Johnson fails to address how the discovery of additional facts would defeat Chase's motion to summary judgment. Chase argues that Ms. Johnson's claims fails as a matter of law, because Chase never communicated with Ms. Johnson in a way proscribed by law, and Ms. Johnson's claims are untimely. In her reply, Ms. Johnson responds to the "statute of limitations issues" by copying and pasting the arguments from her prior opposition to Chase's motion.

Ms. Johnson's statute of limitations arguments are based solely on law. Ms. Johnson argues that her claims are timely based on: (1) the continuing violations doctrine; (2) originator of defamation is responsible for subsequent publications; (3) subsequent republication begins anew the statute of limitations; (4) the limitations period did not accrue until the collection action judgment against her; and (5) tolling and delayed accrual. Ms. Johnson does not argue that additional facts will change the resolution of those issues that are matters of law. Thus, Ms. Johnson's response demonstrates that the issues raised in Chase's summary judgment motion can be resolved without the need for additional discovery. Accordingly, this Court denies Ms. Johnson's Fed. R. Civ. P. 56(f) request.

### CONCLUSION AND ORDER

Based on the foregoing, this Court:

1. GRANTS Chase's reconsideration application;

2. DENIES Ms. Johnson's request to continue Chase's summary judgment motion;

1    3.    VACATES this Court's January 9, 2009 order; and

2    4.    ORDERS Chase to file a reply to the summary judgment motion no later than **February 2, 2009.**

3         This Court will deem the motion submitted on the documents once the Court receives and

4         reviews Chase's reply brief.

5 IT IS SO ORDERED.

6 **Dated:**    **January 23, 2009**         /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE