1

2          **IN THE UNITED STATES DISTRICT COURT**

3          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5    DELORES JOHNSON,                          CASE NO. CV-F-008-0081 LJO SMS

6              Plaintiff,                      **ORDER ON CHASE'S SUMMARY**
                                              **JUDGMENT MOTION** (Doc. 110)
7         vs.

8    JP MORGAN CHASE BANK DBA
     CHASE MANHATTAN, et al,
9
               Defendants.
10   _____/

11
                          **INTRODUCTION**
12
            Defendant Chase Bank USA, N.A. ("Chase")[1] moves for summary judgment in its favor and
13
     against plaintiff Delores Johnson ("Ms. Johnson") pursuant to Fed. R. Civ. P. 56 by notice on December
14
     3, 2008.  In her amended complaint, Ms. Johnson alleges that Chase engaged in unfair debt collection
15
     practices, and asserts causes of action for unfair business practices, defamation, negligent and intentional
16
     misrepresentation, and intentional infliction of emotional distress.  Chase argues that Ms. Johnson's
17
     claims fails as a matter of fact and law, based on Chase's lack of communication with Ms. Johnson and
18
     the applicable statutes of limitations.  Ms. Johnson opposed the motion on January 2, 2009.  Chase
19
     replied on January 30, 2009.  This matter was submitted on the pleadings without oral argument pursuant
20
     to Local Rule 78-230(h).  For the reasons discussed below, this Court GRANTS in full Chase's motion.
21
                          **FACTUAL BACKGROUND**[2]
22
                             **Introduction**
23
            On January 15, 2008, Ms. Johnson initiated this action against Chase, Unifund CCR Partners
24
     ("Unifund"), Lake Valley Retrievals, Lake Valley Investments, Jay S. Bernstein ("Mr. Bernstein"), VIP
25
     Adjustment Bureau ("VIP"), and Bag Fund, LLC ("Bag Fund").  This action arises out of collection
26   _____

27          [1]Defendant Chase is erroneously sued as JPMorgan Chase Bank DBA Chase Manhattan.

28          [2]Unless otherwise noted, the facts are undisputed and supported by admissible evidence submitted with this motion.

                                    1

activities against Ms. Johnson on an account which she disputes, and the resulting collection action.  Ms. Johnson alleges that the defendants conspired to harm her by misrepresenting that she had a credit card account with Chase and owed a debt on that account, initiating a collection action against her and reporting to credit agencies that she defaulted on her debt, and garnishing her wages to collect on the debt she did not owe.

### Issuance of the Account and Debt Incurred

Chase issued a credit card No. xxxx-xxxx-xxxx-6138 ("the Account") on June 1, 1999 in the name of Delores Johnson.  The address attached to the Account was 5397 West Lansing Way, Fresno, California and the social security number related to the Account was xxxx-xx-9165.  The last payment received on the Account was on December 31, 2003.  Chase charged off a delinquent balance of $2,075.76 in June 2002.  On April 29, 2004, Chase sold all right, title and interest in the Account to Collins Financial Services ("Collins").  Collins, in turn, sold the Account to Gold Line Credit Services, Inc. on May 24, 2004.

### Collection Activities and Collection Action

In 2004, Ms. Johnson's personal finances were in disarray.  She was behind in her installment payment obligations and was the subject of collection activities instituted by some of her creditors.

Ms. Johnson received a letter from Lake Valley Retrievals on August 10, 2004, demanding payment for an outstanding Chase credit card debt.  Lake Valley Retrievals, who bought the Account from Gold Line Credit Services, sought to collect a principal sum of $2,075.76, with $139.50 in accrued interest. Ms. Johnson contacted Lake Valley Retrievals to dispute the debt, because she alleges that she never opened the Chase Account.

On August 27, 2004, Lake Valley Retrievals initiated a state court debt collection action ("collection action") against Ms. Johnson to collect the debt that Ms. Johnson purportedly owed on the Chase Account.[3]  Ms. Johnson alleges that although she had no record of the Chase Account, she did

---

[3]Lake Valley Retrievals erroneously named Unifund as the plaintiff in the collection action against Ms. Johnson. This Court entered summary judgment in favor of Unifund on December 1, 2008 based on the undisputed facts that demonstrated that Unifund was not involved with any collection activities against Ms. Johnson. (Doc. 108). Once Lake Valley Retrievals determined the mistake, it assigned Unifund's interest in the judgment to itself and collected the wages garnished from Ms. Johnson. Accordingly, this Court refers to Lake Valley Retrievals as the entity to initiate and maintain

1    not respond to the collection action, because she thought that Chase must have acquired one of her other

2    delinquent accounts to give rise to the purported debt.  On December 20, 2004, default judgment was

3    entered against Ms. Johnson and her wages were garnished $100 each month, pursuant to the earnings

4    withholding order in the collection action.

5                                  **Subsequent Chase Investigation and Action**

6              On or about November 28, 2006, Ms. Johnson's representative Kenneth White ("Mr. White")

7    contacted Chase by telephone to inquire about the details of the Account.  Mr. White spoke with Jeanette

8    Tichawa ("Ms. Tichawa"), a Chase fraud specialist, to dispute that Ms. Johnson opened the Account.

9    Ms. Johnson claimed that the Account was opened in her name fraudulently.  This was the first

10   communication between Chase and Ms. Johnson, or someone claiming to be Ms. Johnson, since 2003.

11   Chase notified Collins to cease any collection activities and investigated Ms. Johnson's claim.

12             In its investigation, Chase learned that it had purged its computer of the billing statements,

13   computerized notes of communications, and the application in October 2005.[4]  Chase maintained in its

14   computer system the information as to when and by whom the Account had been opened, the home

15   address, social security number, and employment of the applicant, the date of the last payment, the date

16   the Account was charged off, and information concerning the sale of the Account to Collins.  The name,

17   address and social security number that was recorded in Chase's records matched the name, address and

18   social security number report by Ms. Johnson during the November 28, 2006 phone call.

19             Chase concluded that it had insufficient evidence to establish Ms. Johnson's liability.

20   Accordingly, Chase sent Ms. Johnson a letter on December 27, 2006, which read, in pertinent part:

21   "After investigating your claim of fraud, we have determined that you are not responsible for the

22   fraudulent transactions."   Chase requested that the three major credit reporting agencies, Equifax,

23   Experian, and TransUnion, delete the Account from Ms. Johnson's records.  Chase then repurchased the

24   account from Collins on April 20, 2007.

25

26   ─────────────

27   the collection action  proceedings against Ms. Johnson.

28        [4]Ms. Johnson questions whether Chase purged its computer of its records regarding the Account, and whether
     records for the Account existed.

**Collection Action Reopened**

Ms. Johnson moved to set aside the default judgment against her in the collection action after receiving Chase's December 27, 2006 letter.  On August 9, 2007, the state court set aside the default judgment and allowed Ms. Johnson to respond to the complaint.  The court recalled and quashed the earnings withholding order.  Ms. Johnson answered the complaint and asserted defenses alleging the "fraudulent nature of the transactions" giving rise to the alleged debt.  The collection action is ongoing.

**Procedural Background**

On December 26, 2007, Ms. Johnson filed this action in the Superior Court of California, County of Fresno (Case No. 07CECG04298), alleging seven causes of action against Chase: (1) Cal. Civil Code section 1788 et seq, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (2) Defamation;  (3)  Fraudulent  Misrepresentation;  (4)  Negligent  Misrepresentation;  (5)  Unfair Competition–California Business and Professions Code section 17200 et seq. ("UCL"); (6) Intentional Infliction of Emotional Distress; and (7) 18 U.S.C. §1961 et seq ("RICO") .  Unifund removed the action to this Court on January 15, 2008.  This Court dismissed Ms. Johnson's RICO cause of action against Chase on March 12, 2008 (Doc. 28).  Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**DISCUSSION**

**Fed. R. Civ. P. 56 Standard of Review**

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact."  Fed. R. Civ. P. 56(c); *see also, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial.  *Id*. at 322.  "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(c).  "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quoting Fed. R. Civ. P. 56(e)).

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968); *T.W. Elec. Serv.*, 809 F.2d at 631.  The nonmoving party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to "set out specific facts showing that there is a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988).

## Rosenthal Act

California's Rosenthal Act protects consumers from unfair debt collection practices.  The Rosenthal Act prohibits creditors and debt collectors from making false, deceptive, and misleading representations in an effort to collect a debt. Cal. Civ. Code §§1788 et seq.  Specifically, when collecting a debt, debt collectors are prohibited from using threats, Cal. Civ. Code §1788.10, harassment, Cal. Civ. Code §1788.11, false representations, Cal. Civ. Code §1788.13 or falsely simulating the legal or judicial process, Cal. Civ. Code §1788.16.

Chase argues that Ms. Johnson's Rosenthal Act claim fails because Chase made no representations prohibited by the Rosenthal Act within the limitations period.  The applicable statute of limitations is one year.  Cal. Civil Code § 1788.30(f).  Chase points out that it had no communications with Ms. Johnson after it sold the Account to Collins on April 29, 2004 until Ms. Johnson contacted

5

Chase in November 2006. Chase contends that the only communication initiated by Chase within the limitations period–the December 27, 2006 letter to advise Ms. Johnson that she was not responsible for the debt–is not conduct prohibited by the Rosenthal Act. Chase concludes that it is entitled to summary judgment, because it had no interest in the Account after April 2004, no authority to control anyone to whom the Account had been sold, had no contacts with any defendants in this lawsuit, including no communications with Lake Valley Retrievals or any other defendant alleged to have conduct collection efforts against Ms. Johnson, and participated in no collection efforts against Ms. Johnson. Ms. Johnson does not dispute meaningful any of these facts.

Although Ms. Johnson admits that Chase did not contact her at any time prior to November 28, 2006, nor after it sent her the December 27, 2006 letter, Ms. Johnson contends that her Rosenthal Act claim is timely. Ms. Johnson argues that Chase made false representations to Collins that Ms. Johnson owed on the Account, and that Chase knew that Collins was in the business of collecting debts. Ms. Johnson submits that Chase's misrepresentation to Collins acted as a continuing violation of the Rosenthal Act until it was retracted on January 3, 2007, the date Chase recalled the Account.

The continuing violation doctrine may apply to the limitations period for debt collection claims brought pursuant to the Rosenthal Act if "the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." *Joseph v. J.J. MacIntyre Cos., LLC*, 281 F.Supp. 2d 1156, 1161 (N.D. Cal. 2003). "If there is a pattern, then the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the [Rosenthal Act.]" *Id.* (internal quotations omitted). Ms. Johnson contends that Chase's purportedly false statement, made to Collins on April 29, 2004, continued as a pattern until it was retracted on January 3, 2007, which is within the statute of limitations. Ms. Johnson's argument fails on two grounds.

First, Chase's statement to Collins was a discrete act rather than a continuing pattern or course of conduct. Chase's single statement to Collins in 2004 differs significantly from the conduct in *J.J. MacIntyre*, *supra*. In *J.J. MacIntyre*, the Court found a continuing pattern of conduct where the defendant made "over 200 calls to Plaintiff's residence during a nineteen-month period...approximately 75 of these calls were within the limitations period...[and] there had been no substantial period of cessation during that time." *Id.* at 1161-62. Here, Chase's single statement to Collins is a discrete act,

1    even if the purported falsity of that statement continued into the limitations period.

2         Second, Chase's statement to Collins did not amount to activity prohibited by the Rosenthal Act.

3    Chase did not harass, threaten, or falsely simulate the legal or judicial process.  Chase did not contact

4    Ms. Johnson's employer, falsely state that legal action had been initiated against her, falsely claim that

5    it was a consumer reporting agency or attorney, or demand money from Ms. Johnson.  Although Ms.

6    Johnson contends that Chase misrepresented that she owed a debt on the Account, the Rosenthal Act

7    section on false statements is inapplicable.  Cal. Civ. Code §1788.13, Representations, prohibits a debt

8    collector from collecting or attempting to collect a debt by making certain false representations to the

9    debtor.  Cal. Civ. Code §§1788.13(a)-(*l*).  Here, Chase's representation to Collins is not a statement

10   prohibited by the statute.  Additionally, Chase undisputedly did not communicate with Ms. Johnson in

11   an attempt to collect the debt associated with the Account.  Accordingly, Ms. Johnson's Rosenthal Act

12   claim against Chase fails as a matter of a law.

13

14                                   **Defamation**

15        Ms. Johnson's defamation claim against Chase also is based on Chase's allegedly false April 2004

16   report to Collins that Ms. Johnson owed a debt to Chase on the Account.  Chase argues that the

17   communication to Collins is barred by the one-year statute of limitations. Cal. Code Civ. Proc. §340(c)

18   (one-year statute of limitations for libel and slander).  The general rule is that the statute of limitations

19   begins to run when the defamatory statement was published.  *Rutherford v. Johnson*, 250 Cal. App. 2d

20   316, 318 (1967).  Chase correctly points out that Ms. Johnson's defamation cause of action accrued when

21   Chase communicated the defamatory statement to Collins in April 2004.  *Shively v. Bonzanich*, 31 Cal.

22   4th 1230, 1247 (2003).  Because this occurred more than one year prior to the filing of this action on

23   December 26, 2007, Ms. Johnson's claim based on this communication is time-barred.

24        Ms. Johnson argues that Chase remains liable for defamation because: (1) the statute of limitations

25   begins anew each time a subsequent re-publication of the defamatory statement was made; and (2) Chase,

26   as originator of the defamatory statement, is liable for each subsequent publication made by others.  A

27   cause of action for defamation arises each time the defamatory matter is published to a new audience.

28   *Shively*, 31 Cal. 4th at 1243.  Additionally, Chase may be liable for the republication of the defamatory

statement by others if it could have "reasonably foreseen the repetition." *McKinney v. County of Santa Clara*, 110 Cal.App. 3d 787, 795, 797 (1980); *see e.g., Schneider v. United Airlines*, 208 Cal. App. 3d 71, 75. Ms. Johnson argues that the defamatory statement was re-published during the limitations period, since she was "still trying to stop wage garnishment and other collection activity by successors of Collins until June 27, 2007, when she filed a declaration to set aside a collection judgment and stop a wage garnishment." Ms. Johnson contends that because Chase knew Collins was in the business of debt collection, it was reasonably foreseeable that she would be subjected to a collection action and that Collins, or a successor to Collins, would repeat the defamatory statement in an effort to collect the debt.

The Court finds that Ms. Johnson's latest cause of action for defamation began to accrue when the collection action was filed against her. Chase points out that latest publication of the statement to a new entity occurred when Lake Valley Retrievals initiated the collection action against her in the state court on August 27, 2004. As of August 2004, when the collection action was brought against her, Ms. Johnson knew that Chase had communicated to someone in the chain of title in the Account that Ms. Johnson owed an overdue balance on the Account. Ms. Johnson admits that she was aware of the collection action against her, but chose not to respond. Additionally, Ms. Johnson does not offer any evidence that the alleged defamatory statement was republished to a new audience after the filing of the collection action. Accordingly, even if the Court assumes that Chase is liable for the republication by a third party, Ms. Johnson's defamation claim is untimely. *See Shively*, 31 Cal. 4th at 1248; *see also*, *Schneider*, 208 Cal. App. 3d at 77 (citing *McGuiness v. Motor Trend Magazine*, 129 Cal. App. 3d 59, 62-63 (1982) ( the statute of limitation starts to run upon discovery of the publication of the defamatory matter)

**Fraudulent and Negligent Misrepresentation**

According to the undisputed facts, Chase's communication with Ms. Johnson was limited. Ms. Johnson called Chase in late November 2006 to dispute the Account. Chase subsequently sent Ms. Johnson a letter to inform her that Chase would not hold her responsible for the Account in December 2006.

Chase argues that Ms. Johnson's misrepresentation claims are barred by the statute of limitations. The statute of limitations for claims of fraud and misrepresentation is three years from "discovery, by the

1  aggrieved party, of the facts constituting the fraud or mistake." Cal. Code of Civ. Proc. §338(d).  Chase

2  contends that Ms. Johnson discovered the facts constituting the fraud or mistake when Lake Valley

3  Retrials sent her the August 10, 2004 letter or when Lake Valley Retrievals initiated the collection action

4  against her on August 27, 2004.  Chase submits that since Ms. Johnson initiated this action on December

5  26, 2007, more than three years after she discovered the alleged misrepresentation, her misrepresentation

6  claims are time-barred.

7       Ms. Johnson argues that the statute of limitations did not begin to run until she suffered damages.

8  Ms. Johnson asserts that the statute of limitations began to accrue on March 1, 2005, the date that the

9  wage withholdings order was issued, which caused her harm.  In addition, Ms. Johnson contends that

10 based on the discovery rule, her claim did not accrue until December 2006.  Ms. Johnson claims that did

11 not discover she was a victim of identity fraud until Chase's December 27, 2006 letter.

12      This Court may determine, as a matter of law, that there has been discovery sufficient to trigger

13 the three-year statute of limitations on a California fraud claim, where circumstances compel the

14 conclusion that a prudent person would have suspected fraud. *National Automobile & Ca. Ins. Co. v.*

15 *Payne*, 261 Cal. App. 2d 403, 409 (1968).  Here, Ms. Johnson clearly was aware of the alleged

16 misrepresentation, that she owed a debt on the Account, no later than when the collection action was

17 initiated against her on August 27, 2004.  In arguing that the cause of action did not accrue until she was

18 harmed financially, Ms. Johnson ignores the plain language of the statute.  Accrual pursuant to Cal. Code

19 of Civ. Proc. §338(d) begins when a plaintiff discovers the "*facts* constituting the fraud or mistake," not

20 the alleged harm (emphasis added).  Moreover, "[t]he discovery rule protects those who are ignorant of

21 their cause of action through no fault of their own.  It permits delayed accrual until a plaintiff knew or

22 should have known of the wrongful conduct at issue." *April Enterprises, Inc. v. KTTV*, 147 Ca. App. 3d

23 805, 832 (1983).  Ms. Johnson knew or should have known at the time the collection action was initiated

24 against her that she did not open the Account and was a victim of identity theft.  A reasonably prudent

25 person would know information about the credit card accounts they open.  By arguing that the cause of

26 action should be delayed until Chase wrote Ms. Johnson its December 2006 letter, Ms. Johnson

27 "confuse[s] discovery of a cause of action with the discovery of evidence to prove it." *Monterey Club*

28 *Management Assn. v. Morgan*, 230 Cal. App. 3d 1465, 1480 (1991).  This Court finds, based on the

1   undisputed facts, that Ms. Johnson's misrepresentation claims accrued in August 2004 as a matter of law.

2   Accordingly, those untimely claims are barred by the statute of limitations.

3

4   **Intentional Infliction of Emotional Distress**

5         To recover on her claim for intentional infliction of emotional distress claim, Ms. Johnson must

6   plead and prove the following: (1) outrageous conduct; (2) an intent to cause or a reckless disregard of

7   the possibility of causing emotional distress; (3) severe or extreme emotional distress; and (4) actual and

8   proximate cause of the emotional distress by the outrageous conduct. *Symonds v. Mercury Savings &*

9   *Loan Assn*., 225 Cal. App. 3d 1458, 1468 (1990). Under California law, a creditor may be liable for the

10   intentional infliction of emotional distress to a debtor. *Moore v. Greene*, 431 F.2d 584 (9th Cir. 1970).

11   In the area of collection practices, California recognizes a creditor has a qualified privilege to protect its

12   economic interest, though the privilege may be lost if the creditor uses outrageous and unreasonable

13   means to seek payment. *Symonds,* 225 Cal. App. 3d at 1469 (citing *Bundren v. Superior Court*, 145 Cal.

14   App. 3d 784, 789-90 (1983)).

15         The parties dispute whether Chase engaged in outrageous conduct. To be outrageous within the

16   meaning of this cause of action, Chase's conduct "must be so extreme as to exceed all bounds of that

17   usually tolerated in a civilized community." *Cervantes v. J.C. Penny Co.*, 24 Cal. 3d 579, 593 (1979).

18   Generally, the issue of whether Chase's acts or omissions constituted outrageous conduct is a question

19   of fact, to be resolved by a fact-finder. *Symonds v. Mercury Savings & Loan Assn*., 225 Cal. App. 3d

20   1458, 1469 (1990). However, "[s]ummary judgment is proper if a claim cannot 'reasonably be regarded

21   as so extreme and outrageous as to permit recovery." *Schneider v TRW, Inc.*, 938 F.2d 986, 992 (9th Cir.

22   1991) (quoting *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (1989)). "Severe

23   emotional distress means...emotional distress of such substantial quantity or enduring quality that no

24   reasonable man in a civilized society should be expected to endure it." *Fletcher v. Western Nat'l Life Ins.*

25   *Co.*, 10 Cal. App. 3d 376, 397 (1970).

26         The undisputed facts demonstrate that Chase did not participate in any of the collection activities

27   by the other defendants. Chase sold the Account to Collins in April 2004. Ms. Johnson contacted Chase

28   to dispute the debt in November 2006. Chase wrote Ms. Johnson a letter in December 2006 to inform

her that Chase would not hold Ms. Johnson responsible for the Account.  Chase requested that the three major credit reporting agencies, Equifax, Experian, and TransUnion, delete the Account from Ms. Johnson's records.  Chase then recalled the Account, then repurchased it from Collins on April 20, 2007.

Ms. Johnson submits that the following allegations describes Chase's outrageous conduct: (1) Chase has only a few computer records summarizing activity and delinquency on an Account opened in Ms. Johnson's name; (2) No original documents exist to support the computer records, and Chase has no record of the specific day and time of the alleged purging of the records; (3) Chase assigned the Account to Collins without legitimate Account records; (4) Chase knew Collins was in the business of debt collection, and knew that Collins or a subsequent assignee would attempt to collect the questionable debt from Ms. Johnson; and (5) After Ms. Johnson contacted Chase about the Account in November 2006, Chase did nothing to help Ms. Johnson set aside the judgment against her in the collection action.  Ms. Johnson argues that these facts demonstrate Chase's outrageous behavior that erroneously subjected Ms. Johnson to debt collection activity.

Considering the evidence in a light most favorable to Ms. Johnson, no triable issues of fact exist as to whether Chase's conduct was so extreme as to go outside the bounds of decency.  The undisputed facts demonstrate that the "manner in which the collection activity was conducted was consistent with common business practices." *Girard v. Ball*, 125 Cal. App. 772, 788 (1981) (ruling that the "suggestion that appellant...suffered extreme emotional distress from respondent's two letters and some phone calls requesting payment is absurd and does not present a triable issue of fact.").  That Chase did not help Ms. Johnson set aside the judgment against her in the collection action is not outrageous.  Chase was not a party to that action and had no involvement or communication with the plaintiffs in that action.  The parties do not dispute that Chase has computerized records of the Account and that those records match Ms. Johnson's name, social security number and address.  The parties do not dispute that Chase sold the Account to Collins, investigated Ms. Johnson's claim of fraud when that claim was made, relieved Ms. Johnson of responsibility on the Account one month after she called to dispute it, contacted the credit reporting agencies to remove the Account from Ms. Johnson's records, and repurchased the Account from Collins.  The only fact Ms. Johnson meaningfully disputes is whether Chase purged its records.  Ms. Johnson infers from the absence of records that Chase sold the Account to Collins without records.  That

11

conduct alone does not "exceed all bounds of that usually tolerated in a civilized community." *Cervantes*, 24 Cal. 3d at 593.  Accordingly, Chase is entitled to summary judgment in its favor on Ms. Johnson's intentional infliction of emotional distress claim.

### Unfair Competition Law

California's UCL prohibits "unfair competition," which it defines as: (1) unlawful, unfair, or fraudulent business acts or practices; (2) unfair deceptive, untrue, or misleading advertising; and (3) any act prohibited by Chapter 1 (false advertising). Cal. Bus. & Prof. Code §17200.  The scope of California's UCL is "sweeping, embracing anything that can properly be called a business practice and at the same time is forbidden by law." *Rubin v. Green*, 4 Cal.4th 1187, 1200 (1993) (quoted in *Cal-Tech Comm. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  A practice may be deemed "unfair even if not specifically proscribed by some other law" provided that "unfair" business practice claim is "tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Id*. at 166-87.  The UCL was enacted "for the protection of *competition*, not *competitors*." *Cal-Tech*, 20 Cal. 4th at 186 (quoting *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 115 (1986) (italics in original)).  Ms. Johnson submits no evidence to support her UCL claim.  No evidence suggests that Chase engaged in any business practices that impacted competition.  Moreover, as discussed more fully above, Ms. Johnson fails to state a claim against Chase on all of her causes of action.  Accordingly, summary judgment against Ms. Johnson on this claim is proper

### CONCLUSION

For the foregoing reasons, this Court:

1.       GRANTS in full Chase's summary judgment against Ms. Johnson; and

2.       DIRECTS the clerk to enter judgment in favor of Chase and against Ms. Johnson in this action.

IT IS SO ORDERED.

Dated:   February 12, 2009              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE