# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON, | 1:08-cv-00081 GSA |
| Plaintiff, | |
| v. | ORDER VACATING SECOND SUPPLEMENTAL PRETRIAL CONFERENCE |
| JP MORGAN CHASE BANK, N.A., LAKE VALLEY RETRIEVALS, INC., LAKE VALLEY INVESTMENTS, UNIFUND CCR PARTNERS, VIP ADJUSTMENT BUREAU, INC., BAG FUND LLC, JAY BERNSTEIN, | |
| Defendants. | |

On April 14, 2010, this Court issued an order requiring that a second supplemental pretrial conference be held on April 20, 2010, at 2:00 pm. The Court required the personal appearance of at least one attorney who will conduct the trial for each party, and the personal appearance of the principals including Defendant Jay Bernstein, Richard DeHart, the principal of VIP Adjustment Bureau, Inc., and Ronald Hacker, the principal for Bag Fund LLC. Later that same day, the Court received correspondence from Jay Bernstein and Richard DeHart via e-mail.

1

In the e-mail Mr. Bernstein and Richard DeHart request that they be permitted to appear via telephone based upon the late notice of the hearing and because they have conflicting court appearances in other jurisdictions on the same day.  Mr. Bernstein also contends that he has chronic health conditions. (Doc. 178).  This Court has excused the personal appearance of these principals at the pretrial conference held on March 23, 2010, after the Court previously received an e-mail from these principals. (Doc. 177).  The principals are advised that ex parte communications with the Court are improper.  All communications with the Court shall be made through the attorneys with copies provided to all other parties in the case.

Having reviewed the most recent communication from the principals, the Court finds that another pretrial conference at this time would not be fruitful.  Accordingly, the second supplemental pretrial conference set for April 20, 2010 at 2:00 pm is **VACATED**.

The parties are advised that the trial will proceed as scheduled on **May 11, 2010, at 8:30 am** in Courtroom 10 and the deadlines outlined in the pretrial order remain in full force and effect.  The Court expects that the attorneys will follow not only the spirit but the letter of the pretrial order and are advised that failure to comply with the orders contained in the pretrial order will result in severe sanctions including monetary sanctions and possibly other sanctions as outlined in Fed. R. Civ. P. 16(f).  The Court requires the personal appearance of at least one attorney who will be the attorney at trial at all future hearings.  All attorneys are expected to make a personal appearance at the trial.

IT IS SO ORDERED.

Dated:   **April 15, 2010**                            /s/ **Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE