UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON, | 1:08-cv-00081 GSA |
| Plaintiff, | |
| v. | ORDER RE: MOTIONS IN LIMINE |
| | (Doc. 182 through 188) |
| JP MORGAN CHASE BANK, N.A., LAKE VALLEY RETRIEVALS, INC., LAKE VALLEY INVESTMENTS, UNIFUND CCR PARTNERS, VIP ADJUSTMENT BUREAU, INC., BAG FUND LLC, JAY BERNSTEIN, | Hearing Date : April 30, 2010<br>Time: 1:30 am<br>Courtroom : 10 (GSA) |
| Defendants. | |

On April 30, 2010, a Motions in Limine hearing was held. Judith Harless appeared on behalf of Plaintiff, Delores Johnson ("Plaintiff"). William Beck appeared on behalf of Defendant Bag Fund, LLC ("Bag Fund"). Harold Hewell appeared on behalf of Defendant VIP adjustment Bureau Inc., and Jay Bernstein. All counsel personally appeared. At the hearing the Court made the following rulings regarding Plaintiff's Motions in Limine filed on April 16, 2010 in this case:

1

**Motion 1** : Motion to exclude any witnesses and evidence offered by Bag Fund for failure to make initial disclosures. (Doc. 182).

**Ruling**: Denied in Part as set forth below:

    Bar Fund will be permitted to call the following witnesses :

        1. Ron Hacker
        2. Kathy Stark (witness may be called for rebuttal purposes only since she was listed on the pretrial order)

    Bag Fund may attempt to admit the following exhibits at trial:

        1. Acknowledgment of Assignment of Judgment from Lake Valley to Bag Fund filed January 17, 2007.

        2. Acknowledgment of Assignment of Judgment from VIP to Bag Fund filed January 17, 2007.

    Bag Fund's motion to admit the following exhibits at trial is denied without prejudice:

        3. State Docket Sheets in Case ID 04CECL06423- Unified Partners v. Delores Johnson.

        4. Annulment of Assignment filed by Bag Fund LLC filed October 26, 2009.

**Motion 2:** Motion to exclude any references to liability on the part of JP Morgan Chase Bank or Unifund CCR Partners**.** (Doc. 183).

**Ruling :** Granted.   Reference to these entities may be made by the parties to explain the chronology of the transactions but no reference can be made regarding the liability of these defendants.

**Motion 3:** Motion to exclude reference to or testimony regarding settlement negotiations. (Doc. 184).

**Ruling:** Granted.

**Motion 4:** Motion to exclude comments about the financial condition of any of the Defendants. (Doc. 185).

**Ruling:** Granted, except that financial information will be permitted to be presented if the jury determines that punitive damages are warranted.

**Motion 5:** Motion to exclude evidence or comment about Jay Bernstein's physical condition (Doc. 186).[1]

---

[1] It appears this motion is no longer relevant as Jay Bernstein has entered into a settlement agreement with Plaintiff in this matter.

**Ruling:** Granted in part. Information about Jay Bernstein's medical condition may only be introduced as it relates to his inability to testify (i.e., if his medical conditions affect his speech).

**Motion 6:** Motion to exclude both expert and lay opinion evidence from Defendants and their witnesses. (Doc. 187).

**Ruling:** Granted in Part. No experts will be allowed to testify since no experts were designated. Lay witnesses will be permitted to testify regarding lay opinions but will not be permitted to provide expert testimony.

**Motion 6:** Motion to exclude evidence offered by defendants which were not identified in the joint pretrial statement/pretrial order. (Doc. 188).

**Ruling :** Granted in part as set forth in the ruling in Motion 1.

IT IS SO ORDERED.

Dated:   **May 7, 2010**                             /s/ **Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE

3