# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES JOHNSON, | 1:08- cv-00081 GSA |
| Plaintiff, | |
| v. | ORDER DENYING BAG FUND'S MOTION TO AMEND THE PRETRIAL ORDER |
| | (Doc. 215) |
| JP MORGAN CHASE BANK, N.A., LAKE VALLEY RETRIEVALS, INC., LAKE VALLEY INVESTMENTS, UNIFUND CCR PARTNERS, VIP ADJUSTMENT BUREAU, INC., BAG FUND LLC, JAY BERNSTEIN, | Hearing Date : May 7, 2010<br>Time: 1:30 am<br>Courtroom : 10 (GSA) |
| Defendants. | |

**I.     Introduction**

On May 6, 2010, Defendant Bag Fund ("Bag Fund") filed a Motion to Amend the Pretrial Order and a Motion Shortening Time.[1]  On May 6, and May 7, 2010, Plaintiff, Delores Johnson

---

[1] The Court granted Bag Fund's Motion Shortening Time at the supplement Pretrial Conference held on May 6, 2010.

1

("Plaintiff") filed oppositions.  A hearing on the motions was held on May 7, 2010, at 2:00 pm. Judith Harless and Stephen Cromwell personally appeared on behalf of Plaintiff.  William Beck personally appeared on behalf of Defendant Bag Fund, LLC ("Bag Fund" or "Defendant").

## II.   Discussion

In the instant motion, Bag Fund requests that the Court amend its pretrial order issued on March 29, 2010, to list Jay Bernstein as a witness.  In support of its argument, Bag Fund argues that Jay Bernstein should be permitted to testify because he was subpoenaed on March 9, 2010, and the subpoena was mailed and faxed to Jay Bernstein's attorney.  In the alternative, Bag Fund argues that it should be allowed to introduce a declaration signed by Jay Bernstein on November 9, 2009.  In opposition, Plaintiff argues that the Court has previously ruled on this motion on May 5, 2010.

As a preliminary matter, the Court did not rule on this issue at the hearing on May 5, 2010.  The Court articulated concerns and identified areas that Bag Fund would need to address if a motion were filed.  The Court indicated that it would permit such motion to be heard on shortened time if Defendant were inclined to file a motion.

A review of Bag Fund's motion reveals that it has not addressed the concerns of the Court and the motion is not supported with the appropriate legal authority.  Bag Fund appears to have misunderstood the central issue which is that Jay Bernstein will not be permitted to testify because he is not listed as Bag Fund's witness in the Pretrial Order.  Local Rule 281(b)(6)(iv)(10) which addresses the preparation of pretrial statements indicates that only witnesses listed in the pretrial statement will be permitted at trial.  Furthermore, the pretrial order itself  issued on March 29, 2010, clearly states the following:

> *CAUTION*: COUNSEL ARE CAUTIONED THAT ANY WITNESS, NOT IDENTIFIED AS A WITNESS IN THS ORDER, INCLUDING "REBUTTAL" WITNESSES, WILL NOT  BE SWORN OR PERMITTED TO TESTIFY AT TRIAL.  ANY EXPERT WITNESSES INCLUDING PERCIPIENT EXPERTS MUST BE DESIGNATED AS SUCH. (Emphasis in original).
> (Doc. 172, pg. 12 lines 20-23.)

The pretrial order also provides that:

> Th[is] final Pretrial Order shall be reviewed by the parties and any corrections, additions, and deletions shall be drawn to the attention of the Court immediately, **but no later than ten calendar days after the date of service of this order**. Otherwise, the final Pretrial Order may only be amended or modified to prevent manifest injustice pursuant to the provisions of Fed. R. Civ. P. 16(e). (Emphasis in original).

(Doc. 172, pg. 29, lines 5-9).

In this case, Bag Fund contends it did not list Jay Bernstein as a witness because Jay Bernstein was a party in this action, and he was listed as a witness by Lake Valley/VIP. Bag Fund further contends that it should not be prejudiced because six days prior to trial, Jay Bernstein settled this case.

First, the Court notes that it is not the responsibility of the any party to list Bag Fund's witnesses other than Bag Fund itself. Furthermore, rather than address the manifest of injustice standard outlined in Federal R. Civ. P. 16(e), Bag Fund argues that "good cause" exists to amend the pretrial order because "since that [pretrial] order, a change of circumstance, that could not be reasonably anticipated under the nature of the circumstances" occurred which is that a subpoenaed witness "has just settled out" and does not want to comply with the subpoena. Bag Fund's Motion to Amend at pg. 3 lines 16-21).

The Court takes issue with Bag Fund's characterization that it was not reasonably anticipated that Jay Bernstein would settle this case. This Court has scheduled three settlement conferences. (Doc. 166, 170, 180). At two of those sessions, the Court required that all of the principals personally appear in order to facilitate a resolution to this matter. (Doc. 169, 173). In addition to these settlement conferences, the Court encouraged informal settlement discussions between the parties at two different hearings. (Doc. 194, 210). Bag Fund's principal, Ron Hacker, ignored the Court's order and did not personally appear at any of the settlement conferences. It is disingenuous for Bag Fund to now argue that it was a surprise that Jay Bernstein settled this case. Moreover, Bag Fund's argument that it anticipated calling Jay Bernstein as a witness is undermined by the fact that Bag Fund failed to make any initial

3

disclosures in this case pursuant to Rule 26(a). (Doc. 189 at pg. 1 lines 22-24). Under Rule 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified is harmless." Fed. R. Civ. P. 37(c)(1). Evidence exclusion under Rule 37(c) is self-executing. *Yetti By Molli, Ltd. V. Deckers Outdoor Corp.*, 259 F. 3d 1101, 1106 (9th Cir. 2001). Here, Bag Fund has not submitted any evidence that the failure to disclose Jay Bernstein as a witness was substantially justified or harmless.

Finally, Bag Fund's request to admit Jay Bernstein's declaration dated November 30, 2009, in lieu of his testimony is denied. In addition to the obvious admissibility hurdles this documents would need to overcome, this declaration is not listed as an exhibit in the pretrial order, nor has Bag Fund presented any evidence that this document was ever turned over to Plaintiff as part discovery. Indeed, Plaintiff's counsel indicates that the first time this declaration was presented was in court on May 5, 2010. Thus, Bag Fund has not established a manifest of injustice would occur if the pretrial order were not modified when Bag Fund's current predicament was created by its own inaction throughout this litigation.

**III.    Conclusion**

Bag Fund's Motion Shortening Time is GRANTED. Bag Fund's Motion to amend the Pretrial Order is DENIED. Bag Fund is precluded from calling Jay Bernstein as a witness in this trial, or from using the declaration listed above.

IT IS SO ORDERED.

Dated:   **May 7, 2010**                    /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE