# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DELORES JOHNSON, | ) | 1:08-cv-00081 GSA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER RE: ATTORNEY'S FEES |
| JP MORGAN CHASE BANK, N.A., LAKE VALLEY RETRIEVALS, INC., LAKE VALLEY INVESTMENTS, UNIFUND CCR PARTNERS, VIP ADJUSTMENT BUREAU, INC., BAG FUND LLC, and JAY BERNSTEIN, | ) | (Doc. 249) |
| Defendants. | ) | |

**I.   Introduction**

Pending before the Court is Plaintiff, Delores Johnson's ("Plaintiff") Motion for Attorney's Fees. (Docs. 249 - 254). Defendant, Bag Fund ("Defendant"), filed an opposition. (Doc. 260). Plaintiff filed a reply. (Doc. 263). The Court determined that the matter was suitable for decision without oral argument. Upon a review of the pleadings, Plaintiff's motion is

1

GRANTED IN PART. Plaintiff is awarded $56,770.00 in attorney's fees.

## II.     Relevant Background

On December 26, 2007, Plaintiff filed this action in Superior Court, County of Fresno (Case No. 07ECG04298). The action was removed to this Court on January 15, 2008. (Doc. 1). On March 26, 2008, Plaintiff filed an amended complaint alleging the following eight causes of action: (1) violations of Cal. Civil Code Section 1788 *et seq,* ("California's Fair Debt Collection Practices Act" or "the Rosenthal Act"); 2) violations of 15 U.S.C. § 1692 *et seq.*, ("the Fair Debt Collection Practices Act or "FDCPA"); 3) defamation; 4) fraudulent misrepresentation; 5) negligent misrepresentation; 6) violations of 18 U.S.C. § 1961 *et seq* ("RICO"); 7) violations of Cal. Bus. & Prof. Code § 17200 *et seq ("*California's unfair competition law*")*; and 8) intentional infliction of emotional distress. (Doc. 31).

This case involved several defendants and has an extensive procedural history which will not be outlined in detail for purposes of this order. However, in summary, all defendants and all claims were dismissed except for violations of the FDCPA, violations of California's unfair competition law, and intentional infliction of emotional distress against Defendant Bag Fund. A four day jury trial was held. On May 14, 2010, the jury entered a verdict against Bag Fund finding that it had violated the FDCPA[1] and awarded Plaintiff $7,450.00 ($1,000.00 for emotional distress damages, $5,700 for other damages, and $750.00 for statutory damages). (Doc. 244). Judgment against Bag Fund in the amount of $7,450.00 was entered on May 24, 2010. (Doc. 246).

Plaintiff has filed the instant motion requesting $65,800.00 in attorney's fees. In opposition, Defendant argues that Plaintiff is not entitled to attorney's fees because the request is untimely and excessive. However, in the event the Court finds attorney's fees are warranted, Defendant argues Plaintiff should be not be awarded more than $11,315.70. In reply, Plaintiff argues that the requested amount is justified and reasonable.

---

[1] The jury did not find Defendant Bag Fund liable to Plaintiff for violations of California's unfair competition law or for intentional infliction of emotional distress.

## III. Discussion

### A.   Timeliness

As a preliminary matter, the Court finds Bag Fund's argument that this motion is untimely is without merit.  While Fed. R. Civ. P. Rule 54(d)(2)(B)(i) mandates that motions for attorney's fees be filed no later than fourteen days after judgment, the rule also provides the fourteen day rule does not apply if a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B)(i).  In this district, Local Rule 293 provides that motions for attorney's fees shall be filed within twenty-eight days after entry of judgment.  Judgment in this case was entered on May 24, 2010, and Plaintiff filed the Motion for Attorney's Fees on June 15, 2010.  Therefore, the motion is timely.  (Docs. 244 and 250).  *Eastwood v. National Enquirer, Inc*. 123 F. 3d 1249, 1257(9th Cir. 1997) (Local rules are standing orders for purposes of Rule 54(d)).

### B.   The Lodestar Calculation

The FDCPA specifically authorizes an award of attorney's fees to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3).  The Court determines an attorney fee award by calculating the "lodestar figure" which entails taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ferland v. Conrad Credit Corp.*, 244 F. 3d 1145, 1149  n. 4 (9th Cir. 2001) (In a FDCPA case, the district court must calculate awards for attorney's fees using the "lodestar method").  The Ninth Circuit Court of Appeals has outlined factors to consider for the reasonableness of attorney's fees:

> In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) time limitations imposed by the client or circumstances, (7) the amount involved and the results obtained, (8) the experience, reputation and ability of the attorneys, (9) the "undesirability" of the case, (10) the nature and length of the professional relations with the client, and (11) awards in similar cases.

*Van Gerwen v. Gaurentee Mutual Life Co.* 214 F. 3d 1041, 1045 (9th Cir. 2000) citing *Hensley v.*

*Eckert*, 461 U.S. 424 (1983).[2] The lodestar figure is presumptively reasonable and may be adjusted only in rare and exceptional cases that is supported by specific evidence in the record and detailed findings. *Rouse v. Law Offices of Rory Clark,* 603 F. 3d 699, 704 (9th Cir. 2010).

In this case, Plaintiff was the prevailing party. To support the request for attorney's fees, Plaintiff's counsel provides declarations and billing statements listing itemizations for specific tasks. Mr. Stephen Cornwell indicates that he spent 79.4 hours at an hourly rate of $300.00 totaling $23,820.00 to litigate this case. *Declaration of Stephen Cornwell ("Cornwell declaration")*, dated June 15, 2010 at pg. 4. (Doc. 251). Similarly, Ms. Judith Harless indicates that she spent 209.9 hours at $200.00 per hour totaling $41,980.00. *Declaration of Judith Harless ("Harless declaration")*, dated June 15, 2010, at pg. 2 (Doc. 252).

**C.     Hourly Rate**

Reasonable attorney's fees are to be calculated according to the prevailing market rates in the relevant legal community for services performed by attorneys of comparable skill and experience. *See, Blum v. Stenson*, 465 U.S. 886 (1984). The Court has reviewed the billing statements. Given that Mr. Cornwell has practiced law for over forty years, his hourly rate of $300.00 is reasonable in Fresno, California. Similarly, Ms. Harless' billing rate of $200.00 is also reasonable in this geographic region especially since Ms. Harless was admitted to the California Bar in 1975[3] and has only charged $200.00 per hour even though her hourly billing rate was increased to $250.00 at later stages of this litigation. *Harless declaration*, at pg. 2. Furthermore, Defendant has not challenged the hourly rates charged by Plaintiff's attorneys.

**D.     Hours Expended**

  *1.     Excessive Billing*

Defendant also argues that Plaintiff's request for attorney's fees is unreasonable because the fees requested are based on work related to other defendants. Specifically, Defendant

---

[2] The United States District Court, Eastern District of California's Local Rule 293 outlines the same factors this Court must consider when awarding attorney's fees.

[3] *See*, http://members.calbar.ca.gov/fal/member/Detail/64784.

4

contends that the attached declarations in support of Plaintiff's motion reflect that Plaintiff's attorneys request for $65,800.00 is exaggerated because they only billed $3,650.00 related to Bag Fund from June 2007 through October 2009, and $30,640.00 for October 2009 through May 24, 2010.

Although Defendant's counsel makes this broad assertion, he has not challenged any of Plaintiff's billing records with specificity. For example, all of the work done from June 2007 until August 2007, related specifically to research and writing a motion to set aside default judgment in state court. This motion relates to Bag Fund because the judgment was the basis of the debt collection in this case. Therefore, Defendant's argument that these fees do not relate to it is unavailing. The Court has also reviewed all of the other entries and all of the requested fees relate to Bag Fund and no other defendants.

Nevertheless, a review of the billing statements reveals that Ms. Harless spent a total of 55.8 hours at $200.00 totaling $11,160.00 to research, draft, and respond to the motion to set aside the default judgment. (Doc. 252 at pgs. 4,5,6 billing entries 32218, 32246, 32290, 32288, 32287, 32363, 32454, 32448, 32396, 32419, 32428, 32445, 32608, 32751, 32748, 32745, 32922, and 32919). The Court finds this amount of time is excessive given the limited complexity of a motion to set aside a default judgment. The preparation and arguing of this motion should have taken no more than 30 hours. Therefore, the Court will reduce the number of hours Ms. Harless billed by 25.8 hours (55.8 hours - 30.0 hours = 25.8 hours). Ms. Harless' total number of hours expended on this litigation will be decreased from 209.9 to 184.1 ($209.9 - 25.8 = 184.1) and Plaintiff will be awarded $36,820.00 for the number of hours Ms. Harless worked on this case rather than the $41,980.00 requested (184.1 hours at $200.00 per hour = $36,820.00).

Additionally, the Court notes that Mr. Cornwell indicates that he spent 79.4 hours at an hourly rate of $300.00 totaling $23,820.00 on this litigation. However, a review of the billing statements reveals that Mr. Cornwell only billed a total of 66.5 hours. (Doc. 252 at pgs. 5 and 19, billing entry 32431, 35783, and Doc. 253 at pgs. 21-27, billing entries 40698, 41819 - 41833, 41799 - 41805, 41809). Therefore, the Court will adjust Mr. Cornwell's total fees and only

award Mr. Cornwell a total of $19,950.00 (66.5 hours x $300.00 per hour = $19,950.00).

   2.   *Partial Success*

Defendant also argues that although Plaintiff was successful on one of the three causes of action, the jury returned defense verdicts on the unfair competition and intentional infliction of emotional distress causes of action. Therefore, the attorney fee award should be decreased accordingly. In support of this argument, Defendant suggests that when Congress enacted 15 U.S.C. § 1692k(a)(3), a fee shifting provision was also included to a prevailing defendant. Defendant contends that since Plaintiff was only successful on one of her claims, the amount of attorney's fees awarded should be reduced by two thirds. However, the Court is unpersuaded by Defendant's argument because Plaintiff *was* successful on the FDCPA claim. The fee shifting provision would only be applicable if she were unsuccessful on that claim which is not the case here.

It is true that the extent of a plaintiff's success is an important factor in determining the proper amount of an award of attorney's fees. [4] *Dang v. Cross,* 422 F.3d 800, 812-813 (9th Cir. 2005). To determine fees in cases of partial success, a court must engage in a two-step process and consider (1) " whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded,' and (2) whether 'the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. " *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. at 434).

The first step requires that the district court determine whether the successful and unsuccessful claims were unrelated. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). "[C]laims are unrelated if the successful and unsuccessful claims are 'distinctly different' both

---

[4] The Court in *Hensley* was interpreting 42 U.S.C. § 1988, however, the Court noted that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' " *Hensley v. Eckerhart*, 461 U.S. at 433 n. 7; *Schwarz v. Secretary of Health & Human Services,* 73 F.3d 895, 901(9th Cir. 1995).

6

legally and factually," *Webb v. Sloan*, 330 F. 3d at 1169 (quoting *Schwarz v. Sec'y of Health & Human Serv.*, 73 F.3d 895, 902-903 (9th Cir. 1995)).  Claims are related, however, if they "involve a common core of facts or are based on related legal theories." *Webb v. Sloan*, 330 F. 3d at 1168.  "The focus [of this analysis] is on whether the unsuccessful and successful claims arose out of the same 'course of conduct.' " *Webb v. Sloan*, 330 F. 3d at 1169.   If they did not, the hours expended on the unsuccessful claims should not be included in the fee award.  *Webb v. Sloan*, 330 F.3d at 1169; *Schwarz v. Sec'y of Health and Human Resources*, 73 F.3d at 901.  If, however, "the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Schwarz v. Sec'y of Health and Human Resources*, 73 F.3d at 902-03 (internal quotation marks and citations omitted).

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. at 435. When "a plaintiff has achieved only partial or limited success,[however,] the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart*, 461 U.S. at 436.  Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee. *Hensley v. Eckerhart*, 461 U.S. at 435 n. 11; *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001).

In this case, the causes of action are related as they involved a common core of facts and related legal theories including allegations that Defendant engaged in improper practices to collect a judgment against Plaintiff.  The Court also finds that Plaintiff obtained excellent results in this case warranting a full compensatory fee (except for the reductions listed above) because although she was only successful on one of the three causes of action, Plaintiff obtained relief in the form of emotional distress, statutory and other damages.  Moreover, the verdict was over three times the amount of the initial debt which was approximately $2,075.00.  Finally, the Court is only awarding fees based on the FDCPA claim which is authorized by statute and not any of

the remaining causes of action. Accordingly, the Court will not further reduce the request for attorney's fees based on partial success of all of the causes of action.

   3.  *Objections to Plaintiff's Attorneys' Declarations*

  Defendant has made several objections to the admissibility of the declarations of Plaintiff's counsel is support of the motion for attorney's fees. As a preliminary matter, counsel are permitted to submit declarations in support of applications for attorney's fees. *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F. 2d 403, 407 (9th Cir. 1990) (affidavits of plaintiff's attorneys regarding prevailing fees in the community are satisfactory evidence of the prevailing market rate). Furthermore, Defendant argues that Plaintiff's representation regarding the settlement amounts offered were incorrect. For purposes of clarification, the Court has not considered settlement negotiations as a factor in fashioning the attorney's fee award.

   4.  *Bag Fund's Role in Plaintiff's Attorney's Fees Request*

  Upon a review of the all of the factors listed in *Van Gerwen v. Gaurentee Mutual Life Co.,* no other reductions to Plaintiff's billing will be made since all the other hours billed are reasonable. The Court notes that many of the hours Plaintiff expended were the result of Bag Fund's actions. For example, Bag Fund failed to make initial disclosures in this case which necessitated the filing of additional motions. (Docs. 182 and 222 at pg. 2). Moreover, Mr. Hacker (Bag Fund's principal) failed to personally appear at two supplemental pretrial conferences as ordered by this Court. (Doc. 169, 170, 173, 180). While Mr. Hacker was available by telephone, he *never personally appeared*, requiring Plaintiff's counsel to make more court appearances.

  Similarly, Mr. Beck, attorney for Bag Fund, identified only two witnesses and two exhibits to be used at trial in Defendant's pretrial statement, yet he later attempted to call other witnesses and admit additional exhibits at trial which resulted in additional briefing and time spent in court. (Doc. 167 at pg. 3; Doc. 172 pg. 16, 19-20; Docs. 215, Doc. 221). Furthermore, Mr. Beck also failed to timely file a neutral statement of the case, proposed voir dire questions, a proposed verdict form, or any of his trial exhibits or witness lists and only filed ten jury

instructions requiring the Court to hold a very lengthy jury instruction conference the day before trial resulting in additional attorney's fees for Plaintiff.  *(*Doc. 231; Doc. 172 at pg. 21- 23; Doc. 224  at pg. 6-7).

## IV.  Conclusion

For the reasons discussed above, Plaintiff's Motion for Attorney's Fees is GRANTED IN PART.  Plaintiff shall be awarded $19,950.00 and $36,820.00 for the work performed in this case by Mr. Cornwell and Ms. Harless, respectively, for a total award of attorney's fees in the amount of $56,770.00.

IT IS SO ORDERED.

Dated:   **December 1, 2010**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

9